UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

WILLIAM A. GROSS CONSTRUCTION
ASSOCIATES, INC.,

                Plaintiff,

   -against-

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                Defendant.

------------------------------------------------------------

C.A. No.

**Complaint**



JUDGE KAPLAN
07 CV 10639

NOV 28 2007
U.S.D.C. S.D.N.Y.
CASHIERS

     Plaintiff William A. Gross Construction Associates, Inc., by its undersigned attorney, complaining of the defendant, upon information and belief, alleges:

Jurisdiction

1.     Jurisdiction is pursuant to 28 U.S.C. section 1332 and is based upon diversity of the parties: Plaintiff is a corporation formed and existing under the laws of the State of New York, having its principal place of business in New York and Defendant is an insurance company formed and existing under the laws of the State of Illinois, having its principal place of business in Illinois and there is more than $75,000 in issue.

Venue

2.     Venue is pursuant to 28 U.S.C. section 1391 and is properly in this District by virtue of the claims in issue having arisen in the County of the Bronx, State of New York.

Parties

3.     William A. Gross Construction Associates, Inc. (hereinafter "WAGCA") is a corporation

the claims in issue having arisen in the County of the Bronx, State of New York.

Parties

3. William A. Gross Construction Associates, Inc. (hereinafter "WAGCA") is a corporation organized and existing under the laws of the State of New York, being located at 117 South Fourth Street, New Hyde Park, NY 11040 and is engaged from time to time as a site work contractor.

4. Defendant American Manufacturers Mutual Insurance Company (hereinafter "American Manufacturers") is a company formed and existing under the laws of the state of Illinois, located at 1 Kemper Drive, Long Grove, Illinois and at all times relevant hereto was authorized to operate as a surety in New York by the New York State Superintendent of Insurance.

Other Entities

5. Non party Cauldwell Wingate Company, LLC, (hereinafter "CWC") is a domestic limited liability company having its principal place of business at 380 Lexington Avenue, New York, NY.

6. Non party New York State Dormitory Authority (hereinafter "DASNY") is a public benefit corporation formed and existing under the laws of the State of New York. Pursuant to a Memorandum of Understanding, DASNY acts as the developer of court projects located in the City of New York for use by the NY State Office of Court Administration as courthouses.

Background

7. Upon information and belief, on or about December 20, 2002, CWC entered into a

contract with DASNY known as General Construction No. 2 – Fitout Work at Bronx Criminal Court Complex, DA NO. 92561, 138099999/CR58 in the approximate sum of $46,995,000.00 (hereinafter "Prime Contract.")  Plaintiff begs leave to refer to the true original Prime Contract for the precise terms thereof.

8. Upon information and belief, under the Prime Contract, CWC agreed to furnish and install all labor, material and equipment necessary to fit out the Bronx Criminal Court Complex (hereinafter "Project.")

9. On or about December 27, 2002, Defendant American Manufacturers issued a Labor and Material Payment Bond No. 3SE030676 naming itself as Surety, DASNY as Owner and CWC as Contractor for the benefit of any "claimant:" claimant being defined as one who furnished labor, material or equipment for the Project as a subcontractor, sub-subcontractor or supplier to CWC under Prime Contract.  A true and correct copy of said bond is annexed hereto as Exhibit A and is incorporated hereat as if fully set forth.

10. At all times relevant hereto, WAGCA is a "claimant" under said Labor and Material Payment Bond.

11. Less than one year has expired from the time that CWC stop work on the Project and the commencement of this Action.

12. On or about January 4, 2004, WAGCA entered into a subcontract with CWC for the site work and landscaping for the Project under the Prime Contract.  Plaintiff respectfully asks to refer to the true original for the exact terms and conditions, and incorporates said document here as if fully set forth.

13. The January 4, 2004 contract provided that CWC would pay WAGCA the sum of

3

$3,820,000 for the work, labor and material called for under the subcontract and said subcontract excluded material for 298 stainless steel bollards from WAGCA's obligations.

14. Between January 4, 2004 and July 31, 2007, CWC ordered additional work and deleted work: with the net effect of the changes to the work being to increase the value of the contract between CWC and WAGCA to $6,704,037.44.

15. Between approximately October 2005 and July 2007, WAGCA substantially performed its subcontract work, including substantially completing the punch list and change orders directed by CWC.

16. Plaintiff WAGCA substantially performed its work notwithstanding: CWC ordering it to work out of sequence on waterproofing; CWC omitting to provide accurate and timely information respecting the actual elevations of the Project; CWC omitting to provide compete and accurate design information timely; CWC ordering changes to the work; CWC not providing access to the site timely; CWC not providing access to work areas timely or fully, among other obstructions, impediments and disruptions to the Project.

17. Specifically, WAGCA substantially completed; a) $4,111,558 of base contract work, leaving $3442 not done by reason of the failure of CWC to provide a design for the work in issue; b) $974,521.44 in changed and additional work; and c) $1,644,958 in disputed work generally consisting of labor and material escalation, disrupted sequence of work, and extended supervision and administrative costs.

18. To date, CWC has paid WAGCA the sum of $4,084,559.35 against the sum due of $6,704,037.44 leaving a balance due of $2,619,478.09.

19. The sum due of $2,619,478.09 includes contract balance and $205,577.90 in retainage on completed work.

20. The sum due of $2,619,478.09 excludes the Change Orders (hereinafter "CO"), Pending Change Orders (hereafter "PCO") Invoices, and Extra work orders processed and paid in full by CWC prior to July 31, 2007, but includes the 32 open change orders, pending change orders and extra work orders as set forth in paragraph 20 below.

21.

| Co No. | Description | Amount |
|---|---|---|
| 3/PCO 349 | Drain Cover/Protection/Planter Drains | $ 2,333.30 |
| 4/PCO 2428 | Plaza/Pavers/Light Weigh Fill | 196,544.29 |
| 10/PCO 431 | Increase for Non Slip Tread Nosing | 1,997.42 |
| 13 | Rigid Insulation/Stone Garden/JA Roof | 4,347.54 |
| 15/PCO 441 | Additional Work at Rock Garden | 17,026.28 |
| 20 | Supply/install ground cover at bike rack | 4,121.76 |
| 22 | Cutting Precast Pavers at electric lights | 16,034.05 |
| 23/PCO 355 & 240 | Changes to Stainless Steel Bollards | 204,556.45 |
| 24 | 4000 PSI concrete in lieu of 3200 PSI | 13,472.48 |
| 26 | Cast-in-Place add. Trench 12" wide | 32,257.00 |
| 27 | Add. wk per SK A 250 & 251 | 2,571.55 |
| 29 | Change Steel Face Curb/BPP | 5,537.80 |
| 31 | F&I Light Weight Fill at Breezeway | 17,855.00 |
| 32 | Open Trench Drain at Rain Pole | 2,094.00 |
| 36 | Remove & relocated Pre cast Panels per CWC | 906.11 |

| | | |
|---|---|---|
| 37/PCO 1677 | Excavate Subgrade at sidewalk area | 77,485.39 |
| 38 | Early High Strength concrete | 496.00 |
| 40/Inv.108 | Add. labor for street restoration on E. 161/Morris | 2,425.58 |
| 41 | 2 Add. Lamp Foundations | 7,690.08 |
| 42 | Extra Wk TCO Walk through | 13,850.00 |
| 43 | Level & Shim Lift Slab | 19,866.31 |
| Inv. 104 | Asphalt on Sherman Ave. | 946.73 |
| Inv. 105 | Clean Up Driveway Area | 517.44 |
| Inv. 106 | Remove & replace broken stone @ bosque | 5,683.62 |
| Inv. 109 | Adjust Catch Basin & manholes @ various times | 1,855.58 |
| Inv. 110 | Obst. Temp. Fence on East 162/East 162 & Morris | 4,887.80 |
| Inv. 111 | Add. labor & equip. concrete rd. base on East 162 | 1,515.59 |
| Inv. 112 | Remove steps S. Side Bosque due to revised el'v. | 1,132.94 |
| CWC PCO 911R | Northside Redesign | 411,000.00 |
| CWC PCO 912 | Remove Contaminated Soil ($152,478.28) | 52,478.28 |
| CWC PCO 3296 | Trash Compactor Trenching | 6,513.96 |
| Flag Pole Credit | | (702.90) |

22. The sum due of $2,619,478.09 includes $1,644,958 consisting of: escalated project services -- $29,301; extended use of equipment -- $31,161; extended supervision -- $170,966; extended project administration -- $237,071; labor escalation -- $15,054; material escalation -- $179,301; additional work caused by waterproofing being installed by others out sequence -- $40,000; extended insurance -- $12,285; additional trucking --

$233,398; additional cost for top soil installation -- $59,555; and loss of productivity for concrete -- $362,706 all of which resulted from directives, instructions, actions and omissions to act on the part of CWC vis a vis Plaintiff WAGCA.

23. In the documents provided by Plaintiff to Defendant American Manufacturers were copies of change orders, extra work tickets, directives and pending change orders signed by authorized representatives of CWC ordered Plaintiff to perform extra work or confirming that Plaintiff had performed extra work. Specifically, CWC issued allowance and written authorization for WAGCA CO 4 in the sum of $196,544.29; WAGCA CO 15 in the sum of $17,026.28; WAGCA CO 26 in the sum of $33,893.82; WAGCA CO 31 in the sum of $17,855.65; and WAGCA CO 37 in the sum of $77,485.39 for a total due of $342,805.43.

24. Furthermore, CWC has signed Extra Work orders or other documents admitting liability for: WAGCA CO 22 in the sum of $16,034.05; WAGCA CO 24 in the sum of $13,472.48; WAGCA CO 29 in the sum of $5,537.80; WAGCA CO 32 in the sum of $2,093.55; WAGCA CO 36 in the sum of $906.11; WAGCA CO 41 in the sum of $7,690.08; WAGCA CO 42 in the sum of $13,954.98; WAGCA CO 43 in the sum of $19,866.31; WAGCA Invoice No. 109 in the sum of $1,855.58; WAGCA Invoice No. 111 in the sum of $1,515.59; and CWC No. 919 in the sum of $6,513.96 for a total of $89,440.49

25. Furthermore, CWC signed its "Subs Change Order 009" and "Subs Change Order 012" in favor of WAGCA in the sums of $132,479 and $20,000 respectively.

26. Furthermore, DASNY's representative Bovis Lend Lease signed directives for work also

signed by CWC and transmitted to WAGCA by CWC for: WAGCA CO 34 in the sum of $1,130.42; WAGCA CO 38 in the sum of $433.13; WAGCA CO 41 in the sum of $7,690.08; WAGCA CO 42 in the sum of $13,954.98; and WAGCA CO 43 in the sum of $19,866.31.

27. To date and after demand, CWC has not paid any part of the $2,619,478.09 currently due and owing to Plaintiff WAGCA.

28. To date, there have been no complaints of material deficiency or defect in any of the work, labor or materials provided by Plaintiff.

29. At all times relevant hereto, Plaintiff has equitably credited CWC and therefore Defendant American Manufacturers with costs of deleted or incomplete work.

30. On or about August 6, 2007, that being less than 30 days after Plaintiff last performed work at the Project and more than 90 days had passed without payment in full to WAGCA by CWC, and while CWC was still performing work at the Project, Plaintiff provided timely notice of its claim under the Payment Bond and copies of its agreement with CWC and its last requisition numbered 26, to Defendant American Manufacturers together with CWC and the Project's owner, DASNY.

31. On or about August 8, 2007 and September 12, 2007 respectively, Defendant American Manufacturers and DASNY acknowledged notice of WAGCA claims under the Defendant's Payment Bond.

32. By letters dated August 28 and September 5, 2007, Plaintiff provided Defendant American Manufacturers with the documents the latter requested respecting Plaintiff's claim for the purpose of allowing Defendant to conduct an investigation of Plaintiff's

claim.

33. To date, Defendant American Manufacturers has not responded to Plaintiff rejecting Plaintiff's claim or paid Plaintiff all or any part of the outstanding sum due under the Payment Bond of $2,619,478.09.

34. To date, Defendant American Manufacturers has not provided any objection to the evidence of CWC direction for extra work provided by Plaintiff WAGCA.

### COUNT 1 PAYMENT BOND ACTION AGAINST DEFENDANT AMERICAN MANUFACTURERS

35. In its Labor and Material Payment Bond bearing number 3SE030676, Defendant American Manufacturers agreed to pay suppliers and material men to the extent not paid by CWC, including, without limitation, Plaintiff WAGCA., who furnished labor and material to and where said labor material was incorporated into the Project if notice was given within 90 days of the supplying the last item of material to the site and 30 days had passed without payment being made by its principal.

36. Plaintiff WAGCA has complied with all conditions precedent including, without limitation, notice and time requirements under the said Payment Bond.

37. By reason of the foregoing, Defendant American Manufacturers is liable to Plaintiff WAGCA in the sum of together with attorney fees for this action as provided by the State Finance Law and interest at the legal rate dating from July 31, 2007.

Wherefore the premises considered, Plaintiff William A. Gross Construction Associates, Inc., demands judgment against Defendant American Manufacturers Mutual Insurance Company as follows:

    a. As to Count 1, against Defendant damages for breach of the Payment Bond in the sum of $2,619,478.09 together with pre judgment interest dating from July 31, 2007, and attorney fees for this action.;

    b. As to Count 1, against Defendant attorney fees pursuant to State Finance Law section 137; and

    c. As to all Counts against Defendant, costs, disbursements and interest, together with such other, further or different relief as the Court may deem just.

Dated: New York, NY
       November 20, 2007

*/s/ Carol A. Sigmond*

Carol A. Sigmond (CS 2735)
Dunnington, Bartholow & Miller LLP
Attorney for Plaintiff
477 Madison Avenue B 12th Floor
New York, NY 10022
(212) 682-8811