UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WILLIAM A GROSS CONSTR. ASSOC.

                  Plaintiff(s)

        -against-                         07 Civ. 10639 (LAK)

AM MFRS MUT INS CO

                  Defendant(s)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**USDS SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: 12/7/07

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Jurisdiction is invoked pursuant to 28 U.S.C. § 1332. The complaint or notice of removal, as applicable, fails adequately to allege the existence of subject matter jurisdiction because, perhaps among other things, it fails adequately to allege:

- ☐ The citizenship of one or more natural persons. *See, e.g., Sun Printing & Publishing Ass'n v. Edwards,* 194 U.S. 377 (1904); *Leveraged Leasing Administration Corp. v. PacifiCorp Capital, Inc.,* 87 F.3d 44 (2d Cir. 1996).

- ☑ The citizenship of one or more corporations. *See* 28 U.S.C. § 1332(c)(1).

- ☐ The citizenship of one or more partnerships. *See Carden v. Arkoma Assocs.,* 494 U.S. 195 (1990).

- ☐ The citizenship of one or more limited liability companies. *See Handlesman v. Bedford Village Green Assocs. L.P.,* 213 F.3d 48, 52 (2d Cir. 2000).

- ☐ The nature and citizenship of one or more business entities.

- ☐ The timely removal of the action from state court.

        Absent the filing, on or before 12/14/07, of an amended complaint or notice of removal, as the case may be, adequately alleging the existence of subject matter jurisdiction, the action will be dismissed or, if removed, remanded.

        SO ORDERED.

Dated: 12/6/07

                                                    Lewis A. Kaplan
                                                    United States District Judge