Electronic Filing
ECF 1:07-cv-10639

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
WILLIAM A. GROSS CONSTRUCTION            07-CV-10639-LAK
ASSOCIATES, INC.,

                     Plaintiff,

          - against -                              **Answer**

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                     Defendant.
------------------------------------------------------------------X

Defendant, **American Manufacturers Mutual Insurance Company,** answers the amended complaint in this action as set forth below. The amended complaint will hereinafter be referred to simply as the "complaint"; the parties referred to therein, as "Gross", "American", "Cauldwell", and "DASNY".

### Denials/Admissions

       **First**   American denies it has knowledge or information sufficient to form a belief as to any of the allegations made in the paragraphs of the complaint numbered 1, 2, 3, 5, or 6; except American admits it is incorporated and headquartered in Illinois, and American believes DASNY is a New York public-benefit corporation.

       **Second**   American admits the allegations made in the paragraphs of the complaint numbered 4 and 31.

       **Third**   American denies it has knowledge or information sufficient to form a belief as to any of the allegations made in the paragraphs of the complaint numbered 7

or 8; except American believes Cauldwell entered into a contract with DASNY for certain work at the new Bronx Criminal Court Complex, the full text of that contract being the best evidence of its contents.

**Fourth**  American denies the allegations of paragraphs 9 and 35 of the complaint; except American admits American was Cauldwell's surety on the labor-and-material bond referred to, but refers to the full text of that bond for its actual terms and conditions.

**Fifth**  American denies it has knowledge or information sufficient to form a belief as to any of the allegations made in the paragraphs of the complaint numbered 10 through 22 or 24 through 27; except that Cauldwell (the principal obligor on the bond for which American was surety) has denied those allegations, has denied due and complete performance by Gross, has denied Gross is entitled to payment as claimed, and has specifically denied that all conditions precedent for any further payment to Gross have occurred, in that, among other things - -

- DASNY has not approved Gross's work as satisfactory and complete but has in fact found Gross's work to be defective and incomplete;

- DASNY has not agreed to pay for any of the change-orders or extra-work items claimed by Gross;

- DASNY has made price reductions, for items not furnished by Gross but deleted from work Gross was previously obligated to furnish;

- DASNY has allowed no additional compensation for the delays and disruptions claimed by Gross.

**Sixth**  American denies it has knowledge or information sufficient to form a belief as to the allegations of paragraphs 23, 30, or 32, but denies receiving a sworn proof

of claim requested from Gross, and otherwise admits receiving written notice of Gross's claim and copies of various documents purporting to be for change-orders, etc.

**Seventh** American denies each and every allegation made in the paragraphs of the complaint numbered 28, 29, and 37.

**Eighth** American denies the allegations of paragraphs 33 and 34 of the complaint, except admits American has made no payment to Gross, Gross's claims having been rejected by the principal obligor on the bond, namely, Cauldwell, who communicated its objections to Gross.

**Ninth** American denies it has knowledge or information sufficient to form a belief as to the allegations of paragraph 36 of the complaint, and respectfully requests that Gross be put to its proof as to due and timely compliance with all the terms and conditions of the labor-and-material payment bond, including with respect to the following:

- That, notwithstanding the objections stated by Cauldwell, and the lack of requisite DASNY approvals (referred to in paragraph "Fifth" above), Gross nevertheless became entitled to payment from Cauldwell as claimed;

- That Cauldwell failed promptly to pay Gross in full all that was actually due, owing, and payable;

- That suit was commenced against American within the time-limits for suit under the bond; and

- That Gross's claim against American is truly for labor or materials within the meaning of the labor-and-material payment bond.

3

### First Affirmative Defense

**Tenth** According to Cauldwell, Gross agreed not to claim any additional compensation or price increases, for delays or otherwise, except to the extent such additional compensation or price increases were recognized by and paid for by DASNY, and DASNY has not approved or paid for any of the additional compensation or price increases claimed by Gross in this action.

### Second Affirmative Defense

**Eleventh** American reserves the right to assert all other defenses, and all recoupments and set-offs, that may be available to Cauldwell, the principal obligor on the payment bond, for which American was merely the surety.

### Counterclaim

**Twelfth** American reserves the right to seek an award of counsel fees at the close of this case, under New York State Finance Law §137, or other provisions of law that may be applicable, in the event the claims made by plaintiff Gross prove to be without substantial basis in law or fact, whether as to entitlement, amount, or because premature.

## Request for Judgment

Wherefore, American respectfully requests judgment dismissing the claims against it in this action and awarding American costs, disbursements, and counsel fees.

Dated:  New York, NY
        December 17, 2007

                                  ZICHELLO & McINTYRE, LLP
                                  Attorneys for Defendant, American Manufacturers
                                      Mutual Insurance Company

                                By: /s/ _____
                                      Vincent J. Zichello (VZ-3487)
                                  Office & P.O. Address
                                  420 Lexington Avenue
                                  New York, NY 10170
                                  Tel. 212-972-5560
                                  E-mail  zimc@msn.com