Index No. 07 CV 10639 (LAK) (AJP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM A. GROSS CONSTRUCTION ASSOCIATES, INC.,

        Plaintiff,

-against-

AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY,

        Defendant.

AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY,

        Third-Party Plaintiff,

-against-

CAULDWELL-WINGATE COMPANY, LLC,

        Third-Party Defendant.

CAULDWELL-WINGATE COMPANY, LLC,

        Fourth-Party Plaintiff,

-against-

DORMITORY AUTHORITY – STATE OF NEW YORK,

        Fourth-Party Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOURTH-PARTY COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Edwin M. Levy*
*Tel: (212) 788-1185*
*NYCLIS #: 2008-016480*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................. 2

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT

        THE DISTRICT COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE FOURTH-PARTY COMPLAINT ............................................... 4

        A.    The District Court Should Decline to Exercise Supplemental Jurisdiction Over the Fourth-Party Complaint ............................................................................................. 5

CONCLUSION ........................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases** **Pages**

*AT&T Corp. v. NYC Health and Hospitals Corp.*
*v. NEC Business Network Solutions, Inc.*,
   72 F. Supp. 2d 398 (S.D.N.Y. 1999) ................................................................. 7, 9

*Borough of West Mifflin v. Lancaster*,
   45 F.3d 780 (3d Cir. 1995) ....................................................................................... 6

*Colonomos v. Ritz-Carlton Hotel Co.*,
   2002 U.S. Dist. LEXIS 7315,
   2002 WestLaw 732113 (S.D.N.Y. Apr. 24, 2002) ............................................... 10

*Diven v. Amalgamated Transit Union Int'l & Local 689*,
   38 F.3d 598 (D.C. Cir. 1994) ................................................................................ 5-6

*German v. Federal Home Loan Mortgage Corp.*,
   896 F. Supp. 1385 (S.D.N.Y. 1995) ...................................................................... 10

*Grace v. Rosenstock*,
   228 F.3d 40 (2d Cir. 2000) ....................................................................................... 5

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*,
   140 F.3d 442 (2d Cir. 1998) ................................................................................ 4, 5

*Jones v. Ford Motor Credit Co.*,
   358 F.3d 205 (2d Cir. 2004) .................................................................................... 5

*Katsaros v. Cody*,
   744 F.2d 270 (2d Cir. 1984),
   *cert. denied*, 469 U.S. 1072, 105 S. Ct. 565 (1984) .............................................. 10

*Krause v. Forex Exch. Mkt., Inc.*,
   356 F. Supp. 2d 332 (S.D.N.Y. 2005) ..................................................................... 9

*McConnell v. Costigan*,
   2000 U.S. Dist. LEXIS 16592, 17-16,
   2000 WestLaw 313528 (S.D.N.Y. Nov. 14, 2000) ............................................. 8, 9

*OccuNomix Int'l LLC v. North Ocean Ventures, Inc.*,
   2003 U.S. Dist. LEXIS 17085,
   2003 WL 22240660 (S.D.N.Y. 2003) ................................................................. 6, 7

*Seabrook v. Jacobson*,
   153 F.3d 70 (2d Cir. 1998) ....................................................................................... 4

Pages

*State of New York v. Philip Morris Inc.,*
    1998 U.S. Dist. LEXIS 4, No. 97 Civ. 794,
    1998 WestLaw 2574 (Jan. 5, 1998, S.D.N.Y. 1998) ...................................................... 6

*United Mine Workers v. Gibbs,*
    383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ................................................ 5

*Viacom Int'l, Inc. v. Kearney,*
    212 F.3d 721 (2d Cir. 2000) ......................................................................................... 4

*Vogel v. Lyman,*
    246 A.D.2d 422, 668 N.Y.S.2d 162 (1st Dep't 1998) ................................................... 8

*West-Fair Electric Contractors v. AetnaCasualty & Surety Company,*
    87 N.Y.2d 148, 661 N.E.2d 967 (1995) ....................................................................... 9

**Statutes**

28 U.S.C. § 1367(a), (c), (c)(2) ................................................................................. 2, 4, 5, 7

Fed. R. Civ. P. 14(a)(4) ................................................................................................ 2, 10

Case 1:07-cv-10639-LAK-AJP    Document 36    Filed 06/13/2008    Page 4 of 14

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of the motion of fourth-party-defendant the Dormitory Authority of the State of New York ("DASNY") to dismiss the fourth-party complaint pursuant to 28 U.S.C. § 1367(c), because the claims raised in the fourth-party complaint substantially predominate over therein the amended complaint. In the alternative, pursuant to Fed. R. Civ. P. 14(a)(4), DASNY moves to sever the fourth-party complaint from the main and third-party actions and for a stay in the interests of justice.

## STATEMENT OF FACTS

This diversity action was commenced on or about November 28, 2007 by William A. Gross Construction Associates, Inc. ("WAG"), a subcontractor domiciled in New York that performed site work during the construction of the Bronx County Hall of Justice ("BCHJ"), against American Manufacturers Mutual Insurance Company ("American Manufacturers"), an Illinois-based corporation which had issued a payment bond to Cauldwell Wingate Company, LLC ("Cauldwell Wingate"). Cauldwell Wingate was the contractor that engaged WAG to perform a small portion of the work under its general construction contract with DASNY on the BCHJ project. WAG filed an amended complaint on or about December 11, 2007.

American Manufacturers filed an answer on or about December 17, 2007, and the following day it filed a third-party complaint against Cauldwell Wingate seeking indemnification. Cauldwell Wingate filed an answer to the third-party complaint on or about February 19, 2008, and, on or about March 14, 2008, filed its fourth-party complaint against DASNY.

WAG's complaint, as amended, seeks additional compensation of $2,619,478.09 from the surety allegedly due under its $3,820,000 subcontract with Cauldwell Wingate (amended complaint ¶¶ 13, 18-20, 27). The fourth-party complaint involves the entire $52

million general construction contract between DASNY and Cauldwell Wingate to provide, among other things, masonry, metal and hardware work, drywall and ceilings, tile and marble, architectural metal and glasswork, painting, and sidewalk and landscaping ("general contract") (fourth-party complaint, ¶¶ 27-28.) Caldwell Wingate claims damages of $25.4 million, not only for WAG's work on the project, but also for its drywall and ceiling work subcontractor (fourth-party complaint, ¶¶ 71-74), its architectural metal and glass work subcontractor (fourth-party complaint, ¶¶ 75-89), its masonry subcontractor (fourth-party complaint, ¶¶ 102-03), its tile and marble subcontractor (fourth-party complaint, ¶¶ 104-05), its hollow metal and hardware work subcontractor (fourth-party complaint, ¶¶ 106-111), and its painting subcontractor (fourth-party complaint, ¶¶ 112-14) as well as its own damages (fourth-party complaint, ¶¶ 47-70). A copy of the fourth-party complaint is annexed hereto as Exhibit A. A copy of DASNY's answer to the fourth-party complaint and counterclaims is annexed hereto as Exhibit B.

As both Cauldwell Wingate and DASNY have their principal offices in New York (fourth-party complaint ¶¶ 5-6), and no federal questions are raised, jurisdiction with respect to the fourth-party action is said to be premised on 28 U.S.C. § 1367(a). In contrast to the much more circumscribed scope of WAG's complaint, the fourth-party complaint asserts claims encompassing the entire breadth of Cauldwell Wingate's general contract with DASNY, including numerous subcontracts, none of which are related to plaintiff's claims. In all, Cauldwell Wingate seeks over $25 million in damages from DASNY based on alleged breaches of contract for which DASNY or the consultants it engaged – Rafael Vinoly Architects, P.C., the project architect, and the two project construction managers, Bovis Lend Lease and Hill International, Inc. – are claimed to be responsible.

## ARGUMENT

### THE DISTRICT COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE FOURTH-PARTY COMPLAINT

No federal claims have been asserted in the amended complaint. The basis for this court's jurisdiction over the first-party action is diversity of citizenship under 28 U.S.C. 1332(a). Additionally, there is no independent basis for federal court jurisdiction over the fourth-party complaint as diversity is absent and no federal claims have been asserted. Therefore, federal court jurisdiction over the fourth-party complaint is founded upon 28 U.S.C. § 1367(a), which allows the district courts to exercise supplemental jurisdiction over state law claims even where no independent basis for federal jurisdiction exists, so long as those claims are part of the same case or controversy that includes a federal claim. *See Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 728 (2d Cir. 2000), *quoting Seabrook v. Jacobson*, 153 F.3d 70, 71 (2d Cir. 1998).

28 U.S.C. § 1367(a) does not, however, compel the court to exercise jurisdiction over supplemental claims in every case. 28 U.S.C. § 1367(c) gives the court discretion to decline to exercise jurisdiction under one of several grounds, among them that the supplemental state law claims substantially predominate over those for which the court has original jurisdiction. *See Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 447 (2d Cir. 1998). The expansive nature of the claims raised in the fourth-party complaint, which address the claims of the non-diverse general contractor as well as those of six subcontractors other than WAG, substantially predominate over those asserted in the first-party amended complaint. This will not only mean that six times the number of parties, at a minimum, will become parties to this

litigation, but also that the monetary damages involved will increase by a factor of nine.[1] Not only do these new claims and parties greatly broaden the scope of litigation, but they will require significantly more proof and expenditure of judicial resources to resolve, and they involve only state law claims which the state court is in a better position to decide.

### A. The District Court Should Decline to Exercise Supplemental Jurisdiction Over the Fourth-Party Complaint

28 U.S.C. § 1367(c) confers on federal courts discretion not to hear claims over which there is supplemental jurisdiction in the circumstances enumerated in that rule. *See Itar-Tass*, 140 F.3d at 447. Section 1367(c)(2) allows a federal court discretion to decline to exercise supplemental jurisdiction where "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."

Although no bright-line test exists for establishing when state-law claims "substantially predominate" over federal claims, the Supreme Court has identified certain factors to consider when making that determination: the proof needed to establish the state-law issues; the scope of the state-law issues raised; and the comprehensiveness of the remedy sought. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966); *see also Grace v. Rosenstock*, 228 F.3d 40, 55 (2d Cir. 2000). In addition, where at least one of the subsection 1367(c) factors is applicable, the court should also determine that declining to exercise jurisdiction would also would promote the values of economy, convenience, fairness and comity articulated in *Gibbs, supra*. *See Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004); *Diven v. Amalgamated Transit Union Int'l & Local 689*, 38 F.3d 598, 601 (D.C.

---

[1] DASNY, by letter dated June 9, 2008, has sought an extension of time to add additional parties.

Cir. 1994); *see also OccuNomix Int'l LLC v. North Ocean Ventures, Inc.*, 2003 U.S. Dist. LEXIS 17085, 2003 WL 22240660, at *1 (S.D.N.Y. 2003) (quoting *Diven*).

Here, the fourth-party complaint raises state law claims exclusively and will require significantly more testimonial and documentary evidence and judicial resources to adjudicate. The fourth-party complaint requires determination of claims entirely unrelated to WAG's subcontract. It will also involve litigation of issues concerning Cauldwell Wingate's general construction contract (fourth-party complaint, ¶¶ 27-28), its drywall and ceiling work subcontract (fourth-party complaint, ¶¶ 71-74), its architectural metal and glass work subcontract (fourth-party complaint, ¶¶ 75-89), its masonry subcontract (fourth-party complaint, ¶¶ 102-03), its tile and marble subcontract (fourth-party complaint, ¶¶ 104-05), its hollow metal and hardware work subcontract (fourth-party complaint, ¶¶ 106-111), and its painting subcontract (fourth-party complaint, ¶¶ 112-14). WAG's subcontract for landscaping and site work encompasses an extremely small portion (7%) of the fourth-party complaint (fourth-party complaint, ¶¶ 90 – 101), involving performance of work that came at the tail-end of the overall construction of the court complex.

The fourth-party complaint does in fact "constitute the real body of a case" to which the amended complaint is merely an "an appendage," and declining jurisdiction under § 1367(c) "is appropriate to prevent a situation wherein 'permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.'" *State of New York v. Philip Morris Inc.*, 1998 U.S. Dist. LEXIS 4, No. 97 Civ. 794, 1998 WestLaw 2574 at *2 (Jan. 5, 1998, S.D.N.Y. 1998) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995).

6

The case law in this jurisdiction supports remanding the fourth-party complaint to state court. For example, in *AT&T Corp. v. NYC Health and Hospitals Corp. v. NEC Business Network Solutions, Inc.*, 72 F. Supp. 2d 398 (S.D.N.Y. 1999) (Kaplan, J.), the original action sought to recover unpaid telephone bills from the defendant Hospitals Corporation, which did not contest the phone calls were made, but alleged the calls could not have been made if not for the negligent design and installation of the telephone system by the installer, NEC. The court declined to exercise supplemental jurisdiction over HHC's third-party complaint against NEC under 28 U.S.C. § 1367(c)(2). The court found that although the third-party claims were related to the original claim in that they involved the same phone calls, the supplemental claims clearly predominated over the claim within the court's original jurisdiction, in that they were significantly more complex, involved issues that plainly predominated over those involved in the resolution of AT&T's claim over HHC, and the parties would not ordinarily be expected to try both claims in the same proceeding.

In the instant case, the first-party amended complaint asserts a single cause of action under a payment bond for work performed under plaintiff's subcontract with Cauldwell Wingate. Significantly, here too, Caudwell Wingate has confessed liability for the full amount asserted in the amended complaint as due and owing plaintiff, thereby reducing the scope of proof needed to prove WAG's direct claims considerably (fourth-party complaint, ¶ 101) ("As alleged in the Complaint in the main action, Gross is owed over $2.6 million on its subcontract....")

In *OccuNomix, supra*, plaintiff sued defendants for breach of contract, fraud, and violation of the federal Electronics Communications Privacy Act – in all, twelve state law claims and one federal claim. The court declined to exercise supplemental jurisdiction over the state law

7

claims because they substantially predominated over the federal claim. The state law claims went to the heart of the controversy, while the single federal claim was only tangentially related to the real subject matter of the dispute.

Similarly, in *McConnell v. Costigan*, 2000 U.S. Dist. LEXIS 16592, 17-16, 2000 WestLaw 313528, *9 (S.D.N.Y. Nov. 14, 2000), the District Court declined to exercise supplemental jurisdiction over the state law claims because the original claim related to a relatively narrow issue concerning whether defendants failed to make timely payments under an ERISA account, and resolution of the state law questions of whether the corporate veil should be pierced and whether the corporate structure rendered an MOU unenforceable, were unnecessary to resolve the ERISA claim. Although, in *McConnell*, the court noted that exercising jurisdiction over the supplemental claims would be appropriate in cases where resolution of the supplemental claims is antecedent to resolution of original claim, in the instant case, resolution of Cauldwell Wingate's claims against DASNY is not necessary to adjudicate WAG's claim for payment under its subcontract with Cauldwell Wingate. Whether actions by DASNY or its consultants contributed to delays affecting WAG's completion time is not relevant to WAG's claim that it is entitled to be paid for work performed under its subcontract, particularly as that claim is not contested by Cauldwell Wingate.

Furthermore, WAG cannot recover its damages from DASNY, as there is no privity of contract between those parties. *See Vogel v. Lyman*, 246 A.D.2d 422, 668 N.Y.S.2d 162 (1st Dep't 1998). In the fourth-party complaint, Cauldwell Wingate admits WAG is due the sums sought in the amended complaint. Thus, there are no issues to adjudicate as to liability or damages in the first-party amended complaint. Moreover, Cauldwell Wingate may not rely on the argument that it cannot pay WAG until it is paid by DASNY to avoid a judgment. Under

New York law, a prime contractor's duties under a subcontract are an independent obligation to the subcontractor and New York treats "pay-when-paid" provisions in subcontracts as unenforceable and void as against public policy. *See West-Fair Electric Contractors v. AetnaCasualty & Surety Company*, 87 N.Y.2d 148, 158, 661 N.E.2d 967, 971 (1995). Thus, because resolution of plaintiff's claims does not depend on the outcome of the fourth-party complaint, exercising supplemental jurisdiction is not necessary.

As in *AT&T* and *McConnell, supra*, the parties here would not ordinarily be expected to try both the complaint and the fourth-party action in the same proceeding. They involve different contracts, and the claims asserted in the fourth-party complaint are significantly broader than the scope of the original litigation. Resolution of the fourth-party complaint also requires substantially more and different types of proof as well as greater judicial resources than to litigate than plaintiff's claims, and they are not derivative of the claims asserted in the amended complaint. Declining jurisdiction is appropriate.

Should the Court determine not to dismiss the fourth party complaint, it should remand to state court the claims in the fourth-party complaint that concern the general contract and the subcontractors other than WAG. As this Court determined in *Krause v. Forex Exch. Mkt., Inc.*, 356 F. Supp. 2d 332, 338 (S.D.N.Y. 2005), exercising supplemental jurisdiction over those claims would be inappropriate because they are unrelated to the facts underlying the amended complaint and would result in a substantial expansion beyond what is necessary to adjudicate WAG's claims. *See Krause, supra* (District Court retained jurisdiction over those claims that were related to shared a common nucleus of operative fact with the original claims, but remanded the remaining state law claims because, "even assuming arguendo that the remaining state law claims ... arise from the same case or controversy" as the original claims,

"the facts peculiar to [the supplemental claims] substantially predominate over common issues," rendering exercise of supplemental jurisdiction against those claims inappropriate.) The unrelated claims in the fourth-party complaint are markedly different from the main action and will require different proof, including the testimony of different witnesses and documentary evidence, and Cauldwell Wingate will not be prejudiced by their dismissal.

In the event the Court declines to dismiss the fourth-party complaint in its entirety or in part, the fourth-party complaint should be severed from the main and third-party actions and stayed in the interests of justice pursuant to Fed. R. Civ. P. 14(a)(4). In deciding severance motions, the court must consider:

> (1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted and (4) whether the party requesting the severance will be prejudiced if it not granted.

*Colonomos v. Ritz-Carlton Hotel Co.*, 2002 U.S. Dist. LEXIS 7315, 2002 WestLaw 732113, *4 (S.D.N.Y. Apr. 24, 2002), *quoting German v. Federal Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995). Rule 42(b) further vests the district court with broad discretion to sever a third-party claim if such severance will be 'in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." *Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir. 1984), *cert. denied*, 469 U.S. 1072, 105 S. Ct. 565 (1984).

Cauldwell Wingate would not be prejudiced by severing or staying the fourth-party complaint. Furthermore, the main action and the fourth-party complaint are markedly different and fourth-party complaint will require different witnesses and documents, as it arises out of different facts. Severance would expedite resolution of WAG's complaint.

## CONCLUSION

For the reasons set forth above, the fourth-party complaint should be dismissed, or in the alternative, severed from the main and third-party complaints and stayed.

Dated:   New York, New York
        June 13, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                 City of New York
                              Attorney for the Dormitory Authority
                                 of the State of New York
                              100 Church Street, Room 3-241
                              New York, New York 10007
                              (212) 788-1185

By: _____
                              EDWIN M. LEVY (EL 7792)
                              Senior Counsel