Carol A. Sigmond, Esq. (CS 2735)
Dunnington, Bartholow & Miller LLP
Attorneys for Plaintiff
1359 Broadway, Suite 600
New York, New York 10018
(212) 682-8811

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

| | |
|---|---|
| WILLIAM A. GROSS CONSTRUCTION ASSOCIATES, INC., | C.A. No. 07-CV-10639-LAK |
| Plaintiff, | Joint Rule 26(f) Report |
| -against- | |
| AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

-------------------------------------------------------------------

1. CONFERENCES

May 14 and June 10. All parties were represented by counsel. At the June 10 meeting, all parties except Defendant American Manufacturers were also represented by their respective technical advisors. Defendant American Manufacturers' technical advisor's was on-call and available by phone.

2. STATUS OF RULE 26 (A) DISCLOSURE

Plaintiff has served all initial disclosures per Rule 26 (a).

Defendant American Manufacturers has served initial disclosures per Rule 26 (a).

Third Party Defendant Cauldwell Wingate has served initial disclosures per Rule 26 (a).

Although Fourth Party Defendant Dormitory Authority ("DASNY") has not served an initial disclosure per Rule 26 (a), the parties have been made aware of the identities of DASNY's two main witnesses and the location and extent of the project files.

3.  THE PROPOSED DISCOVERY SCHEDULE

The parties acknowledge the schedule for discovery is tight, particularly given the volume of the Cauldwell Wingate and DASNY's documents, so everyone will have to cooperate. However, they have been unable to agree on a timetable for the actual production of documents, which is why they requested a conference with the Court to discuss this issue.

4.  SUBJECTS FOR DISCOVERY

The parties' topics for discovery are those enumerated in their respective pleadings.

5.  E DISCOVERY ISSUES

*Documents*

All parties will use their own software programs for managing documents, and will produce documents to each other in industry-standard load files. Documents produced will be imaged and text searchable, with exact specifications to be agreed upon between them.

Plaintiff is concerned that the proposed methodology of the Fourth Party Defendant's disclosure is not going to allow us to complete depositions under the current schedule. Fourth Party Defendant will only be able to start running searches on July 15. Fourth Party Defendant anticipates at least 2 iterations of the search terms per party. After an acceptable search, a privilege review will be required. Plaintiff asked for change order lists from Fourth Party Defendant so that the Plaintiff's search terms would be more refined. Fourth Party Defendant says it will produce such a list if one exists.

Third Party Defendant Cauldwell Wingate estimates that it has approximately 200,000 pages and extensive emails. Third Party Defendant Cauldwell Wingate proposed that the parties agree on some limited coding that would not implicate work product to make searching more efficient. Fourth Party Dormitory Authority was not agreeable.

Fourth Party Defendant Dormitory Authority estimates that it has approximately 3,000,000 pages and voluminous emails. It plans to run searches for the other parties and has requested search terms by June 24.

The parties agreed that they will not scan drawings and other oversized drawings (larger than 81/2" x 14)", but will instead make such document available for inspection.

*Emails*

As with paper documents, all parties will produce e-mails electronically, in searchable form.

Third Party Defendant Cauldwell Wingate and Fourth Party Defendant plan to de-duplicate emails using disclosed protocols. The hashes will be preserved. The metadata from the headers and blind copies will be provided.

6. PRIVILEGE ISSUES

The parties will review their respective documents for privilege as they deem necessary, and will produce privilege logs.  In the event of inadvertent disclosures, the parties do not waive their right to assert privilege.

7.  PROPOSED VARIATIONS TO LOCAL RULES

None

8. OTHER MATTERS

The parties have requested and received a time for a Court Conference on June 24, 2008, at 3 pm to resolve the dates for document production.

Dated: New York, NY
       June 23, 2008

Respectfully submitted,

 _/s/_Carol A. Sigmond_____
Carol A. Sigmond (CS 2735)
Dunnington, Bartholow & Miller LLP
Attorney for Plaintiff
1359 Broadway,
New York, NY  10018
(212) 682-8811


 _/s/ Vincent J. Zichello_____
Vincent J. Zichello (VZ 3487)
Zichello & McIntyre, LLP
Attorneys for Defendant
  American Manufacturers
420 Lexington Ave., Suite 2800
New York, NY 10170
(212)

/s/ Patricia Hewitt_____
Patricia Hewitt (PH 7769)
Ingram, Yuzek Gainen Carroll & Bertolotti, LLP
Attorneys for Cauldwell Wingate
250 Park Avenue
New York, New York 10177
212-907-9600

/s/ Edwin Levy _____
Edwin Levy (EL 7792)
New York City Law Department
Office of the Corporation Counsel
Attorneys for DASNY
100 Church Street
New York, NY 10007-2601
(212) 788-1185