UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WILLIAM A. GROSS CONSTRUCTION
ASSOCIATES, INC., : 07-CV-10639-(LAK)(AJP)
:
Plaintiff, :
: ECF Case
-against- :
:
AMERICAN MANUFACTURERS MUTUAL :
INSURANCE COMPANY, :
:
Defendant. :
----------------------------------------------------------------x
AMERICAN MANUFACTURERS MUTUAL :
INSURANCE COMPANY, :
:
Third-Party Plaintiff, : **CAULDWELL WINGATE'S**
: **REPLY TO DASNY'S**
-against- : **COUNTERCLAIMS**
:
CAULDWELL-WINGATE COMPANY, LLC, :
:
Third-Party Defendant. :
:
----------------------------------------------------------------x
CAULDWELL WINGATE COMPANY, LLC, :
:
Fourth-Party Plaintiff, :
:
-against- :
:
DORMITORY AUTHORITY – STATE OF :
NEW YORK, :
:
Fourth-Party Defendant. :
----------------------------------------------------------------x

       Third-Party Defendant/Fourth-Party Plaintiff Cauldwell Wingate Company, LLC (hereinafter "Cauldwell Wingate"), by and through its attorneys, Ingram Yuzek Gainen Carroll & Bertolotti, LLP, as and for its Reply to the Counterclaims (hereinafter the "Counterclaims")

284421_1/00926-0053

set forth in Dormitory Authority – State of New York (hereinafter "DASNY")'s Answer to Fourth Party Complaint and Counterclaims, alleges as follows:

## IN REPLY TO THE FIRST COUNTERCLAIM

1. Admits the allegations set forth in paragraph 212 of the Counterclaims.

2. Admits the allegations set forth in paragraph 213 of the Counterclaims.

3. In response to paragraph 214 of the Counterclaims, admits that the Counterclaims are directly related to the claims in the main action and in the third-party action, and form part of the same case in controversy, and respectfully refers all issues of law to the Court.

4. In response to paragraph 215 of the Counterclaims, admits that Cauldwell Wingate and DASNY entered into a written contract on or about December 20, 2002 (hereinafter "the Cauldwell Wingate Contract") and respectfully refers all issues of law to the Court.

5. With respect to paragraph 216 of the Counterclaims, respectfully refers all issues of law to the Court

6. With respect to paragraph 217 of the Counterclaims, respectfully refers all issues of law to the Court.

7. Denies the allegations set forth in paragraph 218 of the Counterclaims, and respectfully refers this Court to the Cauldwell Wingate Contract for a full statement of its terms and conditions.

8. Denies the allegations set forth in paragraph 219 of the Counterclaims.

9. Denies the allegations set forth in paragraph 220 of the Counterclaims.

10. Denies the allegations set forth in paragraph 221 of the Counterclaims.

**IN REPLY TO THE SECOND COUNTERCLAIM**

11. Answering paragraph 222, repeats and realleges its responses to paragraphs 212 through 221 inclusive, with the same force and effect as if set forth in full herein.

12. Denies the allegations set forth in paragraph 223 of the Counterclaims, and respectfully refers this Court to the Cauldwell Wingate Contract for a full statement of its terms and conditions.

13. Denies the allegations set forth in paragraph 224 of the Counterclaims, and respectfully refers this Court to the Cauldwell Wingate Contract for a full statement of its terms and conditions.

14. Denies the allegations set forth in paragraph 225 of the Counterclaims.

15. Denies the allegations ser forth in paragraph 226 of the Counterclaims.

**IN REPLY TO THE THIRD COUNTERCLAIM**

16. Answering paragraph 227, repeats and realleges its responses to paragraphs 212 through 226 inclusive, with the same force and effect as if set forth in full herein.

17. Denies the allegations set forth in paragraph 228 of the Counterclaims, and respectfully refers this Court to the Cauldwell Wingate Contract for a full statement of its terms and conditions.

18. Denies the allegations set forth in paragraph 229 of the Counterclaims.

19. Denies the allegations set forth in paragraph 230 of the Counterclaims.

**IN REPLY TO THE FOURTH COUNTERCLAIM**

20. Answering paragraph 231, repeats and realleges its responses to paragraphs 212 through 230 inclusive, with the same force and effect as if set forth in full herein.

21. Denies the allegations set forth in paragraph 232 of the Counterclaims.

### FIRST AFFIRMATIVE DEFENSE

22. The Counterclaims fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

23. The Counterclaims are barred by the doctrines of waiver, estoppel and laches.

### THIRD AFFIRMATIVE DEFENSE

24. The Counterclaims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

25. The injuries or damages, as alleged in the Counterclaims, were caused in whole or in part by the contributory negligence and/or culpable conduct of DASNY and not the result of any contributory negligence and/or culpable conduct on the part of Cauldwell Wingate.

### FIFTH AFFIRMATIVE DEFENSE

26. If DASNY did sustain any injuries or damages as alleged in the Counterclaims, which allegations are expressly denied, then those injuries or damages were sustained due to the culpable conduct of a third-party or parties over whom Cauldwell Wingate was not authorized or obligated to exercise any direction, supervision or control.

### SIXTH AFFIRMATIVE DEFENSE

27. Upon information and belief, the injuries and/or damages alleged by DASNY, all of which are expressly denied by Cauldwell Wingate, were caused by the intervening, interceding and superseding acts of third parties not under the control of Cauldwell Wingate.

WHEREFORE, Cauldwell Wingate respectfully requests that the Counterclaims be dismissed, with prejudice along with any further, other and/or different relief that the Court may deem just and proper.

Dated: New York, New York
       July 1, 2008

                    INGRAM YUZEK GAINEN
                    CARROLL & BERTOLOTTI, LLP

By: _____
     Larry F. Gainen LG-9351
     Patricia Hewitt PH-7769
Attorneys for Third-Party Defendant/
 Fourth-Party Plaintiff
Cauldwell Wingate Company, LLC
250 Park Avenue
New York, NY 10177
(212) 907-9600

TO:    Carol A. Sigmond, Esq.
       Dunnington, Bartholow & Miller, L.L.P.
       Attorneys for William A. Gross Construction Associates, Inc.
       477 Madison Avenue, 12th Floor
       New York, NY 10017

       Vincent J. Zichello, Esq.
       Zichello & McIntyre, L.L.P.
       Attorneys for American Manufacturers Mutual Insurance Company
       420 Lexington Avenue, Suite 2800
       New York, NY 10170

       Edwin M. Levy, Esq.
       New York City Law Department
       Office of the Corporation Counsel of the City of New York
       Attorneys for the Dormitory Authority – State of New York
       100 Church Street, Room 3-214
       New York, NY 10007