Carol A. Sigmond, Esq. (CS 2735)
Dunnington, Bartholow & Miller LLP
1359 Broadway, Suite 600
New York, New York 10018
(212) 682-8811

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

WILLIAM A. GROSS CONSTRUCTION                    C.A. No. 07-CV-10639-LAK
ASSOCIATES, INC.,

                              Plaintiff,

        -against-

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                              Defendant.

-------------------------------------------------------------------

                And other actions

-------------------------------------------------------------------


### PLAINTIFF'S MEMORANDUM OF LAW
### IN SUR REPLY OF DASNY'S MOTION TO
### DISMISS THE FOURTH PARTY COMPLAINT


                Dunnington, Bartholow & Miller LLP
                     Attorneys for Plaintiff
                  1359 Broadway,  Suite # 600
                     New York, NY 10018
                        (212) 682-8811

TABLE OF CONTENTS

Statement of Facts .................................................................................................. 1

Argument ................................................................................................................. 2

Point 1 .................................................................................................................... 2

    Neither DASNY nor Cauldwell are Indispensable or Necessary
    Parties to Plaintiff's Action Under the Payment Bond ...................................... 2

Point 2 .................................................................................................................... 7

    Diversity Jurisdiction was the Result of Actions
    Cauldwell and DASNY ...................................................................................... 7

CONCLUSION ....................................................................................................... 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Greenleaf v. Safeway Trails, Inc.*, 140 F.2d 889 (2d Cir.), *cert. denied,* 322 U.S. 736, 64 S.Ct. 1048, 88 L.Ed. 1569 (1944) .......................................................................3,6

*Holland v Fahnestock & Co., Inc.*, 210 F.R.D. 487, 500 (S.D.N.Y. 2002) ....................6,7

*Nev. Eighty-Eight v. Title Insurance Co. of Minn.*, 753 F.Supp. 1516, 1526 (D. Nev. 1990)...............................................................................................................8

*Newman-Greene, Inc.v. Alfonzo-Larrain*, 490 U.S. 826, 109 S. Ct. 2218, 104 L. Ed. 2nd 893 (1989)...........................................................................................8

*Richmond Steel v. Legal and General Assurance Society*, 799 F.Supp. 234, 239 (D.P.R. 1992).............................................................................................8

*Tehran-Berkeley Civil & Environmental Engineer v. Tippetts-Abbett-McCarthy-Stratton*, 888 F.2d 239 (2d Cir.1989)...........................................................6

## STATE CASES

*Bovis Lend Lease LMB, Inc. v. GCT Venture, Inc.*, 285 A.D.2d 68, 728 N.Y.S.2d 25 (1st Dept. 2001) ...............................................................................4

*HDR, Inc. v. International Aircraft Parts, Inc.*, 257 A.D.2d 603, 683 N.Y.S.2d 867 (2nd Dept. 1999) ...............................................................................5

*Huber Lathing Corp. v. Aetna Casualty And Surety Co.*, 132 A.D.2d 597, 517 N.Y.S.2d 758 (2nd Dept. 1987) ...................................................................5

*Mars Associates, Inc. v. New York City Educational Const. Fund*, 126 A.D.2d 178, 513 N.Y.S.2d 125 (1st Dept 1987) ...........................................................5

## FEDERAL STATUTES

28 U.S.C. §1359 .................................................................................................1,8

## FEDERAL RULES OF CIVIL PROCEDURE

Rule 12 ...................................................................................................1,2

Rule 19 ...................................................................................................1,3,7

Rule 19 (a) (1) ..........................................................................................2

Rule 19 (a) (1) (A) ...................................................................................2

Rule 19 (a).............................................................................................2,3,5,7

Rule 19 (b) .............................................................................................2,3,5,6,7

Respectfully, this Memorandum of Law is submitted by William A. Gross Construction Associates, Inc., ("Gross" or "Plaintiff") in sur reply of the Dormitory Authority of the State of New York's ("DASNY") motion of fourth-party-defendant to dismiss the fourth-party complaint. Specifically, this Memorandum is directed to the argument made on page 10 DASNY's "Reply Memorandum of Law in Support of DASNY's Motion to Dismiss the Fourth Party Complaint" ("DASNY Reply") to the effect that the First Party Complaint should be dismissed pursuant to 28 U.S.C 1359 and Rule 19. As discussed below, neither DASNY nor Cauldwell Wingate Company, LLC ("Cauldwell") are necessary parties to Plaintiff's action. Moreover, DASNY's offensive allegations notwithstanding, there is no evidence to support the charge that Gross colluded with anyone to manufacture federal diversity jurisdiction in this matter.

## Statement of Facts

Briefly, the pertinent facts are as follows:[1] On or about December 20, 2002, Cauldwell entered into a prime contract with DASNY. Specifically, Cauldwell is a party to DASNY General Contract No. 2 for the Fit-out Work at Bronx Criminal Court Complex ("Project"). American Manufactures Mutual Insurance Company provided a Payment Bond for the Cauldwell respecting the Project on December 27, 2002. On or about January 4, 2004, Plaintiff entered into a subcontract with Cauldwell respecting the finish site work for the Project. At all relevant times, Plaintiff is an intended third party beneficiary of the Payment Bond. There came a time that Plaintiff commenced the within action against American for breach of the Payment Bond. The action was brought in this Court based on diversity jurisdiction. Disregarding the notice requirements of Rule 12, in the DASNY Reply, DASNY asserted that Gross' had obtained federal diversity jurisdiction improperly by either failing to join a necessary party or collusively

---

[1] For a more complete statement of the facts, please refer to the Declaration of Carol A. Sigmond dated August 14, 2008 ("Sigmond Declaration").

manufacturing diversity.   DASNY Reply at 10.

## Argument

As a preliminary matter, Plaintiff recognizes that challenges to federal jurisdiction are proper at any time.   That does not excuse DASNY's unprofessional conduct in failing to give notice to Plaintiff under Rule 12 of DASNY's application to dismiss the Complaint.   Slipping this rather dramatic demand for relief in a reply brief is hardly a straightforward action. However, DASNY's arguments are so frivolous that the procedural defects in DASNY's application pale by comparison.

## Point 1

### Neither DASNY nor Cauldwell are Indispensable or Necessary

### Parties to Plaintiff's Action Under the Payment Bond

Rule 19 (a) (1) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties . . .

Rule 19 (a) (1) (A)

Rule 19 (b) provides in part:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or be dismissed.

Rule 19 (b)

Rule 19 (a) introduces the concept of necessary party.   Rule 19 (b) introduces the concept of indispensable party.   DASNY does not provide a coherent argument respecting claims that Plaintiff omitted to name an indispensable or necessary party.   Part of the difficulty in

addressing DASNY's argument is that it does mixes the concepts of necessary parties in Rule 19 (a) and indispensable parties in Rule 19 (b). DASNY Reply at 10. As discussed below, neither Cauldwell nor DASNY are either indispensable or necessary parties to the action between Plaintiff and American so DASNY's application should be rejected.

Before reaching the central issues under Rule 19, there are two collateral arguments made by DASNY. DASNY clutters its argument respecting indispensable or necessary party with asides such as a claim that there is no case or controversy between Plaintiff and American. That would certainly be a surprise to American, since it served an Answer in this action and asserted substantive defenses. There is a *bona fide* dispute between Plaintiff and American. Plaintiff contends that American is obligated to pay Plaintiff for work, labor and materials on the Project. American denies the material allegations of liability and damages. Therefore, there is a case or controversy. Sigmond Declaration paragraphs 6, 8-11 and Exhibits B and C.

This argument by DASNY ignores the basic nature of the surety contract between Cauldwell and American Manufacturers Mutual Insurance Company (*hereinafter* "American"), of which Gross was an intended beneficiary and therefore has a cause of action against American. Sigmond Declaration Exhibits B and C.

Under the Payment Bond, Gross has a cause of action against American. This cause of action, if successful, will provide Plaintiff with complete relief. That is the operative concept in determining that Cauldwell is not indispensable to Plaintiff's action. Once Plaintiff as asserted a claim for complete relief against a proper party, no other party is indispensable.[2]    As further

---

[2] *Greenleaf v. Safeway Trails*, 140 F.2d 889, 890 (2d Cir. 1944) ("In the class of actions just mentioned at common law, the plaintiff, by his judgment against one of his joint debtors, gets the relief he is entitled to, and no injustice is done to that debtor, because he is only made to perform an obligation which he was legally bound to perform before. The absent joint obligors are not injured, because their rights are in no sense affected, and they remain liable to contribution to their co-obligor who may pay the judgment by suit, as they would have been had he paid it without suit." (Citations and internal quote marks omitted))

discussed below, a general contractor is not a necessary party in a payment bond action. Therefore, Cauldwell is not a necessary party, either.

Suretyship on public contracts is considered to create a tri-parte or triangular relationship. The prime contract creates the relationship between the contractor and the owner, here Cauldwell and DASNY. The general agreement of indemnity, know colloquially as the "GAI" creates the relationship between the contractor and the surety, here Cauldwell and American. The bonds create the relationship between the surety and the owner, here American and DASNY. Gross was an intended third party beneficiary under the surety contract and was fully entitled to sue American under the terms of the bond.[3] If no controversy existed between Gross and American, American would surely have raised this as a defense in their complaint. However, there is no such defense raised by American, because there is no support for this defense and it would be frivolous.

DASNY further muddles its indispensable and necessary party argument with another aside, a confusing argument about liquidating agreements. In New York, a prime contractor may not advance a subcontractor's claim without admitting liability for that claim. In response to this doctrine, the contracting community in New York has relied on liquidating agreements and self-liquidating subcontracts. *Bovis Lend Lease LMB, Inc. v. GCT Venture, Inc.*, 285 A.D. 2d 68, 69-70, 728 N.Y.S.2d 25, 27 (1st Dept. 2001) (Holding that liquidating agreements are "designed to overcome [] legal impediments" to subcontractor recovery for owner delays and are "uniformly upheld in this state.") The Subcontract between Plaintiff and Cauldwell is self-liquidating.

---

[3] The bond states that "The above named CONTRACTOR and Surety hereby jointly and severally agree with the OWNER that every claimant as herein defined, who has not been paid in full …may sue on this bond for the use of such claimaint, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon." Thus, the bond expressly provided Gross, a claimant under the terms of the bond, a right to sue. Sigmond Declaration ¶ 6; Exhibit B, Payment Bond at ¶ 2.

Sigmond Declaration Exhibit A Therefore, Cauldwell may advance claims on behalf of Plaintiff in the Fourth Party Action.

DASNY maintains the existence of any liquidating agreement means that Gross may not seek damages for the extra work described in the Sigmond Declaration at paragraphs 8 and 9. However, liquidating agreements do not release the general contractor from liability to the subcontractor for the contractor's separate breaches of contract. *Mars Associates, Inc. v. New York City Educational Const. Fund*, 126 A.D.2d 178, 513 N.Y.S.2d 125 (1st Dep't 1987). The liquidating agreement only liquidates the liability to the amount due to *other* parties. *Id*. Were Gross to not bring suit against American, it would be unable to recover for any of its costs for which Cauldwell was and is directly liable.

Even more frivolous is the argument that DASNY and Cauldwell are either necessary or indispensable parties to Plaintiff's action against American. DASNY's contentions are completely baseless as to both parties. Gross had and has no privity of contract with DASNY and therefore had no cause of action. "It is well settled that a subcontractor may not assert a cause of action to recover damages for breach of contract against a party with whom it is not in privity"]; *see e.g. HDR, Inc. v. International Aircraft Parts, Inc.*, 257 A.D.2d 603, 604, 683 N.Y.S.2d 867 (2d Dept. 1999) ("Neither of these defendants was a party to the contract alleged to have been breached. As such, they cannot be bound by the contract"). Thus, Gross had no cause of action against DASNY. Therefore, DASNY is neither a necessary nor an indispensable party in Plaintiff's action.

Moreover, Cauldwell is clearly neither a necessary party under Rule 19 (a) nor an indispensable party under Rule 19(b). See e.g. *Huber Lathing Corp. v. Aetna Cas. And Sur. Co.*, 132 A.D.2d 597, 598, 517 N.Y.S.2d 758, 760 (2d Dept. 1987) (Holding that a general contractor

is not a necessary party to a payment bond action by a subcontractor against a surety.)

The holding in *Huber* is consistent with the law of suretyship. Under surety law a creditor cannot be compelled to bring in the principal as a defendant in an action against a surety unless the contract expressly so provides. Under surety law; "If the action is to obtain a money judgment against the surety alone, the creditor cannot be compelled to bring in the principal as defendant, unless the suretyship contract expressly provides as a condition precedent to liability on the part of the surety that the principal must be made a party to any action on the undertaking." *Holland v Fahnestock & Co., Inc.*, 210 F.R.D. 487, 500 (S.D.N.Y. 2002) (*citing* 63 N.Y. Jur.2d Guaranty and Suretyship § 335). In *Holland*, the Court denied a defendants 12b(7) motion to dismiss for failure to join an indispensable party where a surety contract existed and plaintiffs brought suit against the surety and elected to not bring suit against the principal. Therefore Gross is fully entitled to bring a lawsuit only American, as Cauldwell, a joint obligee, was not a necessary party.

DASNY also apparently ignores the well-settled doctrine that "co-obligors to an agreement are not "indispensable" parties to a litigation under Rule 19(b). *See, e .g., Newman-Greene, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 838, 109 S.Ct. 2218, 2226, 104 L.Ed.2d 893 (1989) ("given that all of the guarantors … are jointly and severally liable, it cannot be argued that [an absent guarantor] was indispensable to the suit"); *Tehran-Berkeley Civil & Envtl. Eng'r v. Tippetts-Abbett-McCarthy-Stratton,* 888 F.2d 239, 243 (2d Cir.1989) ("We have construed Fed.R.Civ.P. 19 as not mandating the joinder of joint obligors."); *Greenleaf v. Safeway Trails, Inc.,* 140 F.2d 889, 890-91 (2d Cir.) ("one of several joint obligors is not an indispensable party to an action against the others"), *cert. denied,* 322 U.S. 736, 64 S.Ct. 1048, 88 L.Ed. 1569 (1944). The bond clearly states that "the contractor and surety hereby *jointly and severally agree*

6

with the owner" that claimants may sue on the bond. Sigmond Declaration ¶ 6; Exhibit B, Payment Bond at ¶ 2. (Emphasis added). Thus Cauldwell, the contractor, and American, the surety, were both jointly and severally liable to Gross, the claimant under the bond and Plaintiff may choose which party to have as a defendant.

DASNY also argues that the Court should realign the parties and make Cauldwell a defendant in Plaintiff's action (and destroy diversity jurisdiction) because American chose to implead Cauldwell as a third party defendant. If this Court were to align the parties as suggested by DASNY, the result would be contrary to reasoning and result in *Holland*. There, realignment was denied after impleader. The court reasoned:

> Accordingly, even if it is assumed, *arguendo,* that Pullman LLC is a necessary party under Rule19(a), it is not indispensable under Rule 19(b). Plaintiffs can obtain complete relief in this action, because the defendants' liability is joint and several. The named defendants can avoid sole responsibility for the contract breach by impleading or independently suing Pullman LLC. There is no danger that defendants will be subject to inconsistent obligations, because plaintiffs have requested only money damages. And while Pullman LLC may be subject to issue preclusion, its interests are more than adequately represented in the litigation by Pullman.

*Holland*, 210 F.R.D. at 503.

Accordingly, since Plaintiff is able to obtain complete relief in its action against American, DASNY's Rule 19 arguments as to Cauldwell fail. DASNY is not a proper party to direct action by Plaintiff so DASNY's Rule 19 arguments to itself also fail.

### Point 2

### Diversity Jurisdiction was the Result of Actions

### by American, Cauldwell and DASNY

DASNY offers the proposition that Plaintiff colluded to obtain federal diversity

jurisdiction in this matter in violation of 28 U.S.C. § 1359 (1948).    Apparently, DASNY's version of collusion is that Plaintiff sued American and American sued Cauldwell.  This is not collusion.  *Richmond Steel v. Legal and Gen. Assurance Society*, 799 F.Supp. 234, 239 (D. P.R. 1992) (Holding that a subsequent impleader does not establish collusion or justify realigning the parties.)  See also, *Nev. Eighty-Eight v. Title Ins. Co. of Minn.*, 753 F. Supp. 1516, 1526 (D. Nev. 1990) (Holding that the "better view" is to realign third parties according to interests if and only if they are first found to be necessary or indispensable parties.)    As discussed *supra*, Cauldwell is neither a necessary nor an indispensable party to the action between Plaintiff and American.  Therefore, there is no collusion and realignment of the parties is inappropriate.

Moreover, as discussed in the Sigmond Declaration, Cauldwell, American and DASNY created the tri-partite relationship that resulted in the Payment Bond between December 20 and December 27, 2002.  Plaintiff did not become involved in the Project until over a year later, on January 4, 2004.  The claims that are the subject of the Complaint arose after January 4, 2004.  Therefore, Plaintiff had no hand in the events that created diversity jurisdiction for the Complaint.

As discussed it in the Sigmond Declaration, Gross brought suit against American for a number of strategic reasons, the most relevant being the ability to obtain attorney fees pursuant to State Finance Law §137.  Under this law, the Court may determine and award a reasonable attorney's fee to Gross, when, upon reviewing the entire record, it appears the defense interposed to such claim is without substantial basis in fact or law.  A number of facts indicate that Gross may be entitled to attorneys fees under this provision.  *See* Sigmond Declaration at 6, 8-11, Exhibit C.

Accordingly, there is no basis upon which to find that Plaintiff violated 28 U.S.C. §1359

(1948) in commencing this action against American under the Payment Bond.

## CONCLUSION

For the reasons set forth above, DASNY attempt to have the Complaint dismissed should be rejected.

Dated:　New York, New York
　　　　August 15, 2008

　　　　　　　　　　　　　　　　　　/S/ Carol A. Sigmond
　　　　　　　　　　　　　　　　Carol A. Sigmond (CS 2735)
　　　　　　　　　　　　　　　　Dunnington, Bartholow & Miller LLP
　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　1359 Broadway, Suite # 600
　　　　　　　　　　　　　　　　New York, NY 10018
　　　　　　　　　　　　　　　　(212) 682-8811