TUNSTEAD & SCHECHTER
500 North Broadway, Ste. 101
Jericho, New York 11753
(516) 822-4400
By:   Marvin Schechter, Esq. (MS0206)
        Frank P. Ribaudo, Esq. (FR6019)
*Attorneys for Fifth-Party Defendant*
*Aspro Mechanical Contracting, Inc.*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
WILLIAM A. GROSS CONSTRUCTION ASSOCIATES,
INC.,

                                                      Plaintiff,

                           -against-

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                                                      Defendant.
-----------------------------------------------------------------------X
AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                                        Third-Party Plaintiff,
                           -against-

CAULDWELL WINGATE COMPANY, LLC,

                                        Third-Party Plaintiff.
-----------------------------------------------------------------------X
CAULDWELL WINGATE COMPANY, LLC,

                                        Fourth-Party Plaintiff,
                           -against-

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK,

                                        Fourth-Party Defendant.
-----------------------------------------------------------------------X

Caption continued on the next page

**Case No.:**
**07-CV-10639(LAK)(AP)**

**FIFTH-PARTY DEFENDANT
ASPRO MECHANICAL
CONTRACTING, INC.
ANSWER TO FIFTH-PARTY
COMPLAINT AND
<u>COUNTERCLAIMS</u>**

-----------------------------------------------------------------------X

DORMITORY AUTHORITY OF THE STATE OF NEW YORK,

Fifth-Party Plaintiff,

-against-

A. WILLIAMS TRUCKING & BACKHOE TRENCHING, INC., ASPRO MECHANICAL CONTRACTORS, INC., BEAUBOIS CANADA, INC., BOVIS LEND LEASE LMB, INC., CNA SURETY CORPORATION D/B/A AMERICAN CASUALTY COMPANY OF READING, PA, DIERKS HEATING COMPANY, INC. ENCLOS CORPORATION, FIVE STAR ELECTRIC CORPORATION, FUTURE TECH CONSULTANTS OF NEW YORK., INC., HERITAGE AIR SYSTEMS, INC., HUGH O'KANE ELECTRIC CO., LLC, MATERIALS TESTING LAB, INC., PYRAMID FIRE PROTECTION, INC. RAFAEL VINOLY ARCHITECTS P.C., SMI-OWEN STEEL COMPANY, INC., STONEWALL CONTRACTING CORPORATION, TRACTEL LTD. SWINGSTAGE DIVISION,

Fifth-Party Defendants.

-----------------------------------------------------------------------X

Fifth-Party Defendant Aspro Mechanical Contracting, Inc., mistakenly sued herein as Aspro Mechanical Contractors, Inc. ("Aspro"), by its attorneys, Tunstead & Schechter, as and for its Answer to the Fifth-Party Complaint herein, alleges as follows:

1.    Deny each and every allegation contained in paragraph 1 of the Fifth-Party Complaint, except admit the project underlying the dispute is the construction of a new criminal court complex, the Bronx County Hall of Justice (the "Complex"

2

or the "Project") located in Bronx County, New York, and that the Project was financed and managed by DASNY.

2.    Deny each and every allegation contained in paragraph 2 of the Fifth-Party Complaint, except admit that Aspro is a contractor engaged by DASNY to perform construction work at the Project.

3.    Deny each and every allegation contained in paragraphs 3, 4, 76, and 77 of the Fifth-Party Complaint.

4.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, and 94 of the Fifth-Party Complaint.

5.    Admit each and every allegation contained in paragraphs 7 and 75 of the Fifth-Party Complaint, and respectfully refer this Court to the originals of all documents cited therein for their terms and conditions.

## AS AND FOR THE FIRST CLAIM FOR RELIEF

6.    As to paragraph 95 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to

paragraphs 1 through 94 of the Fifth-Party Complaint as if more specifically set forth herein.

7.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 96, 97, 98, 99, and 100 of the Fifth-Party Complaint.

<u>AS AND FOR THE SECOND CLAIM FOR RELIEF</u>

8.  As to paragraph 101 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 100 of the Fifth-Party Complaint as if more specifically set forth herein.

9.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 102, 103, 104, and 105 of the Fifth-Party Complaint.

<u>AS AND FOR THE THIRD CLAIM FOR RELIEF</u>

10.  As to paragraph 106 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 105 of the Fifth-Party Complaint as if more specifically set forth herein.

11.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Fifth-Party Complaint.

<u>AS AND FOR THE FOURTH CLAIM FOR RELIEF</u>

12.  As to paragraph 108 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to

paragraphs 1 through 107 of the Fifth-Party Complaint as if more specifically set forth herein.

13.  Admit each and every allegation contained in paragraph 109 of the Fifth-Party Complaint.

14.  Deny each and every allegations contained in paragraphs 110, 111, 112, 113, and 114 of the Fifth-Party Complaint.

<u>AS AND FOR THE FIFTH CLAIM FOR RELIEF</u>

15.  As to paragraph 115 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 114 of the Fifth-Party Complaint as if more specifically set forth herein.

16.  Deny each and every allegation contained in paragraph 116 of the Fifth-Party Complaint except admit that Article 9, Section 9.01 of the General Conditions of the Aspro Contract is a provision concerning time of completion, and respectfully refer all statements of law to this Court and further refer this Court to the originals of all documents cited therein for their terms and conditions.

17.  Deny each and every allegation contained in paragraphs 117, 118, and 119 of the Fifth-Party Complaint.

<u>AS AND FOR THE SIXTH CLAIM FOR RELIEF</u>

18.  As to paragraph 120 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to

paragraphs 1 through 119 of the Fifth-Party Complaint as if more specifically set forth herein.

19.  Deny each and every allegation contained in paragraph 121 of the Fifth-Party Complaint.

<u>AS AND FOR THE SEVENTH CLAIM FOR RELIEF</u>

20.  As to paragraph 122 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 121 of the Fifth-Party Complaint as if more specifically set forth herein.

21.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 123, 124, 125, 126, 127, and 128 of the Fifth-Party Complaint.

<u>AS AND FOR THE EIGHTH CLAIM FOR RELIEF</u>

22.  As to paragraph 129 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 128 of the Fifth-Party Complaint as if more specifically set forth herein.

23.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 130, 131, 132, and 133 of the Fifth-Party Complaint.

<u>AS AND FOR THE NINTH CLAIM FOR RELIEF</u>

24.  As to paragraph 134 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to

paragraphs 1 through 133 of the Fifth-Party Complaint as if more specifically set forth herein.

25.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the Fifth-Party Complaint.

<u>AS AND FOR THE TENTH CLAIM FOR RELIEF</u>

26.  As to paragraph 136 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 135 of the Fifth-Party Complaint as if more specifically set forth herein.

27.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 137, 138, 139, 140, and 141 of the Fifth-Party Complaint.

<u>AS AND FOR THE ELEVENTH CLAIM FOR RELIEF</u>

28.  As to paragraph 142 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 141 of the Fifth-Party Complaint as if more specifically set forth herein.

29.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 143, 144, 145, and 146 of the Fifth-Party Complaint.

### AS AND FOR THE TWELFTH CLAIM FOR RELIEF

30.  As to paragraph 147 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 146 of the Fifth-Party Complaint as if more specifically set forth herein.

31.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the Fifth-Party Complaint.

### AS AND FOR THE THIRTEENTH CLAIM FOR RELIEF

32.  As to paragraph 149 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 148 of the Fifth-Party Complaint as if more specifically set forth herein.

33.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 150, 151, 152, 153, and 154 of the Fifth-Party Complaint.

### AS AND FOR THE FOURTEENTH CLAIM FOR RELIEF

34.  As to paragraph 155 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 154 of the Fifth-Party Complaint as if more specifically set forth herein.

35.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 of the Fifth-Party Complaint.

AS AND FOR THE FIFTEENTH CLAIM FOR RELIEF

36.  As to paragraph 157 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 156 of the Fifth-Party Complaint as if more specifically set forth herein.

37.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 158, 159, 160, 161, and 162 of the Fifth-Party Complaint.

AS AND FOR THE SIXTEENTH CLAIM FOR RELIEF

38.  As to paragraph 163 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 162 of the Fifth-Party Complaint as if more specifically set forth herein.

39.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 164, 165, 166, and 167 of the Fifth-Party Complaint.

AS AND FOR THE SEVENTEENTH CLAIM FOR RELIEF

40.  As to paragraph 168 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to

paragraphs 1 through 167 of the Fifth-Party Complaint as if more specifically set forth herein.

41.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169 of the Fifth-Party Complaint.

<u>AS AND FOR THE EIGHTEENTH CLAIM FOR RELIEF</u>

42.  As to paragraph 170 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 169 of the Fifth-Party Complaint as if more specifically set forth herein.

43.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 171, 172, 173, 174, and 175 of the Fifth-Party Complaint.

<u>AS AND FOR THE NINETEENTH CLAIM FOR RELIEF</u>

44.  As to paragraph 176 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 175 of the Fifth-Party Complaint as if more specifically set forth herein.

45.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 177, 178, 179, and 180 of the Fifth-Party Complaint.

## AS AND FOR THE TWENTIETH CLAIM FOR RELIEF

46.  As to paragraph 181 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 180 of the Fifth-Party Complaint as if more specifically set forth herein.

47.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182 of the Fifth-Party Complaint.

## AS AND FOR THE TWENTY-FIRST CLAIM FOR RELIEF

48.  As to paragraph 183 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 182 of the Fifth-Party Complaint as if more specifically set forth herein.

49.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 184, 185, 186, 187, and 188 of the Fifth-Party Complaint.

## AS AND FOR THE TWENTY-SECOND CLAIM FOR RELIEF

50.  As to paragraph 189 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 188 of the Fifth-Party Complaint as if more specifically set forth herein.

51.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 190, 191, 192, and 193 of the Fifth-Party Complaint.

<u>AS AND FOR THE TWENTY-THIRD CLAIM FOR RELIEF</u>

52.  As to paragraph 194 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 193 of the Fifth-Party Complaint as if more specifically set forth herein.

53.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 195 of the Fifth-Party Complaint.

<u>AS AND FOR THE TWENTY-FOURTH CLAIM FOR RELIEF</u>

54.  As to paragraph 196 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 195 of the Fifth-Party Complaint as if more specifically set forth herein.

55.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 197, 198, 199, 200, and 201 of the Fifth-Party Complaint.

<u>AS AND FOR THE TWENTY-FIFTH CLAIM FOR RELIEF</u>

56.  As to paragraph 202 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to

paragraphs 1 through 201 of the Fifth-Party Complaint as if more specifically set forth herein.

57. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 203, 204, 205, and 206 of the Fifth-Party Complaint.

### AS AND FOR THE TWENTY-SIXTH CLAIM FOR RELIEF

58. As to paragraph 207 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 206 of the Fifth-Party Complaint as if more specifically set forth herein.

59. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 208 of the Fifth-Party Complaint.

### AS AND FOR THE TWENTY-SEVENTH CLAIM FOR RELIEF

60. As to paragraph 209 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 208 of the Fifth-Party Complaint as if more specifically set forth herein.

61. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 210, 211, 212, 213, 214, and 215 of the Fifth-Party Complaint.

AS AND FOR THE TWENTY-EIGHTH CLAIM FOR RELIEF

62.  As to paragraph 216 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 215 of the Fifth-Party Complaint as if more specifically set forth herein.

63.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 217, 218, 219, and 220 of the Fifth-Party Complaint.

AS AND FOR THE TWENTY-NINTH CLAIM FOR RELIEF

64.  As to paragraph 221 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 220 of the Fifth-Party Complaint as if more specifically set forth herein.

65.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 222 of the Fifth-Party Complaint.

AS AND FOR THE THIRTIETH CLAIM FOR RELIEF

66.  As to paragraph 223 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 222 of the Fifth-Party Complaint as if more specifically set forth herein.

67.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraphs 224, 225, 226, 227, 228, and 229 of the Fifth-Party
Complaint.

<u>AS AND FOR THE THIRTY-FIRST CLAIM FOR RELIEF</u>

68.  As to paragraph 230 of the Fifth-Party Complaint,
Aspro repeats, reiterates and realleges each and every answer to
paragraphs 1 through 229 of the Fifth-Party Complaint as if more
specifically set forth herein.

69.  Deny having knowledge or information sufficient to
form a belief as to the truth of the allegations contained in
paragraphs 231, 232, 233, and 234 of the Fifth-Party Complaint.

<u>AS AND FOR THE THIRTY-SECOND CLAIM FOR RELIEF</u>

70.  As to paragraph 235 of the Fifth-Party Complaint,
Aspro repeats, reiterates and realleges each and every answer to
paragraphs 1 through 234 of the Fifth-Party Complaint as if more
specifically set forth herein.

71.  Deny having knowledge or information sufficient to
form a belief as to the truth of the allegations contained in
paragraph 236 of the Fifth-Party Complaint.

<u>AS AND FOR THE THIRTY-THIRD CLAIM FOR RELIEF</u>

72.  As to paragraph 237 of the Fifth-Party Complaint,
Aspro repeats, reiterates and realleges each and every answer to
paragraphs 1 through 236 of the Fifth-Party Complaint as if more
specifically set forth herein.

73.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 238, 239, 240, 241, and 242 of the Fifth-Party Complaint.

### AS AND FOR THE THIRTY-FOURTH CLAIM FOR RELIEF

74.  As to paragraph 243 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 242 of the Fifth-Party Complaint as if more specifically set forth herein.

75.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 244, 245, 246, and 247 of the Fifth-Party Complaint.

### AS AND FOR THE THIRTY-FIFTH CLAIM FOR RELIEF

76.  As to paragraph 248 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 247 of the Fifth-Party Complaint as if more specifically set forth herein.

77.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 249 of the Fifth-Party Complaint.

### AS AND FOR THE THIRTY-SIXTH CLAIM FOR RELIEF

78.  As to paragraph 250 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to

paragraphs 1 through 249 of the Fifth-Party Complaint as if more specifically set forth herein.

79.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 251, 252, 253, 254, and 255 of the Fifth-Party Complaint.

<u>AS AND FOR THE THIRTY-SEVENTH CLAIM FOR RELIEF</u>

80.  As to paragraph 256 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 255 of the Fifth-Party Complaint as if more specifically set forth herein.

81.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 257 of the Fifth-Party Complaint.

<u>AS AND FOR THE THIRTY-EIGHTH CLAIM FOR RELIEF</u>

82.  As to paragraph 258 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 257 of the Fifth-Party Complaint as if more specifically set forth herein.

83.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 259, 260, 261, 262, and 263 of the Fifth-Party Complaint.

<u>AS AND FOR THE THIRTY-NINTH CLAIM FOR RELIEF</u>

84.  As to paragraph 264 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 263 of the Fifth-Party Complaint as if more specifically set forth herein.

85.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 265, 266, and 267 of the Fifth-Party Complaint.

<u>AS AND FOR THE FORTIETH CLAIM FOR RELIEF</u>

86.  As to paragraph 268 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 267 of the Fifth-Party Complaint as if more specifically set forth herein.

87.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 269 of the Fifth-Party Complaint.

<u>AS AND FOR THE FORTY-FIRST CLAIM FOR RELIEF</u>

88.  As to paragraph 270 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 269 of the Fifth-Party Complaint as if more specifically set forth herein.

89.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 271, 272, 273, 274, 275, and 276 of the Fifth-Party Complaint.

## AS AND FOR THE FORTY-SECOND CLAIM FOR RELIEF

90.  As to paragraph 277 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 276 of the Fifth-Party Complaint as if more specifically set forth herein.

91.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 278 of the Fifth-Party Complaint.

## AS AND FOR THE FORTY-THIRD CLAIM FOR RELIEF

92.  As to paragraph 279 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 278 of the Fifth-Party Complaint as if more specifically set forth herein.

93.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 280, 281, 282, and 283 of the Fifth-Party Complaint.

## AS AND FOR THE FORTY-FOURTH CLAIM FOR RELIEF

94.  As to paragraph 284 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 283 of the Fifth-Party Complaint as if more specifically set forth herein.

95.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 285 of the Fifth-Party Complaint.

<u>AS AND FOR THE FORTY-FIFTH CLAIM FOR RELIEF</u>

96.  As to paragraph 286 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 285 of the Fifth-Party Complaint as if more specifically set forth herein.

97.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 287, 288, and 289 of the Fifth-Party Complaint.

<u>AS AND FOR THE FORTY-SIXTH CLAIM FOR RELIEF</u>

98.  As to paragraph 290 of the Fifth-Party Complaint, Aspro repeats, reiterates and realleges each and every answer to paragraphs 1 through 289 of the Fifth-Party Complaint as if more specifically set forth herein.

99.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 291 of the Fifth-Party Complaint.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

100. Fifth-Party Plaintiff has failed to state a cause of action against the Fifth-Party Defendant Aspro upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

101. The Fifth-Party Complaint alleges no facts constituting any liability by the Fifth-Party Defendant Aspro upon which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

102. The Fifth-Party Complaint against the Fifth-Party Defendant Aspro, to the extent it relies upon the Doctrines of Indemnification or Contribution are without enforceability and are lacking in the necessary contract privity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

103. This Court lacks jurisdiction over the claims asserted in the Fifth-Party Complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

104. Aspro has duly performed all and completed all of the work required of it in accordance with its contract.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

105. Upon information and belief, any and all alleged losses sustained by Fifth-Party Plaintiff on account of Fifth-Party Defendant Aspro are due to Fifth-Party Plaintiff's breaches of contract, disruptions, hampering, interfering, impacting, delaying, retarding, impeding, failures to coordinate the work of the prime contractors, incomplete and/or incorrect project Plans and Specifications, irresponsiveness, and poor performance as owner of the subject project.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

106. Fifth-Party Plaintiff's claims are barred by the equitable doctrines of waiver, laches, and unclean hands.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE

107. Fifth-Party Plaintiff did not properly, fully, and/or timely perform all of its contractual obligations in accordance with the terms of its contracts.


AS AND FOR A FIRST COUNTERCLAIM

108. At all times hereinafter mentioned, Fifth-Party Defendant Aspro Mechanical Contracting, Inc., mistakenly sued herein as Aspro Mechanical Contractors, Inc. ("Aspro"), is a New York corporation having its principal place of business at 127-08 Merrick Blvd., Springfield Gardens, New York 11434.

109. Upon information and belief, at all times hereinafter mentioned, Fifth-Party Plaintiff, Dormitory Authority of the State of New York ("DASNY"), is a public benefit corporation with the power to sue and be sued in its own name, having an office at 515 Broadway, Albany, New York 12207-2916.

110. Upon information and belief, at all times hereinafter mentioned, Fifth-Party Defendant, Bovis Lend Lease LMB, Inc. ("Bovis"), is a New York corporation having its principal place

of business at 200 Park Avenue, 9th Floor, New York, New York 10166.

111. On or about November 5, 2001, DASNY and Aspro entered into a written contract, identified as Prime Contract #12, to perform Plumbing work (the "Contract") in which Aspro agreed to furnish and install sanitary, storm, gas, domestic piping, plumbing fixtures and trim, water pumps, water heaters, and sewage ejectors in connection with the construction of the Bronx Criminal Courthouse Project, located in Bronx, New York (the "Project").

112. The Contract was designated as Contract No.12DA# 84008/1380909999/CR51 and was in the sum of $6,263,000.00.  The Contract's original and anticipated completion date was May 31, 2005.

113. The Contract was in all respects regular and was duly approved by all persons, officials and public bodies necessary to render same valid, binding and enforceable against DASNY, and the Contract was duly and fully funded.

114. Aspro thereupon entered into the performance of the Contract and duly performed all of the terms and conditions of said Contract on its part to be performed.

115. The work required to be performed under the Contract was completed by Aspro and accepted by DASNY as being complete.

116. By reason of additions to and deductions from the work required to be performed under the Contract, the Contract price was adjusted and fixed by DASNY at the sum of $7,509,121.00.

117. Payments have been made by DASNY on account of said Contract in the sum of $7,452,802.59.

118. By reason of the foregoing, there is due and owing to Aspro by DASNY the balance of the Contract monies in the sum of $56,318.41, no part of which has been paid although duly demanded.

<u>AS AND FOR A SECOND COUNTERCLAIM</u>

119. Aspro repeats and realleges each and every allegation set forth in the paragraphs herein designated "108" through "118" and hereby incorporates the same as part of this cause of action with the same force and effect as though fully set forth at length herein.

120. In addition to DASNY's breaches of contract set forth above, DASNY further breached the Contract in that it disrupted, hampered, interfered with, impacted, delayed retarded and impeded Aspro's performance and completion of the work for a minimum of 18 months beyond the May 31, 2005 contract completion date, none of which was contemplated or anticipated by Aspro at the time it entered into the Contract.

121. The impacts, delays and inefficiencies caused by DASNY to Aspro and its subcontractor were directly related to the

failure of DASNY and its Construction Manager, ("Bovis") to coordinate the work of the Prime Contractors, failure to properly administer the contract, failure to produce workable progress schedules, changes and changed conditions to the contract which caused excessive amounts of change orders to Aspro and the other prime contractors, failure of DASNY's architects, engineers and Bovis to respond timely or properly to numerous Requests For Information ("RFI's") submitted by Aspro and the other prime contractors, Bovis' direction to Aspro to work in areas where required construction work had not been started and caused Aspro to work around areas of work which was not completed by DASNY, and other causes including but not limited to the following:

> a. Design deficiencies, conflicts, issuance of extraordinary volume of scope changes and RFIs;
>
> b. Incomplete, insufficient, and uncoordinated design drawings;
>
> c. Design modifications due to incomplete, insufficient, and uncoordinated original design drawings;
>
> d. Lack of Vertical Transportation lifts;
>
> e. Lack of Temporary Power and Light;
>
> f. Late Release of Bathrooms;

g. Failure of building structural steel and decking to advance in accordance with the Project Construction Schedule;

h. Additional drafting time as a result of the constant design relocation of piping throughout the project;

i. Additional scope of Installation as a result of the constant design changes that required repeated rerouting of the plumbing pipes, with offsets and loops that were never contemplated, anticipated, or a part of the original design drawings; and

j. Coordination drawings approved by the project's architect did not display actual conditions in ceilings that required pipe installation to be routed around duct work, other pipe systems, steel support beams, and braces; and

k. Other breaches of contract.

122. By reason of the foregoing, Aspro and its subcontractor have sustained and incurred unanticipated labor inefficiencies, additional and increased labor and material costs that were not contemplated or anticipated by Aspro resulting in increased, additional and extended costs and expenses in the sum of $2,977,356.00, as follows:

| | |
|---|---|
| a. Extended Project Supervision | $   207,232.00 |
| b. Extended Project Administration | $   140,250.00 |
| c. Labor Escalation | $   174,817.00 |
| d. Material Escalation | $   105,178.00 |
| e. Extended Field Office Overhead | $    30,951.00 |
| f. Loss of Productivity | $1,648,525.00 |
| Subtotal | $2,306,953.00 |
| Overhead & Profit @20% | $   461,391.00 |
| g. Unresolved Extra Work | $    37,898.00 |
| h. Subcontractor Claim (Hailey Insulation Corp.) | $   171,114.00 |
| i. Total Claim | $2,977,356.00 |

123. DASNY has refused to pay Aspro the sum of $2,977,356.00 although duly demanded to do so by Aspro.

124. By reason of the foregoing breaches of contract by DASNY, Aspro has been damaged by DASNY in the sum of $2,977,356.00, no part of which has been paid although duly demanded.

### DEMAND FOR A JURY TRIAL

125. Aspro demands a trial by jury as to all issues above.


WHEREFORE, Fifth-Party Defendant Aspro Mechanical Contracting, Inc., mistakenly sued herein as Aspro Mechanical Contractors, Inc., demands judgment:

(a)   dismissing the Fifth-Party Complaint in its entirety

on the merits together with the costs, disbursements

and expenses of this action including attorney's fees;

(b)   on its first counterclaim, judgment against DASNY in the

sum of $56,318.41 with interest thereon from November 4,

2006;

(c)   on its second counterclaim, judgment against DASNY in

the amount of $2,977,356.00, with interest thereon from

November 4, 2006; and

(d)   an award of such other, further and different relief as

this court may deem just and proper.

Dated:    Jericho, New York
          September 2, 2008

                              Yours, etc.

                              Marvin Schechter, Esq. (MS0206)
                              Frank P. Ribaudo, Esq. (FR6019)
                              Tunstead & Schechter
                              500 North Broadway, Suite 101
                              Jericho, New York 11753
                              (516) 822-4400