TUNSTEAD & SCHECHTER
500 North Broadway, Ste. 101
Jericho, New York 11753
(516) 822-4400
By:   Marvin Schechter, Esq. (MS0206)
        Frank P. Ribaudo, Esq. (FR6019)
*Attorneys for Fifth-Party Defendant*
*Hugh O'Kane Electric Co., Inc.*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
WILLIAM A. GROSS CONSTRUCTION ASSOCIATES,
INC.,

|  |  |
|---|---|
| | Plaintiff, |
| -against- | |

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                                                        Defendant.
---------------------------------------------------------------------X
AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                              Third-Party Plaintiff,
              -against-

CAULDWELL WINGATE COMPANY, LLC,

                              Third-Party Plaintiff.
---------------------------------------------------------------------X
CAULDWELL WINGATE COMPANY, LLC,

                              Fourth-Party Plaintiff,
              -against-

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK,

                              Fourth-Party Defendant.
---------------------------------------------------------------------X

**Case No.:**
**07-CV-10639(LAK)(AP)**

**FIFTH-PARTY DEFENDANT**
**HUGH O'KANE ELECTRIC**
**CO., LLC ANSWER TO**
**FIFTH-PARTY COMPLAINT**
**AND COUNTERCLAIMS**

Caption continued on the next page

```
-----------------------------------------------------------------------X
```

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK,

                              Fifth-Party Plaintiff,

              -against-

A.  WILLIAMS    TRUCKING   &   BACKHOE
TRENCHING,   INC.,   ASPRO   MECHANICAL
CONTRACTORS, INC., BEAUBOIS CANADA, INC.,
BOVIS LEND LEASE LMB, INC., CNA SURETY
CORPORATION D/B/A AMERICAN CASUALTY
COMPANY OF READING, PA, DIERKS HEATING
COMPANY, INC. ENCLOS CORPORATION, FIVE
STAR ELECTRIC CORPORATION, FUTURE TECH
CONSULTANTS OF NEW YORK., INC., HERITAGE
AIR SYSTEMS, INC., HUGH O'KANE ELECTRIC
CO., LLC, MATERIALS TESTING LAB, INC.,
PYRAMID FIRE PROTECTION, INC. RAFAEL
VINOLY ARCHITECTS P.C., SMI-OWEN STEEL
COMPANY, INC., STONEWALL CONTRACTING
CORPORATION, TRACTEL LTD. SWINGSTAGE
DIVISION,

                              Fifth-Party Defendants.
```
-----------------------------------------------------------------------X
```

      Fifth-Party Defendant Hugh O'Kane Electric Co., Inc., as

successor in interest to Hugh O'Kane Electric Co., LLC

("O'Kane"), by its attorneys, Tunstead & Schechter, as and for

its Answer to the Fifth-Party Complaint herein, alleges as

follows:

      1.   Deny each and every allegation contained in paragraph

1 of the Fifth-Party Complaint, except admit the project

underlying the dispute is the construction of a new criminal

court complex, the Bronx County Hall of Justice (the "Complex"

or the "Project") located in Bronx County, New York, and that the Project was financed and managed by DASNY.

2.    Deny each and every allegation contained in paragraph 2 of the Fifth-Party Complaint, except admit that O'Kane is a contractor engaged by DASNY to perform construction work at the Project.

3.    Deny each and every allegation contained in paragraphs 3, 4, 81, and 82 of the Fifth-Party Complaint.

4.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, and 94 of the Fifth-Party Complaint.

5.    Deny each and every allegation contained in paragraph 15 of the Fifth-Party Complaint except admit that Hugh O'Kane Electric Co., LLC was at all relevant times, a foreign limited liability company duly organized and existing under the laws of the State of Delaware, and authorized to conduct business in the State of New York, and that Hugh O'Kane Electric Co., Inc. is successor in interest to Hugh O'Kane Electric Co., LLC, and is a foreign corporation duly organized and existing under the laws

of the Sate of Delaware, and authorized to conduct business in the State of New York;  O'Kane's principal place of business is located at 90 White Street, New York, New York 10013.

6.    Admit each and every allegation contained in paragraph 80 of the Fifth-Party Complaint, and respectfully refer this Court to the originals of all documents cited therein for their terms and conditions.

<u>AS AND FOR THE FIRST CLAIM FOR RELIEF</u>

7.    As to paragraph 95 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 94 of the Fifth-Party Complaint as if more specifically set forth herein.

8.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 96, 97, 98, 99, and 100 of the Fifth-Party Complaint.

<u>AS AND FOR THE SECOND CLAIM FOR RELIEF</u>

9.    As to paragraph 101 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 100 of the Fifth-Party Complaint as if more specifically set forth herein.

10.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 102, 103, 104, and 105 of the Fifth-Party Complaint.

AS AND FOR THE THIRD CLAIM FOR RELIEF

11.  As to paragraph 106 of the Fifth-Party Complaint,
O'Kane repeats, reiterates and realleges each and every answer
to paragraphs 1 through 105 of the Fifth-Party Complaint as if
more specifically set forth herein.

12.  Deny having knowledge or information sufficient to
form a belief as to the truth of the allegations contained in
paragraph 107 of the Fifth-Party Complaint.

AS AND FOR THE FOURTH CLAIM FOR RELIEF

13.  As to paragraph 108 of the Fifth-Party Complaint,
O'Kane repeats, reiterates and realleges each and every answer
to paragraphs 1 through 107 of the Fifth-Party Complaint as if
more specifically set forth herein.

14.  Deny having knowledge or information sufficient to
form a belief as to the truth of the allegations contained in
paragraphs 109, 110, 111, 112, 113, and 114 of the Fifth-Party
Complaint.

AS AND FOR THE FIFTH CLAIM FOR RELIEF

15.  As to paragraph 115 of the Fifth-Party Complaint,
O'Kane repeats, reiterates and realleges each and every answer
to paragraphs 1 through 114 of the Fifth-Party Complaint as if
more specifically set forth herein.

16.  Deny having knowledge or information sufficient to
form a belief as to the truth of the allegations contained in
paragraphs 116, 117, 118, and 119 of the Fifth-Party Complaint.

<u>AS AND FOR THE SIXTH CLAIM FOR RELIEF</u>

17.  As to paragraph 120 of the Fifth-Party Complaint,
O'Kane repeats, reiterates and realleges each and every answer
to paragraphs 1 through 119 of the Fifth-Party Complaint as if
more specifically set forth herein.

18.  Deny having knowledge or information sufficient to
form a belief as to the truth of the allegations contained in
paragraph 121 of the Fifth-Party Complaint.

<u>AS AND FOR THE SEVENTH CLAIM FOR RELIEF</u>

19.  As to paragraph 122 of the Fifth-Party Complaint,
O'Kane repeats, reiterates and realleges each and every answer
to paragraphs 1 through 121 of the Fifth-Party Complaint as if
more specifically set forth herein.

20.  Deny having knowledge or information sufficient to
form a belief as to the truth of the allegations contained in
paragraphs 123, 124, 125, 126, 127, and 128 of the Fifth-Party
Complaint.

<u>AS AND FOR THE EIGHTH CLAIM FOR RELIEF</u>

21.  As to paragraph 129 of the Fifth-Party Complaint,
O'Kane repeats, reiterates and realleges each and every answer

to paragraphs 1 through 128 of the Fifth-Party Complaint as if more specifically set forth herein.

22. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 130, 131, 132, and 133 of the Fifth-Party Complaint.

<u>AS AND FOR THE NINTH CLAIM FOR RELIEF</u>

23. As to paragraph 134 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 133 of the Fifth-Party Complaint as if more specifically set forth herein.

24. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the Fifth-Party Complaint.

<u>AS AND FOR THE TENTH CLAIM FOR RELIEF</u>

25. As to paragraph 136 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 135 of the Fifth-Party Complaint as if more specifically set forth herein.

26. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 137, 138, 139, 140, and 141 of the Fifth-Party Complaint.

AS AND FOR THE ELEVENTH CLAIM FOR RELIEF

27.  As to paragraph 142 of the Fifth-Party Complaint,
O'Kane repeats, reiterates and realleges each and every answer
to paragraphs 1 through 141 of the Fifth-Party Complaint as if
more specifically set forth herein.

28.  Deny having knowledge or information sufficient to
form a belief as to the truth of the allegations contained in
paragraphs 143, 144, 145, and 146 of the Fifth-Party Complaint.

AS AND FOR THE TWELFTH CLAIM FOR RELIEF

29.  As to paragraph 147 of the Fifth-Party Complaint,
O'Kane repeats, reiterates and realleges each and every answer
to paragraphs 1 through 146 of the Fifth-Party Complaint as if
more specifically set forth herein.

30.  Deny having knowledge or information sufficient to
form a belief as to the truth of the allegations contained in
paragraph 148 of the Fifth-Party Complaint.

AS AND FOR THE THIRTEENTH CLAIM FOR RELIEF

31.  As to paragraph 149 of the Fifth-Party Complaint,
O'Kane repeats, reiterates and realleges each and every answer
to paragraphs 1 through 148 of the Fifth-Party Complaint as if
more specifically set forth herein.

32.  Deny having knowledge or information sufficient to
form a belief as to the truth of the allegations contained in

paragraphs 150, 151, 152, 153, and 154 of the Fifth-Party Complaint.

### AS AND FOR THE FOURTEENTH CLAIM FOR RELIEF

33. As to paragraph 155 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 154 of the Fifth-Party Complaint as if more specifically set forth herein.

34. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 of the Fifth-Party Complaint.

### AS AND FOR THE FIFTEENTH CLAIM FOR RELIEF

35. As to paragraph 157 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 156 of the Fifth-Party Complaint as if more specifically set forth herein.

36. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 158, 159, 160, 161, and 162 of the Fifth-Party Complaint.

### AS AND FOR THE SIXTEENTH CLAIM FOR RELIEF

37. As to paragraph 163 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 162 of the Fifth-Party Complaint as if more specifically set forth herein.

38.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 164, 165, 166, and 167 of the Fifth-Party Complaint.

### AS AND FOR THE SEVENTEENTH CLAIM FOR RELIEF

39.  As to paragraph 168 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 167 of the Fifth-Party Complaint as if more specifically set forth herein.

40.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169 of the Fifth-Party Complaint.

### AS AND FOR THE EIGHTEENTH CLAIM FOR RELIEF

41.  As to paragraph 170 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 169 of the Fifth-Party Complaint as if more specifically set forth herein.

42.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 171, 172, 173, 174, and 175 of the Fifth-Party Complaint.

### AS AND FOR THE NINETEENTH CLAIM FOR RELIEF

43.  As to paragraph 176 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer

to paragraphs 1 through 175 of the Fifth-Party Complaint as if more specifically set forth herein.

44. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 177, 178, 179, and 180 of the Fifth-Party Complaint.

<u>AS AND FOR THE TWENTIETH CLAIM FOR RELIEF</u>

45. As to paragraph 181 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 180 of the Fifth-Party Complaint as if more specifically set forth herein.

46. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182 of the Fifth-Party Complaint.

<u>AS AND FOR THE TWENTY-FIRST CLAIM FOR RELIEF</u>

47. As to paragraph 183 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 182 of the Fifth-Party Complaint as if more specifically set forth herein.

48. Admit each and every allegation contained in paragraph 184 of the Fifth-Party Complaint.

49. Deny each and every allegation contained in paragraphs 185, 186, 187, and 188 of the Fifth-Party Complaint.

AS AND FOR THE TWENTY-SECOND CLAIM FOR RELIEF

50.  As to paragraph 189 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 188 of the Fifth-Party Complaint as if more specifically set forth herein.

51.  Deny each and every allegation contained in paragraph 190 of the Fifth-Party Complaint except admit that Article 9, Section 9.01 of the General Conditions of the O'Kane Contract is a provision concerning time of completion, and respectfully refer all statements of law to this Court and further refer this Court to the originals of all documents cited therein for their terms and conditions.

52.  Deny each and every allegation contained in paragraphs 191, 192, and 193 of the Fifth-Party Complaint.

AS AND FOR THE TWENTY-THIRD CLAIM FOR RELIEF

53.  As to paragraph 194 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 193 of the Fifth-Party Complaint as if more specifically set forth herein.

54.  Deny each and every allegation contained in paragraph 195 of the Fifth-Party Complaint.

AS AND FOR THE TWENTY-FOURTH CLAIM FOR RELIEF

55.  As to paragraph 196 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer

to paragraphs 1 through 195 of the Fifth-Party Complaint as if more specifically set forth herein.

56.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 197, 198, 199, 200, and 201 of the Fifth-Party Complaint.

<u>AS AND FOR THE TWENTY-FIFTH CLAIM FOR RELIEF</u>

57.  As to paragraph 202 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 201 of the Fifth-Party Complaint as if more specifically set forth herein.

58.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 203, 204, 205, and 206 of the Fifth-Party Complaint.

<u>AS AND FOR THE TWENTY-SIXTH CLAIM FOR RELIEF</u>

59.  As to paragraph 207 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 206 of the Fifth-Party Complaint as if more specifically set forth herein.

60.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 208 of the Fifth-Party Complaint.

AS AND FOR THE TWENTY-SEVENTH CLAIM FOR RELIEF

61.  As to paragraph 209 of the Fifth-Party Complaint,
O'Kane repeats, reiterates and realleges each and every answer
to paragraphs 1 through 208 of the Fifth-Party Complaint as if
more specifically set forth herein.

62.  Deny having knowledge or information sufficient to
form a belief as to the truth of the allegations contained in
paragraphs 210, 211, 212, 213, 214, and 215 of the Fifth-Party
Complaint.

AS AND FOR THE TWENTY-EIGHTH CLAIM FOR RELIEF

63.  As to paragraph 216 of the Fifth-Party Complaint,
O'Kane repeats, reiterates and realleges each and every answer
to paragraphs 1 through 215 of the Fifth-Party Complaint as if
more specifically set forth herein.

64.  Deny having knowledge or information sufficient to
form a belief as to the truth of the allegations contained in
paragraphs 217, 218, 219, and 220 of the Fifth-Party Complaint.

AS AND FOR THE TWENTY-NINTH CLAIM FOR RELIEF

65.  As to paragraph 221 of the Fifth-Party Complaint,
O'Kane repeats, reiterates and realleges each and every answer
to paragraphs 1 through 220 of the Fifth-Party Complaint as if
more specifically set forth herein.

66. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 222 of the Fifth-Party Complaint.

<u>AS AND FOR THE THIRTIETH CLAIM FOR RELIEF</u>

67. As to paragraph 223 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 222 of the Fifth-Party Complaint as if more specifically set forth herein.

68. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 224, 225, 226, 227, 228, and 229 of the Fifth-Party Complaint.

<u>AS AND FOR THE THIRTY-FIRST CLAIM FOR RELIEF</u>

69. As to paragraph 230 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 229 of the Fifth-Party Complaint as if more specifically set forth herein.

70. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 231, 232, 233, and 234 of the Fifth-Party Complaint.

<u>AS AND FOR THE THIRTY-SECOND CLAIM FOR RELIEF</u>

71. As to paragraph 235 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer

to paragraphs 1 through 234 of the Fifth-Party Complaint as if more specifically set forth herein.

72.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 236 of the Fifth-Party Complaint.

<u>AS AND FOR THE THIRTY-THIRD CLAIM FOR RELIEF</u>

73.  As to paragraph 237 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 236 of the Fifth-Party Complaint as if more specifically set forth herein.

74.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 238, 239, 240, 241, and 242 of the Fifth-Party Complaint.

<u>AS AND FOR THE THIRTY-FOURTH CLAIM FOR RELIEF</u>

75.  As to paragraph 243 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 242 of the Fifth-Party Complaint as if more specifically set forth herein.

76.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 244, 245, 246, and 247 of the Fifth-Party Complaint.

## AS AND FOR THE THIRTY-FIFTH CLAIM FOR RELIEF

77.  As to paragraph 248 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 247 of the Fifth-Party Complaint as if more specifically set forth herein.

78.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 249 of the Fifth-Party Complaint.

## AS AND FOR THE THIRTY-SIXTH CLAIM FOR RELIEF

79.  As to paragraph 250 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 249 of the Fifth-Party Complaint as if more specifically set forth herein.

80.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 251, 252, 253, 254, and 255 of the Fifth-Party Complaint.

## AS AND FOR THE THIRTY-SEVENTH CLAIM FOR RELIEF

81.  As to paragraph 256 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 255 of the Fifth-Party Complaint as if more specifically set forth herein.

82.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 257 of the Fifth-Party Complaint.

### AS AND FOR THE THIRTY-EIGHTH CLAIM FOR RELIEF

83.  As to paragraph 258 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 257 of the Fifth-Party Complaint as if more specifically set forth herein.

84.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 259, 260, 261, 262, and 263 of the Fifth-Party Complaint.

### AS AND FOR THE THIRTY-NINTH CLAIM FOR RELIEF

85.  As to paragraph 264 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 263 of the Fifth-Party Complaint as if more specifically set forth herein.

86.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 265, 266, and 267 of the Fifth-Party Complaint.

### AS AND FOR THE FORTIETH CLAIM FOR RELIEF

87.  As to paragraph 268 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer

to paragraphs 1 through 267 of the Fifth-Party Complaint as if more specifically set forth herein.

88. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 269 of the Fifth-Party Complaint.

<u>AS AND FOR THE FORTY-FIRST CLAIM FOR RELIEF</u>

89. As to paragraph 270 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 269 of the Fifth-Party Complaint as if more specifically set forth herein.

90. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 271, 272, 273, 274, 275, and 276 of the Fifth-Party Complaint.

<u>AS AND FOR THE FORTY-SECOND CLAIM FOR RELIEF</u>

91. As to paragraph 277 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 276 of the Fifth-Party Complaint as if more specifically set forth herein.

92. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 278 of the Fifth-Party Complaint.

AS AND FOR THE FORTY-THIRD CLAIM FOR RELIEF

93.  As to paragraph 279 of the Fifth-Party Complaint,
O'Kane repeats, reiterates and realleges each and every answer
to paragraphs 1 through 278 of the Fifth-Party Complaint as if
more specifically set forth herein.

94.  Deny having knowledge or information sufficient to
form a belief as to the truth of the allegations contained in
paragraphs 280, 281, 282, and 283 of the Fifth-Party Complaint.

AS AND FOR THE FORTY-FOURTH CLAIM FOR RELIEF

95.  As to paragraph 284 of the Fifth-Party Complaint,
O'Kane repeats, reiterates and realleges each and every answer
to paragraphs 1 through 283 of the Fifth-Party Complaint as if
more specifically set forth herein.

96.  Deny having knowledge or information sufficient to
form a belief as to the truth of the allegations contained in
paragraph 285 of the Fifth-Party Complaint.

AS AND FOR THE FORTY-FIFTH CLAIM FOR RELIEF

97.  As to paragraph 286 of the Fifth-Party Complaint,
O'Kane repeats, reiterates and realleges each and every answer
to paragraphs 1 through 285 of the Fifth-Party Complaint as if
more specifically set forth herein.

98.  Deny having knowledge or information sufficient to
form a belief as to the truth of the allegations contained in
paragraphs 287, 288, and 289 of the Fifth-Party Complaint.

## AS AND FOR THE FORTY-SIXTH CLAIM FOR RELIEF

99.  As to paragraph 290 of the Fifth-Party Complaint, O'Kane repeats, reiterates and realleges each and every answer to paragraphs 1 through 289 of the Fifth-Party Complaint as if more specifically set forth herein.

100. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 291 of the Fifth-Party Complaint.


## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

101. Fifth-Party Plaintiff has failed to state a cause of action against the Fifth-Party Defendant O'Kane upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

102. The Fifth-Party Complaint alleges no facts constituting any liability by the Fifth-Party Defendant O'Kane upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

103. The Fifth-Party Complaint against the Fifth-Party Defendant O'Kane, to the extent it relies upon the Doctrines of Indemnification or Contribution are without enforceability and are lacking in the necessary contract privity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

104. This Court lacks jurisdiction over the claims asserted in the Fifth-Party Complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

105. O'Kane has duly performed all and completed all of the work required of it in accordance with its contract.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

106. Upon information and belief, any and all alleged losses sustained by Fifth-Party Plaintiff on account of Fifth-Party Defendant O'Kane are due to Fifth-Party Plaintiff's breaches of contract, disruptions, hampering, interfering, impacting, delaying, retarding, impeding, failures to coordinate the work of the prime contractors, incomplete and/or incorrect project Plans and Specifications, irresponsiveness, and poor performance as owner of the subject project.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

107. Fifth-Party Plaintiff's claims are barred by the equitable doctrines of waiver, laches, and unclean hands.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

108. Fifth-Party Plaintiff did not properly, fully and/or timely perform all of its contractual obligations in accordance with the terms of its contracts.

## AS AND FOR A FIRST COUNTERCLAIM

109. At all times hereinafter mentioned, Fifth-Party Defendant Hugh O'Kane Electric Co., Inc., as successor in interest to Hugh O'Kane Electric Co., LLC ("O'Kane"), is a New York corporation having its principal place of business at 90 White Street, New York, New York 10013.

110. Upon information and belief, at all times hereinafter mentioned, Fifth-Party Plaintiff, Dormitory Authority of the State of New York ("DASNY"), is a public benefit corporation with the power to sue and be sued in its own name, having an office at 515 Broadway, Albany, New York 12207-2916.

111. Upon information and belief, at all times hereinafter mentioned, Fifth-Party Defendant, Bovis Lend Lease LMB, Inc. ("Bovis"), is a New York corporation having its principal place of business at 200 Park Avenue, 9th Floor, New York, New York 10166.

112. On or about October 18, 2001, DASNY and O'Kane entered into a written contract, identified as Prime Contract #14, to perform Electrical, Power, Lighting, and Fire Alarm work (the "Contract") in connection with the construction of the Bronx Criminal Courthouse Project, located in Bronx, New York (the "Project").

113. The Contract was designated as Contract No. 14 DA# 84220/138090999/CR53 and was in the sum of $37,900,000.00.  The

23

Contract's original and anticipated completion date was February 28, 2005.

114. The Contract was in all respects regular and was duly approved by all persons, officials and public bodies necessary to render same valid, binding and enforceable against DASNY, and the Contract was duly and fully funded.

115. O'Kane thereupon entered into the performance of the Contract and duly performed all of the terms and conditions of said Contract on its part to be performed.

116. The work required to be performed under the Contract was completed by O'Kane and accepted by DASNY as being complete.

117. By reason of additions to and deductions from the work required to be performed under the Contract, the Contract price was adjusted and fixed by DASNY at the sum of $41,743,266.00.

118. Payments have been made by DASNY on account of said Contract in the sum of $41,178,357.00.

119. By reason of the foregoing, there is due and owing to O'Kane by DASNY the balance of the Contract monies in the sum of $564,909.00 no part of which has been paid although duly demanded.

<u>AS AND FOR A SECOND COUNTERCLAIM</u>

120. O'Kane repeats and realleges each and every allegation set forth in the paragraphs herein designated "109" through "119" and hereby incorporates the same as part of this cause of

action with the same force and effect as though fully set forth at length herein.

121. At the special instance and request of DASNY, O'Kane performed certain extra and additional work in addition to the work required by the Contract as follows:

| Description | Amount | Exhibit Tab Annexed Hereto |
|---|---|---|
| 14 Unapproved/Unaddressed C/O's | $ 6,383.00 | A |
| 15 C/O's awaiting DASNY Approval | $ 379,302.00 | B |
| 100 Claims for extra work | $ 831,950.00 | C |
| Subtotal | $1,217,635.00 | |
| 1% Bonding Cost | $ 12,176.00 | |
| Total Damages | $1,229,811.00 | |

122. O'Kane has performed all of the extra and additional work for the listed items of claim on its part to be performed. The sum of $1,229,811.00 is the fair and reasonable value of the labor furnished and materials supplied by O'Kane for performing the aforesaid extra and additional work.

123. O'Kane has requested DASNY to pay the sum of $1,229,811.00 for the extra and additional work performed and DASNY has failed and refused to pay O'Kane the sum requested and has thereby breached the Contract.

124. By reason of the foregoing there is due and owing to O'Kane by DASNY the sum of $1,229,811.00 no part of which has been paid although duly demanded.

## AS AND FOR A THIRD COUNTERCLAIM

125. O'Kane repeats and realleges each and every allegation set forth in the paragraphs herein designated "109" through "124" and hereby incorporates the same as part of this cause of action with the same force and effect as though fully set forth at length herein.

126. In addition to DASNY's breaches of contract set forth above, DASNY further breached the Contract in that it imposed improper backcharges against O'Kane of $195,790.00 and deducted the sum of $195,790.00 from the monies due and owing to O'Kane. A complete list of improper backcharges has been annexed hereto as Exhibit D.

127. O'Kane protested the improper backcharges imposed by DASNY and did not agree to or approve the imposed backcharges.

128. DASNY has thereby breached the subcontract.

129. DASNY has refused to pay O'Kane the sum of $195,790.00 although duly demanded to do so by O'Kane.

130. By reason of the foregoing, O'Kane has been damaged by DASNY in the sum of $195,790.00, no part of which has been paid although duly demanded.

## AS AND FOR A FOURTH COUNTERCLAIM

131. O'Kane repeats and realleges each and every allegation set forth in the paragraphs herein designated "109" through "130" and hereby incorporates the same as part of this cause of action with the same force and effect as though fully set forth at length herein.

132. In addition to DASNY's breaches of contract set forth above, DASNY further breached the Contract in that it disrupted, hampered, interfered with, impacted, delayed retarded and impeded O'Kane's performance and completion of the work for a minimum of 22 months beyond the February 28, 2005 contract completion date, none of which was contemplated or anticipated by O'Kane at the time it entered into the Contract.

133. The impacts, delays and inefficiencies caused by DASNY to O'Kane and its subcontractors were directly related to the failure of DASNY and its Construction Manager, ("Bovis") to coordinate the work of the prime contractors, failure to properly administer the contract, failure to produce workable progress schedules, changes and changed conditions to the contract which caused excessive amounts of change orders to O'Kane and the other prime contractors, failure of DASNY's architects, engineers and Bovis to respond timely or properly to numerous Requests For Information ("RFI's") submitted by O'Kane and the other Prime Contractors, Bovis' direction to O'Kane and

its subcontractors to work in areas where required construction work had not been started and caused O'Kane to work around areas of work which were not completed by DASNY, and other causes including but not limited to the following:

    a. Design deficiencies, conflicts, issuance of extraordinary volume of scope changes and RFIs;

    b. Incomplete, insufficient, and uncoordinated design drawings;

    c. Design modifications due to incomplete, insufficient, and uncoordinated original design drawings;

    d. Failure of building structural steel and decking to advance in accordance with the Project Construction Schedule;

    e. Late releases of the metal decks for concrete slabs, which impacted following trades, including O'Kane;

    f. Failure of DASNY to provide a watertight and climate controlled building;

    g. Failure of the Project partitions and ceilings to advance in accordance with the Project Construction Schedule; and

    h. Other breaches of Contract.

134. By reason of the foregoing, O'Kane and its subcontractor have sustained and incurred unanticipated labor inefficiencies, additional and increased labor costs that were not contemplated or anticipated by O'Kane, resulting in increased, additional and extended costs and expenses in the sum of $16,617,755.00 as follows:

Claim:

|  |  |
|---|---|
| a. Extended Salary, General Foreman | $ 358,085.00 |
| b. Wage Escalation | $2,047,445.00 |
| c. Extended Supervisory Wages | $ 899,474.00 |
| d. Extended Administrative Staff Wages | $ 986,265.00 |
| e. Loss of Productivity | $ 6,830,305.00 |
| f. Other Job Expenses | $ 652,635.00 |
| Subtotal | $11,774,209.00 |
| g. Overhead & Profit ("OH&P")@20% | $ 2,354,842.00 |
| Subtotal | $14,129,051.00 |

| Claim of Subcontractor – | |
|---|---|
| Danco Electrical Contractor, Inc. (See Exhibit E) | $ 2,254,050.00 |
| O'Kane OH&P at 10% $0-10,000 | $ 1,000.00 |
| O'Kane OH&P at 5% $10,001-100,000 | $ 4,500.00 |
| O'Kane OH&P at 3% $100,001 & over | $ 64,622.00 |
| Subtotal | $ 2,324,172.00 |
| O'Kane Subtotal Carried Forward | $ 14,129,051.00 |
| Subtotal | $ 16,453,223.00 |

```
              O'Kane 1% Bonding Cost          $     164,532.00
```

```
                    O'Kane Total Damages:     $   16,617,755.00
```

135. DASNY has refused to pay O'Kane the sum of
$16,617,755.00 although duly demanded to do so by O'Kane.

136. By reason of the foregoing, O'Kane has been damaged by
DASNY in the sum of $16,617,755.00, no part of which has been
paid although duly demanded.


### DEMAND FOR A JURY TRIAL

137. O'Kane demands a trial by jury as to all issues above.


WHEREFORE, Fifth-Party Defendant Hugh O'Kane Electric Co.,
Inc., as successor in interest to Hugh O'Kane Electric Co., LLC
demands judgment:

(a)  dismissing the Fifth-Party Complaint in its entirety
     on the merits together with the costs, disbursements
     and expenses of this action including attorney's fees;

(b)  on its first counterclaim, judgment against DASNY in the
     sum of $564,909.00 with interest thereon from December
     31, 2006;

(c)  on its second counterclaim, judgment against DASNY in
     the sum of $1,229,811.00 with interest thereon from
     December 31, 2006;

(d)  on its third counterclaim, judgment against DASNY in the

sum of $195,790.00, with interest thereon from December 31, 2006;

(e)    on its fourth counterclaim, judgment against DASNY I the sum of 16,617,755.00, with interest thereon from December 31, 2006; and

(f)    an award of such other, further and different relief as this court may deem just and proper.

Dated:    Jericho, New York
          September 2, 2008
                              Yours, etc.

                              Marvin Schechter, Esq. (MS0206)
                              Frank P. Ribaudo, Esq. (FR6019)
                              Tunstead & Schechter
                              500 North Broadway, Suite 101
                              Jericho, New York 11753
                              (516) 822-4400