**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WILLIAM A. GROSS CONSTRUCTION ASSOCIATES,     x
INC.,

            Plaintiff,

    - against -

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

          Defendant.
                x

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

         Third-Party Plaintiff,

    - against -

CAULDWELL WINGATE COMPANY, LLC,

         Third-Party Defendant
                x

CAULDWELL WINGATE COMPANY, LLC,

         Fourth-Party Plaintiff,

    - against -

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK,

         Fourth-Party Defendant
                x

07-CV-10639 (LAK)(AJP)

**ANSWER OF FIFTH-
PARTY DEFENDANT
STONEWALL
CONTRACTING
CORPORATION TO FIFTH
PARTY COMPLAINT**

DORMITORY AUTHORITY OF THE STATE OF NEW YORK,

Fifth-Party Plaintiff,

- against -

A. WILLIAMS TRUCKING & BACKHOE TRENCHING INC., ASPRO MECHANICAL CONTRACTORS, INC., BEAUBOIS CANADA, INC., BOVIS LEND LEASE LMB, INC., CNA SURETY CORPORATION D/B/A AMERICAN CASUALTY COMPANY OF READING, PA, DIERKS HEATING COMPANY, INC., ENCLOS CORPORATION, FIVE STAR ELECTRIC CORPORATION, FUTURE TECH CONSULTANTS OF NEW YORK, INC., HERITAGE AIR SYSTEMS, INC., HUGH O'KANE ELECTRIC CO., LLC, MATERIALS TESTING LAB, INC., PYRAMID FIRE PROTECTION, INC., RAFAEL VINOLY ARCHITECTS P.C., SMI-OWEN STEEL COMPANY, INC., STONEWALL CONTRACTING CORPORATION, TRACTEL LTD. SWINGSTAGE DIVISION,

x

Fifth-Party Defendants

Fifth Party Defendant, STONEWALL CONTRACTING CORPORATION ("Stonewall"), by its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, as and for its Answer to the Fifth-Party Complaint herein alleges:

<b><u>AS TO THE NATURE OF THE ACTION</u></b>

1.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

2.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint except specifically denies any allegation as to fifth-party defendant, Stonewall.

## AS TO JURISDICTION AND VENUE

3.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "3" and "4" of the fifth-party complaint.

## AS TO THE PARTIES

4.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "5", "6", "7", "8", "9","10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20" and "22" of the fifth-party complaint.

## AS TO FACTUAL ALLEGATIONS

5.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "23", "24", "25", "26", "27" and "28" of the fifth-party complaint.

6.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "29", "30", "31", "32", "33", "34" and "35" of the fifth-party complaint.

7.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "36", "37", "38", "39", "40" and "41" of the fifth-party complaint.

8.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "42", "43", "44", "45" and "46" of the fifth-party complaint.

9.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "47", "48", "49", "50", "51", "52", "53", "54", "55", "56","57", 58", "59" and "60" of the fifth-party complaint.

10.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "61" and "62" of the fifth-party complaint.

11.     Denies each and every allegation set forth in paragraph "63" of the fifth-party complaint, except admits that Stonewall entered into a certain contract with the fifth-party plaintiff to perform certain work and begs leave to refer to the original of said contract at trial of this action for its true terms, provisions and legal effect.

12.     Denies each and every allegation set forth in paragraphs "64", "65" and "66" of the fifth-party complaint.

13.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "67", "68", "69" and "70" of the fifth-party complaint.

14.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "71", "72", "73" and "74" of the fifth-party complaint.

15.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "75", "76", and "77" of the fifth-party complaint.

16.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "78" and "79" of the fifth-party.

17.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "80", "81", and "82" of the fifth-party complaint.

18.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "83" and "84" of the fifth-party complaint.

19.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "85", "86" and "87" of the fifth-party complaint.

20.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs"88" and "89" of the fifth-party complaint.

21.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "90", "91", "92", "93" and "94" of the fifth-party complaint.

## AS TO THE FIRST CLAIM FOR RELIEF

22.    Denies each and every allegation set forth in paragraph "95" of the fifth-party complaint except as hereinbefore admitted.

23.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "96", "97", "98", "99" and "100" of the fifth-party complaint.

## AS TO THE SECOND CLAIM FOR RELIEF

24.    Denies each and every allegation set forth in paragraph "101" of the fifth-party complaint except as hereinbefore admitted.

25.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "102", "103", "104", and "105" of the fifth-party complaint.

## AS TO THE THIRD CLAIM FOR RELIEF

26.    Denies each and every allegation set forth in paragraph "106" of the fifth-party complaint except as hereinbefore admitted.

27.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the fifth-party complaint.

## AS TO THE FOURTH CLAIM FOR RELIEF

28.    Denies each and every allegation set forth in paragraph "108" of the fifth-party complaint except as hereinbefore admitted.

29.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "109", "110", "111", "112", "113" AND "114" of the fifth-party complaint.

## AS TO THE FIFTH CLAIM FOR RELIEF

30.    Denies each and every allegation set forth in paragraph "115" of the fifth-party complaint except as hereinbefore admitted.

31.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "116", "117", "118" and "119" of the fifth-party complaint.

## AS TO THE SIXTH CLAIM FOR RELIEF

32.    Denies each and every allegation set forth in paragraph "120" of the fifth-party complaint except as hereinbefore admitted.

33.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the fifth-party complaint.

## AS TO THE SEVENTH CLAIM FOR RELIEF

34.    Denies each and every allegation set forth in paragraph "122" of the fifth-party complaint except as hereinbefore admitted.

35.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "123", "124", "125", "126", "127" and "128" of the fifth-party complaint.

### AS TO THE EIGHTH CLAIM FOR RELIEF

36.     Denies each and every allegation set forth in paragraph "129" of the fifth-party complaint except as hereinbefore admitted.

37.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "130", "131", "132" and "133" of the fifth-party complaint.

### AS TO THE N INTH CLAIM FOR RELIEF

38.     Denies each and every allegation set forth in paragraph "134" of the fifth-party complaint except as hereinbefore admitted.

39.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the fifth-party complaint.

### AS TO THE TENTH CLAIM FOR RELIEF

40.     Denies each and every allegation set forth in paragraph "136" of the fifth-party complaint except as hereinbefore admitted.

41.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "137", "138", "139", "140", and "141" of the fifth-party complaint.

## AS TO THE ELEVENTH CLAIM FOR RELIEF

42.     Denies each and every allegation set forth in paragraph "142" of the fifth-party complaint except as hereinbefore admitted.

43.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "143", "144", "145" and "146" of the fifth-party complaint.

## AS TO THE TWELFTH CLAIM FOR RELIEF

44.     Denies each and every allegation set forth in paragraph "147" of the fifth-party complaint except as hereinbefore admitted.

45.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the fifth-party complaint.

## AS TO THE THIRTEENTH CLAIM FOR RELIEF

46.     Denies each and every allegation set forth in paragraph "149" of the fifth-party complaint except as hereinbefore admitted.

47.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "150", "151", "152", "153" and "154" of the fifth-party complaint.

## AS TO THE FOURTEENTH CLAIM FOR RELIEF

48.     Denies each and every allegation set forth in paragraph "155' of the fifth-party complaint except as hereinbefore admitted.

49.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the fifth-party complaint.

## AS TO THE FIFTEENTH CLAIM FOR RELIEF

50.    Denies each and every allegation set forth in paragraph "157"of the fifth-party complaint except as hereinbefore admitted.

51.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "158", "159", "160", "161" and "162" of the fifth-party complaint.

## AS TO THE SIXTEENTH CLAIM FOR RELIEF

52.    Denies each and every allegation set forth in paragraph "163" of the fifth-party complaint except as hereinbefore admitted.

53.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "164", "165", "166" and "167" of the fifth-party complaint.

## AS TO THE SEVENTEENTH CLAIM FOR RELIEF

54.    Denies each and every allegation set forth in paragraph "168" of the fifth-party complaint except as hereinbefore admitted.

55.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the fifth-party complaint except as here and before admitted.

## AS TO THE EIGHTEENTH CLAIM FOR RELIEF

56.    Denies each and every allegation set forth in paragraph "170" of the fifth-party complaint except as hereinbefore admitted.

57.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "171", "172", "173", "174", and "175" of the fifth-party complaint.

### AS TO THE NINETEENTH CLAIM FOR RELIEF

58.    Denies each and every allegation set forth in paragraph "176" of the fifth-party complaint except as hereinbefore admitted.

59.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "177", "178", "179"  and "180" of the fifth-party complaint.

### AS TO THE TWENTIETH CLAIM FOR RELIEF

60.    Denies each and every allegation set forth in paragraph "181" of the fifth-party complaint except as hereinbefore admitted.

61.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "182" of the fifth-party complaint.

### AS TO THE TWENTY-FIRST CLAIM FOR RELIEF

62.    Denies each and every allegation set forth in paragraph "183" of the fifth party complaint except as hereinbefore admitted.

63.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "184", "185", "186", "187", and "188" of the fifth-party complaint.

### AS TO THE TWENTY-SECOND CLAIM FOR RELIEF

64.    Denies each and every allegation set forth in paragraph "189" of the fifth party complaint except as hereinbefore admitted.

65.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "190", "191", "192" and "193" of the fifth-party complaint.

## AS TO THE TWENTY-THIRD CLAIM FOR RELIEF

66.    Denies each and every allegation set forth in paragraph "194" of the fifth party complaint except as hereinbefore admitted.

67.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "195" of the fifth-party complaint.

## AS TO THE TWENTY-FOURTH CLAIM FOR RELIEF

68.    Denies each and every allegation set forth in paragraph "196" of the fifth party complaint except as hereinbefore admitted.

69.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "197", "198", "199", "200", and "201" of the fifth-party complaint.

## AS TO THE TWENTY-FIFTH CLAIM FOR RELIEF

70.    Denies each and every allegation set forth in paragraph "202" of the fifth party complaint except as hereinbefore admitted.

71.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "203", "204", "205" and "206" of the fifth-party complaint.

## AS TO THE TWENTY-SIXTH CLAIM FOR RELIEF

72.    Denies each and every allegation set forth in paragraph "207" of the fifth party complaint except as hereinbefore admitted.

73.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "208" of the fifth-party complaint.

## AS TO THE TWENTY-SEVENTH CLAIM FOR RELIEF

74.    Denies each and every allegation set forth in paragraph "209" of the fifth party complaint except as hereinbefore admitted.

75.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "210", "211", "212", "213", "214" and "215" of the fifth-party complaint.

## AS TO THE TWENTY-EIGHTH CLAIM FOR RELIEF

76.    Denies each and every allegation set forth in paragraph "216" of the fifth party complaint except as hereinbefore admitted.

77.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "217", "218", "219" and "220" of the fifth-party complaint.

## AS TO THE TWENTY-NINTH CLAIM FOR RELIEF

78.    Denies each and every allegation set forth in paragraph "221" of the fifth party complaint except as hereinbefore admitted.

79.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "222" of the fifth-party complaint.

## AS TO THE THIRTIETH CLAIM FOR RELIEF

80.     Denies each and every allegation set forth in paragraph "223" of the fifth party complaint except as hereinbefore admitted.

81.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "224", "225", "226", "227", "228", and "229" of the fifth-party complaint.

## AS TO THE THIRTY-FIRST CLAIM FOR RELIEF

82.     Denies each and every allegation set forth in paragraph "230" of the fifth party complaint except as hereinbefore admitted.

83.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "231", "232", "233" and "234" of the fifth-party complaint.

## AS TO THE THIRTY-SECOND CLAIM FOR RELIEF

84.     Denies each and every allegation set forth in paragraph "235" of the fifth party complaint except as hereinbefore admitted.

85.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "236" of the fifth-party complaint.

## AS TO THE THIRTY-THIRD CLAIM FOR RELIEF

86.     Denies each and every allegation set forth in paragraph "237" of the fifth party complaint except as hereinbefore admitted.

87.     Denies each and every allegation set forth in paragraph "238" of the fifth-party complaint except admits that Stonewall entered into a certain agreement with the fifth-party

plaintiff and begs leave to refer to the original of said agreement at trial of this action for its true terms, provisions and legal effect.

88.    Denies each and every allegation set forth in paragraphs "239", "240", "241" and "242" of the fifth party complaint except as hereinbefore admitted.

## AS TO THE THIRTY-FOURTH CLAIM FOR RELIEF

89.    Denies each and every allegation set forth in paragraph "243" of the fifth party complaint except as hereinbefore admitted.

90.    Denies each and every allegation set forth in paragraph "244" of the fifth party complaint except admits that Stonewall entered into a certain agreement with the fifth-party plaintiff and begs leave to refer to the original of said agreement at trial of this action for its true terms, provisions and legal effect.

91.    Denies each and every allegation set forth in paragraphs "245", "246" and "247" of the fifth party complaint except as here and before admitted.

## AS TO THE THIRTY-FIFTH CLAIM FOR RELIEF

92.    Denies each and every allegation set forth in paragraph "248" of the fifth party complaint except as hereinbefore admitted.

93.    Denies each and every allegation set forth in paragraph "249" of the fifth party complaint.

## AS TO THE THIRTY-SIXTH CLAIM FOR RELIEF

94.    Denies each and every allegation set forth in paragraph "250" of the fifth party complaint except as hereinbefore admitted.

95.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "251", "252", "253", "254" and "255" of the fifth-party complaint.

### AS TO THE THIRTY-SEVENTH CLAIM FOR RELIEF

96.    Denies each and every allegation set forth in paragraph "256" of the fifth party complaint except as hereinbefore admitted.

97.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "257" of the fifth-party complaint.

### AS TO THE THIRTY-EIGHTH CLAIM FOR RELIEF

98.    Denies each and every allegation set forth in paragraph "258" of the fifth party complaint except as hereinbefore admitted.

99.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "259", "260", "261" "262" and "263" of the fifth-party complaint.

### AS TO THE THIRTY-NINTH CLAIM FOR RELIEF

100.    Denies each and every allegation set forth in paragraph "264" of the fifth party complaint except as hereinbefore admitted.

101.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "265", "266" and "267" of the fifth-party complaint.

## AS TO THE FOURTIETH CLAIM FOR RELIEF

102.    Denies each and every allegation set forth in paragraph "268" of the fifth party complaint except as hereinbefore admitted.

103.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "269" of the fifth-party complaint.

## AS TO THE FOURTY-FIRST CLAIM FOR RELIEF

104.    Denies each and every allegation set forth in paragraph "270" of the fifth party complaint except as hereinbefore admitted.

105.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "271", "272", "273", "274", "275" and "276" of the fifth-party complaint.

## AS TO THE FOURTY-SECOND CLAIM FOR RELIEF

106.    Denies each and every allegation set forth in paragraph "277" of the fifth party complaint except as hereinbefore admitted.

107.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "278" of the fifth-party complaint.

## AS TO THE FOURTY-THIRD CLAIM FOR RELIEF

108.    Denies each and every allegation set forth in paragraph "279" of the fifth party complaint except as hereinbefore admitted.

109.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "280", "281", "282" and "283" of the fifth-party complaint.

## AS TO THE FOURTY-FOURTH CLAIM FOR RELIEF

110.    Denies each and every allegation set forth in paragraph "284" of the fifth party complaint except as hereinbefore admitted.

111.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "285" of the fifth-party complaint.

## AS TO THE FOURTY-FIFTH CLAIM FOR RELIEF

112.    Denies each and every allegation set forth in paragraph "286" of the fifth party complaint except as hereinbefore admitted.

113.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "287", "288" and "289" of the fifth-party complaint.

## AS TO THE FOURTY-SIXTH CLAIM FOR RELIEF

114.    Denies each and every allegation set forth in paragraph "290" of the fifth party complaint except as hereinbefore admitted.

115.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "291" of the fifth-party complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

116.    The complaint fails to state a cause of action against Stonewall upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

117.    The claims of fifth-party plaintiff are barred by fifth-party plaintiff's own breaches of contract.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE
## AND FIRST COUNTER CLAIM

118.    Upon information and belief, fifth-party plaintiff Dormitory Authority of the State of New York ("DASNY") is a public benefit corporation organized and existing under the Public Authorities' Law of the State of New York and maintains their principal place of business at 515 Broadway, Albany, New York.

119.    Stonewall Contracting, Corp. ("Stonewall") is a domestic business corporation duly organized and existing under the laws of the State of New York.

120.    In or about December, 2001, Stonewall entered into a certain contract (contract no. DA84873/1380909999) with DASNY pursuant to which Stonewall agreed to perform certain construction work in connection with a project known as the Bronx Criminal Courthouse Building ("project").

121.    That the contract provided, among other things, that DASNY could make alterations, modifications, additions to and deductions from the plans, specifications and drawings referred to therein and that Stonewall's contract price would be adjusted accordingly.

122.    That pursuant thereto DASNY has issued certain changes orders to Stonewall.

123.    That in addition, DASNY has directed Stonewall to perform certain extra and additional work for which Stonewall is entitled to be paid the fair and reasonable value.

124.    That by reason of the foregoing, there is a balance due and owing to Stonewall from DASNY in an amount not less than $3,500,000.00, no part of which has been paid although duly demanded.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
## AND SECOND COUNTER CLAIM

125.    Stonewall repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "124" inclusive of this answer with the same force and effect as if fully set forth herein.

126.    DASNY materially breached its contract obligations by failing to provide adequate and accurate plans and specifications, by failing to disclose conditions at the site of which it was aware prior to its receipt of bids, by its issuance of many corrective redesigns to overcome the failures in the design, by the issuance of an excessive amount of change orders, by refusing to give timely and proper access to the site as required for Stonewall's work and as set forth in the contract documents, by failing to properly coordinate, supervise and progress the work of the other trades, by failing to grant appropriate extensions of time, by failing to commence work at the project in a timely fashion, by misrepresenting the schedule for the project, by failing to pay Stonewall  substantial additional costs incurred in performing changed or extra work and in performing the contract work, by requiring Stonewall to unreasonably accelerate its work and performance in a sequence other than as called for and contemplated by the contract documents.

127.    DASNY's breaches and misrepresentations were deliberate, willful, reckless and grossly negligent and Stonewall in bidding the contract based upon the bid documents could not have anticipated or contemplated the long delays, interferences and substantially increased costs resulting from DASNY's improper performance of its contract obligations.

128.    The foresaid breaches by DASNY substantially interfered with Stonewall's progress and proper performance of its work and that of its subcontractors and caused

Stonewall's work on the project, and that of its subcontractors, to be extended well beyond the anticipated completion date.

129.    That as a result of the forgoing, Stonewall's cost of performing the work, and that of its subcontractors, was substantially and excessively increased by reason of increase costs for labor and material, extended field supervision, field overhead and general overhead costs beyond what it otherwise would have cost to complete the project, all of which was not contemplated by Stonewall in completing and submitting it's bid for the project.

130.    That by reason of the foregoing, Stonewall has been damaged in a sum not less than $10,000,000.00, no part of which has been paid or duly demanded.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE AND FIRST CROSS CLAIM AGAINST DEFENDANTS BOVIS LEND LEASE LMB, INC, FUTURE TECH CONSULTANTS OF NEW YORK, INC., RAFAEL VINOLY ARCHITECTS, P.C.

131.    Stonewall repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "130" of this answer with the same force and effect as if fully set forth herein.

132.    The fifth-party complaint alleges, among other things, that fifth-party defendants Bovis Lend Lease LMB, Inc. ("Bovis"), Rafael Vinoly Architects, P.C. ("RVA"), and Future Tech Consultants of New York, Inc. ("Future Tech") breached their contracts and obligations to DASNY in connection with the project.

133.    In the event that Stonewall is found liable for damages to any party herein, Stonewall demands judgment in the same amount against Bovis, RVA and Future Tech together with the costs and disbursements of this action to the extent to such damages were the result of said fifth-party defendants' breaches, acts and omissions.

## **JURY DEMAND**

134.    Stonewall hereby demands a jury trial as to all issues of this suit.


**WHEREFORE,** the fifth-party defendant, Stonewall Contracting Corp. respectfully requests judgment dismissing the fifth-party complaint as against it and on its counterclaims and cross claims as set forth herein, together with interest, costs and disbursements of this action and such other and further relief the court deems appropriate.


Dated: New York, New York
        September 3, 2008


                            McElroy, Deutsch, Mulvaney & Carpenter, LLP

                        By:        */s/ Mark A. Rosen*
                            Mark Rosen (MAR-2030)
                            Attorneys for Fifth-Party Defendant
                            Stonewall Contracting Corp.
                            88 Pine Street – 24th Floor
                            New York, New York 10005
                            (212) 483-9490

Mark A. Rosen (MAR-2030)
McElroy, Deutsch, Mulvaney & Carpenter, LLP
88 Pine Street – 24th Floor
New York, New York 10005
(212) 483-9490
Attorneys for Fifth-Party Defendant,
Stonewall Contracting Corp.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM A. GROSS CONSTRUCTION ASSOCIATES, INC.,         x

                                        Plaintiff,

                    - against -

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                                        Defendant.         x

---

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                              Third-Party Plaintiff,

                    -   against  -

CAULDWELL WINGATE COMPANY, LLC,

                              Third-Party Defendant         x

---

CAULDWELL WINGATE COMPANY, LLC,

                              Fourth-Party Plaintiff,

                    -  against  -

DORMITORY AUTHORITY OF THE STATE OF NEW
YORK,

                              Fourth-Party Defendant         x

---

07-CV-10639 (LAK)(AJP)

**CERTIFICATION OF
SERVICE**

DORMITORY AUTHORITY OF THE STATE OF NEW YORK,

Fifth-Party Plaintiff,

- against -

A. WILLIAMS TRUCKING & BACKHOE TRENCHING INC., ASPRO MECHANICAL CONTRACTORS, INC., BEAUBOIS CANADA, INC., BOVIS LEND LEASE LMB, INC., CNA SURETY CORPORATION D/B/A    x AMERICAN CASUALTY COMPANY OF READING, PA, DIERKS HEATING COMPANY, INC., ENCLOS CORPORATION, FIVE STAR ELECTRIC CORPORATION, FUTURE TECH CONSULTANTS OF NEW YORK, INC., HERITAGE AIR SYSTEMS, INC., HUGH O'KANE ELECTRIC CO., LLC, MATERIALS TESTING LAB, INC., PYRAMID FIRE PROTECTION, INC., RAFAEL VINOLY ARCHITECTS P.C., SMI-OWEN STEEL COMPANY, INC., STONEWALL CONTRACTING CORPORATION, TRACTEL LTD. SWINGSTAGE DIVISION,

Fifth-Party Defendants

I certify that on September 3, 2008, I served, by electronic case filing, a copy of Fifth-Party Defendant, Stonewall Contracting Corp.'s Answer to Fifth Party Compliant, on:

**Robert Steven Bernstein**
McCarter & English, LLP (NYC)
245 Park Avenue
New York, NY 10167
212 609-6834
212 609 6921 (fax)
rbernstein@mccarter.com
 *Assigned: 08/18/2008*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

representing

**Beaubois Canada, Inc.**
*(FifthParty Defendant)*

**Beaubois Canada, Inc.**
*(Cross Defendant)*

**Tractel Ltd. Swingstage Division**
*(FifthParty Defendant)*

**Tractel Ltd. Swingstage
Division**
*(Cross Defendant)*

**Edward Thomas Byrne**
Murtagh, Cohen & Byrne
100 North Park Avenue
Rockville Centre, NY 11570
(516)766-3200
(516)-766-3402 (fax)
mcb50@msn.com
 *Assigned: 08/08/2008*
 *ATTORNEY TO BE NOTICED*

representing

**Heritage Air Systems, Inc.**
*(FifthParty Defendant)*

**Heritage Air Systems, Inc.**
*(Cross Defendant)*

**Leonardo D'Alessandro**
Milber Makris Plousadis & Seiden, LLP
(White Plains)
3 Barker Avenue
6th Floor
White Plains, NY 10601
(914)-681-8700
(914)-681-8709 (fax)
ldalessandro@milbermakris.com
 *Assigned: 07/31/2008*
 *ATTORNEY TO BE NOTICED*

representing

**Rafael Vinoly Architects P.C.**
*(FifthParty Defendant)*

**Rafael Vinoly Architects P.C.**
*(Cross Claimant)*

**Rafael Vinoly Architects P.C.**
*(Cross Defendant)*

**Larry F. Gainen**
Ingram Yuzek Gainen Carroll &
Bertolotti, LLP
250 Park Avenue
New York, NY 10177
212-907-9600
 *Assigned: 03/14/2008*
 *ATTORNEY TO BE NOTICED*

representing

**Cauldwell Wingate Company,
LLC**
*(FourthParty Plaintiff)*

**Cauldwell Wingate Company,
LLC**
*(Counter Defendant)*

**Patricia Hewitt**
Ingram Yuzek Gainen Carroll &
Bertolotti, LLP
250 Park Avenue
New York, NY 10177
212-907-9608
212-907-9681 (fax)
phewitt@ingramllp.com
 *Assigned: 02/08/2008*
 *ATTORNEY TO BE NOTICED*

representing

**Cauldwell-Wingate Company,
LLC**
*(ThirdParty Defendant)*

**Cauldwell Wingate Company,
LLC**
*(FourthParty Plaintiff)*

**Cauldwell Wingate Company,
LLC**
*(Counter Defendant)*

**Mark Eliott Klein**
Ingram Yuzek Gainen Carroll &
Bertolotti, LLP
250 Park Avenue
New York, NY 10177
212 907 9657
212 907 9681 (fax)
mklein@ingramllp.com
 *Assigned: 01/14/2008*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

representing

**Cauldwell-Wingate Company,
LLC**
*(ThirdParty Defendant)*

**Todd Krichmar**
NYC Law Department
100 Church Street
New York, NY 10007
(212)-676-0750
(212)-788-8871 (fax)
tkrichma@law.nyc.gov
 *Assigned: 06/13/2008*
 *ATTORNEY TO BE NOTICED*

representing

**Dormitory Authority - State of
New York**
*(FourthParty Defendant)*

**Dormitory Authority - State of New York**
*(Counter Claimant)*


**Dormitory Authority - State of New York**
*(Counter Defendant)*


**Marc Shea Krieg**
Krieg Associates, P.C.
5 Heather Court
Dix Hills, NY 11746
(516)499-8409
631 493-0763 (fax)
01marc@optonline.net
*Assigned: 07/27/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

representing

**Future Tech Consultants of New York, Inc.**
*(FifthParty Defendant)*


**Future Tech Consultants of New York, Inc.**
*(Cross Defendant)*


**Steven I. Levin**
Levin and Glasser, P.C.
420 Lexington Avenue
New York, NY 10170
(212) 867-3636
(212)-661-2446 (fax)
slevin@levinglasserpc.com
*Assigned: 07/31/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

representing

**Five Star Electric Corporation**
*(FifthParty Defendant)*


**Five Star Electric Corporation**
*(Cross Defendant)*


**Edwin Michael Levy**
New York City Law Department
100 Church Street
Room 3-241
NY, NY 10007
212 788 1185
212 788 8872 (fax)
elevy@law.nyc.gov

representing

**Dormitory Authority - State of New York**
*(FourthParty Defendant)*

*Assigned: 07/09/2008*
*ATTORNEY TO BE NOTICED*

**Dormitory Authority - State of New York**
*(Counter Defendant)*

**Neil Edwin McDonell**
Dorsey & Whitney LLP
250 Park Avenue
New York, NY 10177
212-415-9200
212-953-7201 (fax)
mcdonell.neil@dorsey.com
*Assigned: 08/13/2008*
*ATTORNEY TO BE NOTICED*

representing

**Enclos Corporation**
*(FifthParty Defendant)*

**Enclos Corporation**
*(Counter Claimant)*

**Enclos Corporation**
*(Cross Defendant)*

**Frank Peter Ribaudo**
Tunstead & Schechter
500 North Broadway
Jericho, NY 11753
(516)-822-4400
(516)-822-4462 (fax)
frankribaudo@nysbar.com
*Assigned: 07/18/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

representing

**Hugh O'Kane Electric Co., LLC.**
*(FifthParty Defendant)*

**Hugh O'Kane Electric Co., LLC.**
*(Counter Claimant)*

**Hugh O'Kane Electric Co., LLC.**
*(Cross Defendant)*

**Aspro Mechanical**

**Contractors, Inc.**
*(FifthParty Defendant)*

**Aspro Mechanical
Contractors, Inc.**
*(Counter Claimant)*

**Aspro Mechanical
Contractors, Inc.**
*(Cross Defendant)*

**Steven Gordon Rubin**
Steven G. Rubin & Associates, P.C.
340 Willis Avenue
Mineola, NY 11501
(516) 742-1950
(631)-622-0009 (fax)
rubinlaw@optonline.net
 *Assigned: 08/06/2008*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

representing

**Dierks Heating Company, Inc.**
*(FifthParty Defendant)*

**Dierks Heating Company, Inc.**
*(Cross Defendant)*

**Eric A. Ruzicka**
Dorsey & Whitney, L.L.P.
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402-1498
(612) 340-2600
 *Assigned: 08/15/2008*
 *ATTORNEY TO BE NOTICED*

representing

**Enclos Corporation**
*(FifthParty Defendant)*

**Enclos Corporation**
*(Counter Claimant)*

**Enclos Corporation**
*(Cross Defendant)*

**Carol A. Sigmond**
Dunnington, Bartholow & Miller, LLP
477 Madison Avenue

representing

**William A. Gross
Construction Associates, Inc.**
*(Plaintiff)*

12th Floor
New York, NY 10022
(212) 682-8811
(212) 661-7769 (fax)
csigmond@dunnington.com
 *Assigned: 11/28/2007*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

**Matthew Tracy**
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 19th Floor
New York, NY 10006
(212) 221-6900
(212) 221-6989 (fax)
tracy.m@wssllp.com
 *Assigned: 09/03/2008*
 *ATTORNEY TO BE NOTICED*

representing

**CNA Surety Corporation**
*(FifthParty Defendant)*


**CNA Surety Corporation**
*(Cross Claimant)*

**Constantine Tryfon Tzifas**
Arthur J. Semetis, P.C.
21 East 40th Street, 14th Floor
New York, NY 10016
(212)-557-3000
(212)-557-5051 (fax)
ctzifas@semetislaw.com
 *Assigned: 08/01/2008*
 *ATTORNEY TO BE NOTICED*

representing

**Bovis Lend Lease LMB, Inc.**
*(FifthParty Defendant)*


**Bovis Lend Lease LMB, Inc.**
*(Cross Defendant)*

**Steven J. Wells**
Dorsey & Whitney, LLP (MN)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600
 *Assigned: 08/15/2008*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

representing

**Enclos Corporation**
*(Cross Defendant)*


**Enclos Corporation**

*(FifthParty Defendant)*

**Enclos Corporation**
*(Counter Claimant)*

**Vincent J. Zichello**
Zichello & McIntyre, LLP
420 Lexington Avenue, Suite 2800
New York, NY 10170
212-972-5560
212-972-5569 (fax)
zimc@msn.com
 *Assigned: 12/17/2007*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

representing

**American Manufacturers
Mutual Insurance Company**
*(ThirdParty Plaintiff)*

**American Manufacturers
Mutual Insurance Company**
*(Counter Claimant)*

**American Manufacturers
Mutual Insurance Company**
*(Counter Defendant)*

**American Manufacturers
Mutual Insurance Company**
*(Defendant)*

**Stuart S. Zisholtz**
Zisholtz & Zisholtz, L.L.P.
170 Old Country Road
Mineola, NY 11501
(516) 741-2200
(516) 746-0124 (fax)
stu@zzllp.com
 *Assigned: 09/03/2008*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

representing

**Pyramid Fire Protection, Inc.**
*(FifthParty Defendant)*

**Pyramid Fire Protection, Inc.**
*(Counter Claimant)*

**Pyramid Fire Protection, Inc.**

*(Cross Defendant)*

McElroy, Deutsch, Mulvaney & Carpenter, LLP

By:_____*/s/ Mark A. Rosen*_____
       Mark Rosen (MAR-2030)
       Attorneys for Fifth-Party Defendant
       Stonewall Contracting Corp.
       88 Pine Street – 24th Floor
       New York, New York 10005

Dated:  New York, New York
       September 3, 2008