```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
WILLIAM A. GROSS CONSTRUCTION ASSOCIATES:   07-CV-10639(LAK)(AJP)
INC.
                                        :
                    Plaintiff,          :   Answer of Fifth Party
                                        :   Defendant Dierks
        -against-                           Heating Company to
                                        :   Fifth Party Complaint
                                            With Counterclaims
AMERICAN MANUFACTURERS MUTUAL           :   and Cross-claims
INSURANCE COMPANY
                    Defendant.          :

---------------------------------------X
AMERICAN MANUFACTURERS MUTUAL           :
INSURANCE COMPANY,
                                        :
            Third-Party Plaintiff,
                                        :
            -against-
                                        :
CAULDWELL WINGATE COMPANY, LLC,
                                        :
            Third-Party Defendant.
                                        :
---------------------------------------X
CAULDWELL WINGATE COMPANY, LLC,         :

            Fourth-Party Plaintiff,    :

                                        :
            -against-
                                        :
DORMITORY AUTHORITY OF THE STATE OF NEW
YORK.                                   :

                                        :
            Fourth-Party Defendant.
                                        :
---------------------------------------X
```

Caption continued on the next page

1

```
-------------------------------------------X
DORMITORY AUTHORITY OF THE STATE OF NEW      :
YORK,
                                             :
                  Fifth-Party Defendant
                                             :
               -against-
                                             :
A. WILLIAMS TRUCKING & BACKHOE
TRENCHING, INC., ASPRO MECHANICAL            :
CONTRACTORS, INC., BEAUBOIS CANADA, INC.,
BOVIS LEND LEASE LMB, INC., CNA SURETY        :
CORPORATION D/B/A AMERICAN CASUALTY
COMPANY OF READING, PA, DIERKS HEATING        :
COMPANY, INC., ENCLOS CORPORATION, FIVE
STAR ELECTRIC CORPORATION, FUTURE TECH        :
CONSULTANTS OF NEW YORK, INC., HERITAGE
AIR SYSTEMS, INC., HUGH O'KANE ELECTRIC CO.,:
LLC, MATERIALS TESTING LAB, INC., PYRAMID
FIRE PROTECTION, INC., RAFAEL VINOLY          :
ARCHITECTS P.C., SMI-OWEN STEEL COMPANY,
INC., STONEWALL CONTRACTING CORPORATION,      :
TRACTEL LTD. SWINGSTAGE DIVISION.
                                             :
                  Fifth-Party Defendants.
-------------------------------------------X
```

Fifth Party Defendant, Dierks Heating Company, Inc. ("Dierks") by its attorneys Steven G. Rubin & Associates, P.C., alleges as and for its Answer to the Fifth Party Complaint with Counterclaims and Cross-claims, upon information and belief as follows:

In Answer to Nature of Action:

1.    Denies except admits that heretofore on or about November 5, 2001, pursuant to public bidding and in compliance with the laws made and provided therefor, Dierks entered into a written contract with Fifth-Party Plaintiff Dormitory Authority of the State of New York ("DASNY") whereby Dierks was to perform

2

work and supply materials for the project known as Bronx Criminal Court Complex Project # 1380909999/CR49, Contract #10 - Heating & Cooling for the agreed price and fair and reasonable value of $12,614,000.00 ("Contract #10") in connection with construction of the Bronx County Hall of Justice (the "Complex" or the "Project") located in Bronx County, New York financed and managed by DASNY.

2.    Denies, except admits that Dierks entered into Contract #10 with DASNY and respectfully refers to the original therof for true terms and conditions.

In Answer to Jurisdiction and Venue:

3.    Denies.  The supplemental jurisdiction of fourth-party action is subject to a motion by DASNY which has not come to a final decision.  Nothing in this answer, nor the service thereof, nor participation by Dierks in discovery or post answer proceedings shall be deemed a waiver by Dierks to move to dismiss under FRCP 12(c).

4.    If the court has or takes supplemental jurisdiction then venue is admitted.

In Answer to Parties:

5.    Admits.

6.    Denies knowledge or information sufficient to form a belief.

7.    Denies knowledge or information sufficient to form a belief.

8.    Denies knowledge or information sufficient to form a belief.

3

9.    Admits.

10.   Admits.

11.   Denies knowledge or information sufficient to form a belief.

12.   Denies knowledge or information sufficient to form a belief.

13.   Denies knowledge or information sufficient to form a belief.

14.   Denies knowledge or information sufficient to form a belief.

15.   Denies knowledge or information sufficient to form a belief.

16.   Denies knowledge or information sufficient to form a belief.

17.   Denies knowledge or information sufficient to form a belief.

18.   Denies knowledge or information sufficient to form a belief.

19.   Denies knowledge or information sufficient to form a belief.

20.   Denies knowledge or information sufficient to form a belief.

21.   Denies knowledge or information sufficient to form a belief.

22.   Denies knowledge or information sufficient to form a belief.

In Answer to Factual Allegations
The Genesis of the Project:

23.   Denies knowledge or information sufficient to form a belief.

24.   Denies knowledge or information sufficient to form a belief.

25.   Admits.

26.   Denies knowledge or information sufficient to form a belief.

27.   Denies knowledge or information sufficient to form a belief.

28.   Denies knowledge or information sufficient to form a

belief and alleges that Contract #10 (Heating & Cooling) is dated

November 5, 2001.

In Answer to Factual Allegations
The Project Contracts and Problems:

4

29.  Denies knowledge or information sufficient to form a belief except admits that Dierks entered into Contract #10 (Heating & Cooling) and respectfully refers to the original thereof for terms and conditions.

In Answer to Factual Allegations - The Project Design:

30.  Denies knowledge or information sufficient to form a belief as to allegations contained in ¶30 of the Fifth-Party Complaint except refers the court to the terms and conditions of the RVA Contract and refers the court to the herein Fifth Counterclaim against DASNY and Third Cross-Claim against RVA.

31.  Denies knowledge or information sufficient to form a belief as to allegations contained in ¶31 of the Fifth-Party Complaint except refers the court to the terms and conditions of the RVA Contract and refers the court to the herein Fifth Counterclaim against DASNY and Third Cross-Claim against RVA.

32.  Denies knowledge or information sufficient to form a belief as to all of the allegations contained in ¶32 of the Fifth-Party Complaint except refers the court to the design documents for determination of the missing essential design elements for construction and except refers the court to the herein Fifth Counterclaim against DASNY and Third Cross-Claim against RVA.

33.  Denies knowledge or information sufficient to form a belief.

34.  Denies knowledge or information sufficient to form a

belief as to all of the allegations contained in ¶34 of the Fifth-Party Complaint except refers the court to the herein Fifth Counterclaim against DASNY and Third Cross-Claim against RVA.

35.  Denies knowledge or information sufficient to form a belief.

In Answer to Factual Allegations - Construction Management:

36.  Denies knowledge or information sufficient to form a belief as to allegations contained in ¶36 of the Fifth-Party Complaint except refers the court to the terms and conditions of the Bovis Contracts.

37.  Denies knowledge or information sufficient to form a belief as to allegations contained in ¶37 of the Fifth-Party Complaint except refers the court to the terms and conditions of the Bovis Contracts.

38.  Denies knowledge or information sufficient to form a belief except as set forth in the herein Fifth Counterclaim against DASNY.

39.  Denies knowledge or information sufficient to form a belief except as set forth in the herein Fifth Counterclaim against DASNY.

40.  Denies knowledge or information sufficient to form a belief except as set forth in the herein Fifth Counterclaim against DASNY.

41.  Denies knowledge or information sufficient to form a belief except as set forth in the herein Fifth Counterclaim

against DASNY.

In Answer to Factual Allegations-Excavation and Foundation Work:

     42.   Denies knowledge or information sufficient to form a belief and refers to original Williams Contract for its true terms and conditions.

     43.   Denies knowledge or information sufficient to form a belief.

     44.   Denies knowledge or information sufficient to form a belief.

     45.   Denies knowledge or information sufficient to form a belief.

     46.   Denies knowledge or information sufficient to form a belief.

In Answer to Factual Allegations - Structural Steel Work:

     47.   Denies knowledge or information sufficient to form a belief and refers to original SMI-Owen Contract for its true terms and conditions.

     48.   Denies knowledge or information sufficient to form a belief.

     49.   Denies knowledge or information sufficient to form a belief.

     50.   Denies knowledge or information sufficient to form a belief.

     51.   Denies knowledge or information sufficient to form a belief.

     52.   Denies knowledge or information sufficient to form a belief.

     53.   Denies knowledge or information sufficient to form a belief.

     54.   Denies knowledge or information sufficient to form a belief.

     55.   Denies knowledge or information sufficient to form a belief, and refers to original claimed Takeover Agreement for its true terms and conditions.

     56.   Denies knowledge or information sufficient to form a belief and refers to original claimed Takeover Agreement for its true terms and conditions.

57.   Denies knowledge or information sufficient to form a belief.

58.   Denies knowledge or information sufficient to form a belief.

59.   Denies knowledge or information sufficient to form a belief.

60.   Denies knowledge or information sufficient to form a belief.

In Answer to Factual Allegations - Exterior Work:

61.   Denies knowledge or information sufficient to form a belief and refers to original Enclos Contract for its true terms and conditions.

62.   Denies knowledge or information sufficient to form a belief.

In Answer to Factual Allegations - General Contract Work:

63.   Denies knowledge or information sufficient to form a belief and refers to original Stonewall Contract for its true terms and conditions.

64.   Denies knowledge or information sufficient to form a belief.

65.   Denies knowledge or information sufficient to form a belief.

66.   Denies knowledge or information sufficient to form a belief.

In Answer to Factual Allegations Heating
Ventilation and Air Conditioning (HVAC"):

67.   Admits and respectfully refers to the original agreement entered into between DASNY and Dierks, Contract #10, and subsequent approved change orders for their true terms and conditions except alleges that said denoted Dierks Contract #10 is for Heating & Cooling (Equipment, Piping and ATC).

68.   Denies.

69.   Denies.

70.    Denies.

In Answer to Factual Allegations - Sheet Metal Work:

71.    Denies knowledge or information sufficient to form a belief and refers to original Heritage Contract for its true terms and conditions.

72.    Denies knowledge or information sufficient to form a belief.

73.    Denies knowledge or information sufficient to form a belief.

74.    Denies knowledge or information sufficient to form a belief.

In Answer to Factual Allegations - Plumbing:

75.    Denies knowledge or information sufficient to form a belief and refers to original Aspro Contract for its true terms and conditions.

76.    Denies knowledge or information sufficient to form a belief.

77.    Denies knowledge or information sufficient to form a belief.

In Answer to Factual Allegations - Fire Protection:

78.    Denies knowledge or information sufficient to form a belief and refers to original Pyramid Contract for its true terms and conditions.

79.    Denies knowledge or information sufficient to form a belief.

In Answer to Factual Allegations
Building Power and Fire Alarm Systems:

80.    Denies knowledge or information sufficient to form a belief and refers to original O'Kane Contract for its true terms and conditions.

81.    Denies knowledge or information sufficient to form a belief.

82.    Denies knowledge or information sufficient to form a belief.
In Answer to Factual Allegations
Low voltage Electrical Work:

83.    Denies knowledge or information sufficient to form a belief and refers to original Five Star Contract for its true terms and conditions.

84.    Denies knowledge or information sufficient to form a belief.

In Answer to Factual Allegations - Millwork:

85.    Denies knowledge or information sufficient to form a belief and refers to original Beaubois Contracts for their true terms and conditions.

86.    Denies knowledge or information sufficient to form a belief.

87.    Denies knowledge or information sufficient to form a belief.

In Answer to Factual Allegations - Facade Maintenance:

88.    Denies knowledge or information sufficient to form a belief and refers to original Tractel Contract for its true terms and conditions.

89.    Denies knowledge or information sufficient to form a belief.

In Answer to Factual Allegations - Concrete Testing:

90.    Denies knowledge or information sufficient to form a belief and refers to original MTL Contract for its true terms and conditions.

91.    Denies knowledge or information sufficient to form a belief.

92.    Denies knowledge or information sufficient to form a belief.

93.    Denies knowledge or information sufficient to form a

belief and refers to original Future Tech Contract for its true terms and conditions.

94. Denies knowledge or information sufficient to form a belief.

<u>In Answer to First Claim for Relief - Williams:</u>

95. Dierks repeats and realleges its responses to ¶1 through ¶94 herein in response to ¶95.

96. Denies knowledge or information sufficient to form a belief and refers to original Williams contract for its terms and conditions.

97. Denies knowledge or information sufficient to form a belief.

98. Denies knowledge or information sufficient to form a belief.

99. Denies knowledge or information sufficient to form a belief.

100. Denies knowledge or information sufficient to form a belief.

<u>In Answer to Second Claim for Relief - Williams:</u>

101. Dierks repeats and realleges its responses to ¶1 through ¶100 herein in response to ¶101.

102. Denies knowledge or information sufficient to form a belief and refers to original Williams' Contract for its terms and conditions.

103. Denies knowledge or information sufficient to form a belief.

104. Denies knowledge or information sufficient to form a belief.

105. Denies knowledge or information sufficient to form a belief.

<u>In Answer to Third Claim for Relief - Williams:</u>

106. Dierks repeats and realleges its responses to ¶1 through ¶105 herein in response to ¶106.

107. Denies knowledge or information sufficient to form a belief.

In Answer to Fourth Claim for Relief - Aspro:

108. Dierks repeats and realleges its responses to ¶1 through ¶107 herein in response to ¶108.

109. Denies knowledge or information sufficient to form a belief and refers to original Aspro Contract for its terms and conditions.

110. Denies knowledge or information sufficient to form a belief.

111. Denies knowledge or information sufficient to form a belief.

112. Denies knowledge or information sufficient to form a belief.

113. Denies knowledge or information sufficient to form a belief.

114. Denies knowledge or information sufficient to form a belief.

In Answer to Fifth Claim for Relief - Aspro:

115. Dierks repeats and realleges its responses to ¶1 through ¶114 herein in response to ¶115.

116. Denies knowledge or information sufficient to form a belief and refers to original Aspro Contract for its terms and conditions.

117. Denies knowledge or information sufficient to form a belief.

118. Denies knowledge or information sufficient to form a belief.

119. Denies knowledge or information sufficient to form a belief.

In Answer to Sixth Claim for Relief - Aspro:

120. Dierks repeats and realleges its responses to ¶1 through ¶119 herein in response to ¶120.

121. Denies knowledge or information sufficient to form a belief.

In Answer to Seventh Claim for Relief - Beaubois:

122. Dierks repeats and realleges its responses to ¶1 through ¶121 herein in response to ¶122.

123. Denies knowledge or information sufficient to form a belief and refers to original Beaubois Contracts for their terms and conditions.

124. Denies knowledge or information sufficient to form a belief.

125. Denies knowledge or information sufficient to form a belief.

126. Denies knowledge or information sufficient to form a belief.

127. Denies knowledge or information sufficient to form a belief.

128. Denies knowledge or information sufficient to form a belief.

In Answer to Eighth Claim for Relief - Beaubois:

129. Dierks repeats and realleges its responses to ¶1 through ¶128 herein in response to ¶129.

130. Denies knowledge or information sufficient to form a belief and refers to original Beaubois Contracts for their true terms and conditions.

131. Denies knowledge or information sufficient to form a belief.

132. Denies knowledge or information sufficient to form a belief.

133. Denies knowledge or information sufficient to form a belief.

In Answer to Ninth Claim for Relief - Beaubois:

134. Dierks repeats and realleges its responses to ¶1 through ¶133 herein in response to ¶134.

135. Denies knowledge or information sufficient to form a belief.

In Answer to Tenth Claim for Relief - Dierks:

136. Dierks repeats and realleges its responses to ¶1 through ¶135 herein in response to ¶136.

137. Admits.

138. Denies.

139. Denies.

140. Denies.

141. Denies.

In Answer to Eleventh Claim for Relief - Dierks:

142. Dierks repeats and realleges its responses to ¶1 through ¶141 herein in response to ¶142.

143. Admits that Dierks entered into Contract #10 with DASNY and respectfully refers to the original thereof for its true terms and conditions.

144. Denies.

145. Denies.

146. Denies.

In Answer to Twelfth Claim for Relief - Dierks:

147. Dierks repeats and realleges its responses to ¶1 through ¶146 herein in response to ¶147.

148. Denies.

In Answer to Thirteenth Claim for Relief - Enclos:

149. Dierks repeats and realleges its responses to ¶1 through ¶148 herein in response to ¶149.

14

150. Denies knowledge or information sufficient to form a belief and refers to original Enclos Contract for its true terms and conditions.

151. Denies knowledge or information sufficient to form a belief.

152. Denies knowledge or information sufficient to form a belief.

153. Denies knowledge or information sufficient to form a belief.

154. Denies knowledge or information sufficient to form a belief.

<u>In Answer to Fourteenth Claim for Relief - Enclos:</u>

155. Dierks repeats and realleges its responses to ¶1 through ¶154 herein in response to ¶155.

156. Denies knowledge or information sufficient to form a belief.

<u>In Answer to Fifteenth Claim for Relief - Five Star:</u>

157. Dierks repeats and realleges its responses to ¶1 through ¶156 herein in response to ¶157.

158. Denies knowledge or information sufficient to form a belief and refers to original Five Star Contract for its true terms and conditions.

159. Denies knowledge or information sufficient to form a belief.

160. Denies knowledge or information sufficient to form a belief.

161. Denies knowledge or information sufficient to form a belief.

162. Denies knowledge or information sufficient to form a belief.

<u>In Answer to Sixteenth Claim for Relief - Five Star:</u>

163. Dierks repeats and realleges its responses to ¶1 through ¶162 herein in response to ¶163.

164. Denies knowledge or information sufficient to form a

15

belief and refers to original Five Star Contract for its true terms and conditions.

165. Denies knowledge or information sufficient to form a belief.

166. Denies knowledge or information sufficient to form a belief.

167. Denies knowledge or information sufficient to form a belief.

<u>In Answer to Seventeenth Claim for Relief - Five Star:</u>

168. Dierks repeats and realleges its responses to ¶1 through ¶167 herein in response to ¶168.

169. Denies knowledge or information sufficient to form a belief.

<u>In Answer to Eighteenth Claim for Relief - Heritage:</u>

170. Dierks repeats and realleges its responses to ¶1 through ¶169 herein in response to ¶170.

171. Denies knowledge or information sufficient to form a belief and refers to original Heritage Contract for its true terms and conditions.

172. Denies knowledge or information sufficient to form a belief.

173. Denies knowledge or information sufficient to form a belief.

174. Denies knowledge or information sufficient to form a belief.

175. Denies knowledge or information sufficient to form a belief.

<u>In Answer to Nineteenth Claim for Relief - Heritage:</u>

176. Dierks repeats and realleges its responses to ¶1 through ¶175 herein in response to ¶176.

177. Denies knowledge or information sufficient to form a belief and refers to original Heritage Contract for it true terms and conditions.

178. Denies knowledge or information sufficient to form a belief.

179. Denies knowledge or information sufficient to form a belief.

180. Denies knowledge or information sufficient to form a belief.

In Answer to Twentieth Claim for Relief - Heritage:

181. Dierks repeats and realleges its responses to ¶1 through ¶180 herein in response to ¶181.

182. Denies knowledge or information sufficient to form a belief.

In Answer to Twenty-First Claim for Relief - O'Kane:

183. Dierks repeats and realleges its responses to ¶1 through ¶182 herein in response to ¶183.

184. Denies knowledge or information sufficient to form a belief and refers to original O'Kane Contract for it true terms and conditions.

185. Denies knowledge or information sufficient to form a belief.

186. Denies knowledge or information sufficient to form a belief.

187. Denies knowledge or information sufficient to form a belief.

188. Denies knowledge or information sufficient to form a belief.

In Answer to Twenty-Second Claim for Relief - O'Kane:

189. Dierks repeats and realleges its responses to ¶1 through ¶188 herein in response to ¶189.

190. Denies knowledge or information sufficient to form a belief and refers to original O'Kane Contract for its true terms and conditions.

191. Denies knowledge or information sufficient to form a belief.

192. Denies knowledge or information sufficient to form a belief.

193. Denies knowledge or information sufficient to form a belief.

In Answer to Twenty-Third Claim for Relief - O'Kane:

194. Dierks repeats and realleges its responses to ¶1 through ¶193 herein in response to ¶194.

195. Denies knowledge or information sufficient to form a belief.

In Answer to Twenty-Fourth Claim for Relief - Pyramid:

196. Dierks repeats and realleges its responses to ¶1 through ¶195 herein in response to ¶196.

197. Denies knowledge or information sufficient to form a belief and refers to original Pyramid O'Kane Contract for its true terms and conditions.

198. Denies knowledge or information sufficient to form a belief.

199. Denies knowledge or information sufficient to form a belief.

200. Denies knowledge or information sufficient to form a belief.

201. Denies knowledge or information sufficient to form a belief.

In Answer to Twenty-Fifth Claim for Relief - Pyramid:

202. Dierks repeats and realleges its responses to ¶1 through ¶201 herein in response to ¶202.

203. Denies knowledge or information sufficient to form a belief and refers to original Pyramid Contract for its true terms and conditions.

204. Denies knowledge or information sufficient to form a belief.

205. Denies knowledge or information sufficient to form a belief.

206. Denies knowledge or information sufficient to form a belief.

In Answer to Twenty-Sixth Claim for Relief - Pyramid:

18

207. Dierks repeats and realleges its responses to ¶1 through ¶206 herein in response to ¶207.

208. Denies knowledge or information sufficient to form a belief.

In Answer to Twenty-Seventh Claim for Relief - SMI-Owen:

209. Dierks repeats and realleges its responses to ¶1 through ¶208 herein in response to ¶209.

210. Denies knowledge or information sufficient to form a belief and refers to original SMI-Owen Contract for its true terms and conditions.

211. Denies knowledge or information sufficient to form a belief.

212. Denies knowledge or information sufficient to form a belief.

213. Denies knowledge or information sufficient to form a belief.

214. Denies knowledge or information sufficient to form a belief.

215. Denies knowledge or information sufficient to form a belief.

In Answer to Twenty-Eighth Claim for Relief - SMI-Owen:

216. Dierks repeats and realleges its responses to ¶1 through ¶215 herein in response to ¶216.

217. Denies knowledge or information sufficient to form a belief and refers to original SMI-Owen Contract for its true terms and conditions.

218. Denies knowledge or information sufficient to form a belief.

219. Denies knowledge or information sufficient to form a belief.

220. Denies knowledge or information sufficient to form a belief.

In Answer to Twenty-Ninth Claim for Relief - SMI-Owen:

221. Dierks repeats and realleges its responses to ¶1

19

through ¶220 herein in response to ¶221.

222. Denies knowledge or information sufficient to form a belief.

In Answer to Thirtieth Claim for Relief - CNA:

223. Dierks repeats and realleges its responses to ¶1 through ¶222 herein in response to ¶223.

224. Denies knowledge or information sufficient to form a belief and refers to the takeover Agreement for its true terms and conditions.

225. Denies knowledge or information sufficient to form a belief.

226. Denies knowledge or information sufficient to form a belief.

227. Denies knowledge or information sufficient to form a belief.

228. Denies knowledge or information sufficient to form a belief.

229. Denies knowledge or information sufficient to form a belief.

In Answer to Thirty-First Claim for Relief - CNA:

230. Dierks repeats and realleges its responses to ¶1 through ¶229 herein in response to ¶230.

231. Denies knowledge or information sufficient to form a belief and refers to original SMI-Owen Contract for its true terms and conditions.

232. Denies knowledge or information sufficient to form a belief.

233. Denies knowledge or information sufficient to form a belief.

234. Denies knowledge or information sufficient to form a belief.

In Answer to Thirty-Second Claim for Relief - CNA:

235. Dierks repeats and realleges its responses to ¶1 through ¶234 herein in response to ¶235.

236. Denies knowledge or information sufficient to form a belief.

In Answer to Thirty-Third Claim for Relief - Stonewall:

237. Dierks repeats and realleges its responses to ¶1 through ¶236 herein in response to ¶237.

238. Denies knowledge or information sufficient to form a belief and refers to original Stonewall Contract for its true terms and conditions.

239. Denies knowledge or information sufficient to form a belief.

240. Denies knowledge or information sufficient to form a belief.

241. Denies knowledge or information sufficient to form a belief.

242. Denies knowledge or information sufficient to form a belief.

In Answer to Thirty-Fourth Claim for Relief - Stonewall:

243. Dierks repeats and realleges its responses to ¶1 through ¶242 herein in response to ¶243.

244. Denies knowledge or information sufficient to form a belief and refers to original Stonewall Contract for its true terms and conditions.

245. Denies knowledge or information sufficient to form a belief.

246. Denies knowledge or information sufficient to form a belief.

247. Denies knowledge or information sufficient to form a belief.

In Answer to Thirty-Fifth Claim for Relief - Stonewall:

248. Dierks repeats and realleges its responses to ¶1

through ¶247 herein in response to ¶248.

249. Denies knowledge or information sufficient to form a belief.

<u>In Answer to Thirty-Sixth Claim for Relief - Tractel:</u>

250. Dierks repeats and realleges its responses to ¶1 through ¶249 herein in response to ¶250.

251. Denies knowledge or information sufficient to form a belief and refers to original Tractel Contract for its true terms and conditions.

252. Denies knowledge or information sufficient to form a belief.

253. Denies knowledge or information sufficient to form a belief.

254. Denies knowledge or information sufficient to form a belief.

255. Denies knowledge or information sufficient to form a belief.

<u>In Answer to Thirty-Seventh Claim for Relief - Tractel:</u>

256. Dierks repeats and realleges its responses to ¶1 through ¶255 herein in response to ¶256.

257. Denies knowledge or information sufficient to form a belief.

<u>In Answer to Thirty-Eighth Claim for Relief - RVA:</u>

258. Dierks repeats and realleges its responses to ¶1 through ¶257 herein in response to ¶258.

259. Admits.

260. Admits.

261. Admits in part as it relates to the Heating & Cooling\ work and denies knowledge or information sufficient to form a belief as to other allegations contained in ¶261 of the Fifth-

Party Complaint except refers the court to the terms and conditions of the RVA Contract and except as set forth in the herein Fifth Counterclaim against DASNY and Third Cross-Claim against RVA.

262. Denies knowledge or information sufficient to form a belief as to allegations contained in ¶262 of the Fifth-Party Complaint except refers the court to the terms and conditions of the RVA Contract and except as set forth in the herein Fifth Counterclaim against DASNY and First, Second and Third Cross-Claims against RVA.

263. Calls for a conclusion of law.

In Answer to Thirty-Ninth Claim for Relief - RVA:

264. Dierks repeats and realleges its responses to ¶1 through ¶263 herein in response to ¶264.

265. Admits in part and denies knowledge or information sufficient to form a belief in part except refers the court to the herein Fifth Counterclaim against DASNY and First, Second and Third Cross-claims against RVA.

266. Denies knowledge or information sufficient to form a belief except as set forth in herein Fifth Counterclaim against DASNY and First, Second and Third Cross-claims against RVA.

267. Denies knowledge or information sufficient to form a belief.

In Answer to Fortieth Claim for Relief - RVA:

268. Dierks repeats and realleges its responses to ¶1 through ¶267 herein in response to ¶268.

269. Calls for a conclusion of law.

In Answer to Forty First Claim for Relief - Bovis:

270. Dierks repeats and realleges its responses to ¶1 through ¶269 herein in response to ¶270.

271. Denies knowledge or information sufficient to form a belief as to allegations contained in ¶271 of the Fifth-Party Complaint except refers the court to the terms and conditions of the Bovis Contracts.

272. Denies knowledge or information sufficient to form a belief except to the extent of alleging that Bovis was the construction manager retained by DASNY and DASNY terminated the Bovis Contracts.

273. Denies knowledge or information sufficient to form a belief as to which individuals are referred to in allegations contained in ¶273 of the Fifth-Party Complaint and except as set forth in the herein Fifth Counterclaim against DASNY.

274. Denies knowledge or information sufficient to form a belief as to allegations contained in ¶274 of the Fifth-Party Complaint except refers the court to the terms and conditions of the Bovis Contracts and except as set forth in the herein Fifth Counterclaim against DASNY.

275. Denies knowledge or information sufficient to form a belief as to allegations contained in ¶275 of the Fifth-Party Complaint except refers the court to the terms and conditions of Bovis Contracts and except as set forth in the herein Fifth Counterclaim against DASNY.

276. Denies knowledge or information sufficient to form a belief.

<u>In Answer to Forty Second Claim for Relief - Bovis</u>

277. Dierks repeats and realleges its responses to ¶1 through ¶276 herein in response to ¶277.

278. Denies knowledge or information sufficient to form a belief.

<u>In Answer to Forty Third Claim for Relief - Future Tech</u>

279. Dierks repeats and realleges its responses to ¶1 through ¶278 herein in response to ¶279.

280. Denies knowledge or information sufficient to form a belief and refers to original Future Tech Contract for its terms and conditions.

281. Denies knowledge or information sufficient to form a belief.

282. Denies knowledge or information sufficient to form a belief.

283. Denies knowledge or information sufficient to form a belief.

<u>In Answer to Forty Fourth Claim for Relief - Future Tech</u>

284. Dierks repeats and realleges its responses to ¶1

through ¶283 herein in response to ¶284.

285. Denies knowledge or information sufficient to form a belief.

In Answer to Forty Fifth Claim for Relief - MTL

286. Dierks repeats and realleges its responses to ¶1 through ¶285 herein in response to ¶286.

287. Denies knowledge or information sufficient to form a belief refers to original MTL Contract for its terms and conditions..

288. Denies knowledge or information sufficient to form a belief.

289. Denies knowledge or information sufficient to form a belief.

In Answer to Forty Sixth Claim for Relief - MTL

290. Dierks repeats and realleges its responses to ¶1 through ¶289 herein in response to ¶290.

291. Denies knowledge or information sufficient to form a belief.

292. No response required.

### AS FOR A FIRST AFFIRMATIVE DEFENSE

293. Some or all of Fifth-Party Plaintiff's claims against Dierks fail to state causes of action.

### AS FOR A SECOND AFFIRMATIVE DEFENSE

294. Some or all of Fifth Party plaintiff's claims are barred by the doctrines of laches, estoppel, waiver, ratification, and terms of the Dierks Contract.

### AS FOR A THIRD AFFIRMATIVE DEFENSE

295. Fourth-Party Plaintiff does not allege that it

sustained any damages through any act or omission of Dierks.

296. By reason of the above the Fifth-Party Complaint fails to state a claim upon which relief can be granted against Dierks.

<u>AS FOR A FOURTH AFFIRMATIVE DEFENSE</u>

297. Fourth-Party Plaintiff alleges to have entered into a contract with DASNY.

298. Fourth-Party Plaintiff's contract includes the general conditions and special conditions for all contracts.

299. Pursuant to Article 13, C. if Fourth-Party Plaintiff sustained any damages or was to sustain any damages as a result of Dierks' failure to coordinate such Fourth-Party Plaintiff was required to notify DASNY of such failure and DASNY was to investigate and give direction to Dierks.

300. DASNY has not notified Dierks nor given direction to Dierks of any failure on the part of Dierks as a result of notifications by Fourth-Party Plaintiff.

301. By reason of the above Article 13, C. amongst other terms and conditions of the contract between Fourth-Party Plaintiff and DASNY, and under the Dierks Contract DASNY may not maintain the instant Fifth Party Action against Dierks.

<u>AS FOR A FIFTH AFFIRMATIVE DEFENSE</u>

302. Set offs.

<u>AS FOR A SIXTH AFFIRMATIVE DEFENSE</u>

303. Heretofore DASNY issued Change Order #100 extension of

time without contractors signature or concurrence extending the completion date from May 31, 2005 to December 31, 2005.

304. On or about August 7, 2006 DASNY issued Change Order #101 extension of time without contractors signature or concurrence extending the completion date from December 31, 2005 to June 30, 2006.

305. Between June 30, 2006 and August 31, 2008 DASNY issued several change orders to Dierks and Dierks performed and completed such changes orders.

306. By reason of the above the time for completion of the contract was extended from June 30, 2006 to completion of the change order work issued after June 30, 2006.

307. By reason of the above DASNY may not maintain the instant Fifth Party Action for either liquidated damages or other consequential damages against Dierks.

<u>AS FOR A SEVENTH AFFIRMATIVE DEFENSE</u>

308. Plaintiff William A. Gross Construction Associates, Inc. ("Gross") and the other subcontractors of Fourth-Party Plaintiff Cauldwell Wingate Company, LLC, ("CW") entered into subcontracts with CW the breach of which is the subject matter of the Fourth-Party action.

309. There are no contracts between CW's subcontractors and Dierks.

310. CW's subcontractors are not third-party beneficiaries

28

of the Dierks Contract.

311. CW's subcontractors claim only economic losses.

312. By reason of the above DASNY may not maintain the instant Fifth-Party action against Dierks.

### AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

313. Dierks hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and reserves the right to amend this answer to plead same.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

314. The damages claimed herein by DASNY were the results of DASNY's own actions or the actions of the agents, employees, representatives or subcontractors of DASNY other than Dierks.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

315. DASNY has accepted Dierks' work and materials.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

316. Pursuant to 28 U.S.C. §1367, this Court lacks jurisdiction over the claims asserted in the Fifth-Party Complaint.

### FIRST COUNTERCLAIM AGAINST
### THE DORMITORY AUTHORITY OF THE STATE OF NEW YORK

317. At all times hereinafter mentioned plaintiff Dierks Heating Company, Inc. ("Dierks") was and is a corporation organized and existing under and by virtue of the laws of the State of New York with principal place of business at 43-32, 33rd

29

Street, Long Island City, New York 11101.

318. At all times hereinafter mentioned Fourth-Party Defendant and Fifth-Party Plaintiff The Dormitory Authority of the State of New York ("DASNY") was and is a public benefit corporation with the powers and privileges of a public benefit corporation, including the right to sue and be sued in its own name with offices at 515 Broadway, Albany, New York 12207.

319. Heretofore on or about November 5, 2001, pursuant to public bidding and in compliance with the laws made and provided therefor, Dierks entered into a written contract with DASNY whereby Dierks was to perform work and supply materials for the project known as Bronx Criminal Court Complex Project # 1380909999/CR49, Contract #10 - Heating & Cooling for the agreed price and fair and reasonable value of $12,614,000.00 ("Dierks Contract").

320. By reason of additions to and deletions from the Dierks Contract the agreed price and fair and reasonable value of the Dierks Contract was adjusted up to change order #119 in the sum of net approved change orders of $4,930,065.71 for an adjusted contract price through change order #119 as of the period ending August 31, 2008 of $17,544,065.71.

321. Dierks has duly performed all of the terms and conditions of the Contract on its part to be performed and any remaining work has a deminimis value.

322. Dierks has duly completed all of the work under the Dierks Contract on its part to be performed for period ending August 31, 2008 and any remaining work has a deminimis value.

323. Requisition for period ending August 31, 2008 from DASNY indicates payment due for $17,544,065.71, less the balance to finish of $27,383.51 making a sum of $17,516,682.20 less retainage withheld pursuant to the terms of the contract in the sum of $175,166.82 for a net amount due Dierks of $17,341,515.38.

324.  No part of said $17,368,898.89 ($17,341,515.38 + 27,383.51) has been paid except for the sum of $17,341,515.38 leaving a balance due of $27,383.51 although duly demanded.

325. By reason of the above DASNY has breached its Contract with Dierks and as such there is due and owing from DASNY to Dierks the sum of $27,383.51 plus interest.

SECOND COUNTERCLAIM AGAINST<br>THE DORMITORY AUTHORITY OF THE STATE OF NEW YORK

326. Dierks repeats and realleges each and every allegation contained in ¶317 to ¶325 with the same force and effect as if set forth at length herein.

327. By reason of the above Dierks is entitled to payment of retainage withheld in the sum of $175,165.74.

THIRD COUNTERCLAIM AGAINST<br>THE DORMITORY AUTHORITY OF THE STATE OF NEW YORK

328. Dierks repeats and realleges each and every allegation contained in ¶317 to ¶327 of the answer as if fully set forth at

length herein.

329. During the course of work of the Contract, Dierks at the special instance, request, and direction of DASNY performed extra and additional work for the agreed price and fair and reasonable value of $188,622.61 to wit:

| PCO | Item | Amount |
|---|---|---|
| 3419 | EWO 144 Voltage increase | $ 1,475.00 |
| 3020 | EWO 163 Installation of starters | 6,062.78 |
| | | $ 7,537.78 |
| 9 | Change to AUH's (single to Two Coils) | $ 94,672.51 |
| 42 | Add Six (6) Shutoff Valves | 7,520.62 |
| 45 | Repair Frozen Coils | 7,532.40 |
| 54 | RFI 2457 Remote Radiator Piping | 10,413.24 |
| | | $120,138.77 |
| | | $127,676.55 |
| 411 | EWO 4 Water Conditions @ B@ level | $ 8,428.00 |
| 411 | EWO 6 Water Conditions @ B@ level | 16,798.00 |
| 28 | EWO 28 relocate Hangers | 3,484.07 |
| 1685 | EWO 89 relocate valves | 8,473.68 |
| | EWO 124 install valves emergency gen. | 5,916.10 |
| 2438 | EWO 135 remove & reinstall 7th fl fin tube covers | 5,916.10 |
| | EWO 149 Support dunnage | 8,428.13 |
| | EWO 230 checking out enginator's jacket | 3,501.98 |
| | | $ 60,946.06 |
| | | $188,622.61 |

330. Dierks complied with all of the terms and conditions of the Contract as to extra and additional work and/or disputed work on its part to be performed.

331. No part of said $188,622.61 has been paid although duly demanded.

FOURTH COUNTERCLAIM AGAINST
THE DORMITORY AUTHORITY OF THE STATE OF NEW YORK

332. DASNY without authority and unilaterally without concurrence of Dierks improperly backcharged Dierks for repair work in the sum of $16,830.00 to wit:

```
C.O. #87 - EWO 216 repair of spray on fire proofing ($ 5,696.00)
C.O. #   - EWO 217 repairs at damage terrazzo        (  4,594.00)
C.O. #89 - EWO 219 repairs at third floor            (  1,703.00)
C.O. #96 - EWO 235 repairs to Boiler room            (  1,660.00)
C.O. #97 - EWO 236 taping to elevator motor room     (    791.00)
C.O. #98 - EWO 237 rerouting of piping WC-12         (  2,386.00)
                                                    ($16,830.00)
```

333. Dierks complied with all of the terms and conditions of the Contract as to extra and additional work and/or disputed work on its part to be performed.

334. By reason of the above there is due and owing from DASNY to Dierks the sum of $16,830.00 although duly demanded.

FIFTH COUNTERCLAIM AGAINST
THE DORMITORY AUTHORITY OF THE STATE OF NEW YORK

335. Dierks repeats and realleges each and every allegation contained in ¶317 to ¶334 of this answer herein.

336. During the course of construction Dierks' work was delayed, impacted or disrupted as a result of faulty designs as shown by the plans and specifications issued by DASNY encompassing the release of inadequate design drawings for construction and drawings which had not been properly coordinated with other disciplines during the design phase; and by unanticipated, unforeseeable, uncontemplated, grossly negligent, bad faith acts or causes on the part of DASNY and its

33

representatives and agents including but not limited to: Dierks
having to contend with uncontemplated coordination efforts that
took years to complete, requiring an unreasonable excess of RFIs
and unforeseeable amount of additional drafting and reworking of
pipe runs in unanticipated confined spaces; being forced in bad
faith into an unanticipated constructive acceleration program; in
bad faith and uncontemplated being denied proper and timely site
access preventing offsite prefabrication of piping assemblies;
having to endure unforeseeable working conditions in the basement
as a result of constant flooding; being prevented from site
access for workmen and materials in an economic manner by the
intentional removal of vertical transportation; and bad faith
uncontemplated imposition of unreasonable weld testing.

337. As a result of such delays, impacts and disruptions
constituting a breach of the Dierks Contract on DASNY's part,
Dierks sustained damages to which it is entitled to an equitable
adjustment in Contract Price and/or to damages or additional
compensation in an amount of $7,107,399.00.

338. As a result of said breach of contract on DASNY's part
Dierks filed a claim for equitable adjustment with DASNY for the
claims herein for which Dierks would be entitled to monetary
damages.

339. Dierks complied with all of the terms and conditions
of the Dierks Contract on its part to be performed as to said

34

claim of $7,107,399.00.

340. No part of said $7,107,399 has been paid although duly demanded.

341. By reason of the above breaches of contract on DASNY's part Dierks has been damaged in the sum of $7,107,399.

FIRST CROSS-CLAIM AGAINST
RAFAEL VINOLY ARCHITECTS P.C.,
(<u>Design Professional</u>)

342. Dierks repeats and realleges each and every allegation contained in ¶317 to ¶341 of this answer as if fully set forth at length herein.

343. In its Thirty-Eighth Claim for relief against defendant Rafael Vinoly Architects P.C., ("RVA") DASNY alleges that as a result of RVA's material breaches of the RVA Contract, DASNY has incurred and will incur significant additional expenses in connection with the completion with the Project.

344. In its Thirty-Ninth Claim for relief against RVA, DASNY alleges that as a result of RVA's failure to comply with professional standards of care DASNY has incurred and will incur significant additional expenses to complete the Project.

345. In its Tenth, Eleventh and Twelfth Claims for relief against Dierks, which Dierks denies, DASNY alleges that as a result of Dierks' alleged breaches of contract DASNY incurred significant additional expenses in connection with the completion

with the Project.

346. While denying the allegations of DASNY in the Tenth, Eleventh and Twelfth Claims for relief against Dierks, if DASNY was damaged said damages were a result of RVA's breach of contract with DASNY, and/or failure to comply with professional standards of care (errors and omissions) and/or negligence of RVA constituting a breach by DASNY of DASNY's agreement with Dierks.

347. By reason of the above RVA will be responsible to Dierks for said damages.

348. By reason of the above if DASNY shall recover any damages against Dierks as alleged in the Tenth, Eleventh and Twelfth Claims for relief against Dierks, Dierks is entitled to judgment over against RVA for the sums recovered by DASNY.

SECOND CROSS-CLAIM AGAINST
RAFAEL VINOLY ARCHITECTS P.C.,
(Design Professional)

349. Dierks repeats and realleges each and every allegation contained in ¶342 to ¶348 of this answer as if fully set forth at length herein.

350. By reason of the above if DASNY shall recover any damages against Dierks as alleged in the Tenth, Eleventh and Twelfth Claims for relief against Dierks, Dierks is entitled to judgment over against RVA for indemnification and contribution for the sums recovered by DASNY.

THIRD CROSS-CLAIM AGAINST
RAFAEL VINOLY ARCHITECTS P.C.,
(Near Privity)

351. Dierks repeats and realleges each and every allegation
contained in ¶317 to ¶350 of this answer as if fully set forth at
length herein.

352. Heretofore on or about June 2001 RVA entered into a
contract with DASNY for professional design services (RVA Design
Contract).

353. Pursuant to the terms and conditions of said RVA
Design Contract RVA was to provide the design services called for
therein which included amongst other things preparation of plans
and specifications providing for the work of Heating and Cooling
(Equipment, Piping and ATC) called for what in has been denoted
as Dierks Contract #10 ("Heating & Cooling").

354. Heretofore DASNY entered into Contract #10 Heating &
Cooling with Dierks.

355. At the time RVA entered into the RVA Design Contract
RVA knew that such Plans and Specifications showing the design of
the Project would be used for the particular purpose of
constructing the work of the Project in that the Plans and
Specifications would be used as part of the final bid package for
all interested construction bidders, and their subcontractors and
suppliers to be used for the common goal of building the Project,
and for the particular purpose of constructing the individual

37

trade's work to be coordinated with the other work of the Project.

356. At the time RVA entered into the RVA Design Contract and provided the Plans and Specifications RVA knew that such Plans and Specifications would be relied upon by contractors and subcontractors such as Dierks, a determinable member of a determinable class of trade contractors required for the furtherance of the particular purpose of constructing the work of the Project.

357. RVA, including its subcontractor engineers and other professionals employed by RVA providing architectural and engineering services work on the Project, by providing Plans and Specifications, by reviewing shop drawings, and acting directly and indirectly with Dierks by reviewing requests for changes, responding to inquiries, evidenced RVA's understanding that Dierks, as part of the construction trades was relying upon such Plans and Specifications for the furtherance of the particular purpose of performing the work. Dierks work was performed in concert with RVA's instructions, RVA's oversight of the Project including reviewing and verifying the work called for therein and acting to oversee and instruct Dierks as a determinable member of a determinable class of constructors relying on the obligations of the RVA Design Contract with DASNY.

358. Dierks relied upon the RVA Plans and Specifications to

38

compute its bid price and prosecute the work in connection with the Project.

359. The RVA Design Contract was tailored in part to the requirements of a potential Heating & Cooling contractor bidder such as Dierks, such that RVA knew and contemplated that the architectural and engineering services provided thereunder would be relied upon by a contractor such as Dierks to compute its bid price and prosecute the work in connection with the Project.

360. By reason of the above Dierks became a third-party beneficiary of the RVA Design Contract.

361. By reason of the above there became actual privity between RVA and Dierks and/or a relationship so close to privity of contract to approach that of privity of contract.

362. By reason of the RVA Design Contract, RVA owed a duty to Dierks to provide accurate sufficient complete Plans and Specifications free of errors and omissions.

363. RVA breached that duty by failing to exercise the standard of care, competence and skill in the completion of its professional duties by amongst other things, improperly and negligently failing to complete and coordinate the Plans and Specifications, failing to properly oversee and perform the professional services that were required to complete the Plans and Specifications, failing to supervise and coordinate the work

of Engineers and integrate their work into the Plans and
Specifications, failing to implement the remedial corrections in
a timely or professional manner, failing to exercise professional
skill in management, administration and supervision of the
Project, and satisfy other elements of the required standard of
care resulting in the issuance of faulty plans and specifications
by DASNY encompassing the release of inadequate design drawings
for construction and drawings which had not been properly
coordinated with other disciplines during the design phase
causing the Project to be impacted, dislocated, out of sequence
and delayed to substantial completion of the Heating & Cooling
Contract #10 to or or about June 2006 for almost 14 months.

364. Dierks incurred unanticipated and unforeseen additional
delay and impact costs and was thereby damaged in the sum of
$7,107,399 as a result of the aforesaid breaches of the RVA
Design Contract between DASNY and RVA to which Contract Dierks
is in privity and/or near privity and/or a third-party
beneficiary and as such RVA is responsible to Dierks for said
damages.

                    FOURTH CROSS-CLAIM AGAINST
                    A. WILLIAMS TRUCKING & BACKHOE
                    TRENCHING, INC., ASPRO MECHANICAL
                    CONTRACTORS, INC., BEAUBOIS CANADA, INC.,
                    BOVIS LEND LEASE LMB, INC., CNA SURETY
                    CORPORATION D/B/A AMERICAN CASUALTY COMPANY
                    OF READING, PA, ENCLOS CORPORATION, FIVE
                    STAR ELECTRIC CORPORATION, FUTURE TECH
                    CONSULTANTS OF NEW YORK, INC., HERITAGE

AIR SYSTEMS, INC., HUGH O'KANE ELECTRIC CO.,
LLC, MATERIALS TESTING LAB, INC., PYRAMID
FIRE PROTECTION, INC., RAFAEL VINOLY
ARCHITECTS P.C., SMI-OWEN STEEL COMPANY,
INC., STONEWALL CONTRACTING CORPORATION,
TRACTEL LTD. SWINGSTAGE DIVISION.
                    AND
        FOURTH PARTY PLAINTIFF
        CAULDWELL WINGATE COMPANY, LLC,
            (Collectively Co-Defendants)

365. Dierks repeats and realleges each and every allegation contained in ¶1 to ¶364 of this answer as if fully set forth at length herein.

366. If DASNY sustained injuries and damages as set forth in Tenth, Eleventh and Twelfth Claims for relief against Dierks, through any negligence or fault or want of care other than of DASNY, then said injuries and damages will have been caused and brought about by reason of the negligence or fault or want of care and/or breaches of duty and/or statute and/or warranty and/or contract on the part of the above co-defendants and without any breaches or any negligence of defendant Dierks contributing thereto; or if defendant Dierks is found liable as to DASNY for any injuries and damages as set forth in the Tenth, Eleventh and Twelfth Claims for relief against Dierks, then the comparative negligence and/or relative responsibilities of all said parties must be apportioned by a separate determination, and defendant Dierks would then be entitled to judgment over and against the co-defendants for the full amount of any judgment

41

that may be rendered or contribution for any part thereof on the
basis of said determination; and the co-defendants will be liable
over jointly and severally to Dierks and bound to fully indemnify
and hold defendant Dierks harmless for the full amount of any
verdict or judgment that may be recovered against Dierks in this
action, including all costs of investigation, disbursements,
expenses, interest and attorneys' fees incurred in the defense of
this action and prosecution of this cross-claim.

JURY DEMAND

367. Dierks demands a trial by jury of all issues triable in
this action.

NON WAIVER OF MOTION TO DISMISS

368. Nothing in this answer, nor the service thereof, nor
participation by Dierks in discovery or post answer proceedings
shall be deemed a waiver by Dierks to move to dismiss under FRCP
12(c).

WHEREFORE, answering Fifth Party Defendant Dierks Heating
Company, Inc. requests judgment as follows:

1.  Dismissing the Fifth Party Complaint, with costs and
disbursements.

2.  On the First Counterclaim judgment against the
Dormitory Authority of the State of New York in the sum of
$27,383.51 plus interest from August 31, 2008.

42

3.   On the Second Counterclaim judgment against the
Dormitory Authority of the State of New York in the sum of
$175,165.74 plus interest from August 31, 2008.

4.   On the Third Counterclaim judgment against the
Dormitory Authority of the State of New York in the sum of
$188,622.61 plus interest from a date to be determined by the
court.

5.   On the Fourth Counterclaim judgment against the
Dormitory Authority of the State of New York in the sum of
$16,830.00 plus interest from dates to be determined by the
court.

6.   On the Fifth Counterclaim judgment against the
Dormitory Authority of the State of New York in the sum of
$7,107,399.00 plus interest from dates to be determined by the
court.

7.   On the First Cross-Claim against Rafael Vinoly
Architects P.C. judgment for the amounts recovered by the
Dormitory Authority of the State of New York against Dierks.

8.   On the Second Cross-Claim against Rafael Vinoly
Architects P.C. judgment for the amounts recovered by the
Dormitory Authority of the State of New York against Dierks.

9.   On the Third Cross-Claim against Rafael Vinoly
Architects P.C. judgment in the sum of $7,107,399.00 plus
interest from dates to be determined by the court.

10.  On the fourth Cross-Claim against A. Williams Trucking & Backhoe Trenching, Inc., Aspro Mechanical Contractors, Inc., Beaubois Canada, Inc., Bovis Lend Lease LMB, Inc., CNA Surety Corporation d/b/a American Casualty Company of Reading, Pa, Enclos Corporation, Five Star Electric Corporation, Future Tech Consultants of New York, Inc., Heritage Air Systems, Inc., Hugh O'Kane Electric Co., LLC, Materials Testing Lab, Inc., Pyramid Fire Protection, Inc., Rafael Vinoly Architects P.C., SMI-Owen Steel Company, Inc., Stonewall Contracting Corporation, Tractel Ltd. Swingstage Division and Fourth Party Plaintiff Cauldwell Wingate Company, LLC, for the amounts recovered by the Dormitory Authority of the State of New York against Dierks.

11.  On all causes of action, costs and disbursements and for such other and further relief as to this court may seem just and proper.

Dated:  Melville, New York
        September 3, 2008

                          Steven G. Rubin & Associates, P.C.

                                    /S/
                          By:_____
                             By: Steven G. Rubin (SR-0351)
                             Attorneys for Fifth-Party Defendant
                             Dierks Heating Company, Inc.
                             225 Old Country Road
                             Melville, New York 11747
                             Tel: (631) 622-0007
                             Fax (631) 622-0009
                             File No.1187.46.2/22432

TO:

Carol A. Sigmond, Esq.
Dunnington, Barthlowow & Miller, L.L.P.
Attorneys for Plaintiff
William A. Gross Construction Associates, Inc.
477 Madison Avenue, 12th Floor
New York, New York 10022
(212) 682-8811
Fax: (212) 661-7769

Vincent J. Zichello, Esq.
Zichello & McIntyre, L.L.P.
Attorneys for Defendant
and Third-Party Plaintiff
American Manufacturers Mutual
Insurance Company
420 Lexington Avenue, Suite 2800
New York, New York 10170
(212) 682-8811
Fax: (212) 661-7769

Patricia Hewitt, Esq.
Ingram Yuzek Gainen Carroll &
Bertolotti, LLP
Attorneys for Third-Party Defendant
and Fourth-Party Plaintiff
Cauldwell Wingate Company, LLC
250 Park Avenue
New York, New York 10177
(212) 907-9657
Fax: (212) 907-9681

Edwin M. Levy, Esq.
Assistant Corporation Counsel
Office of Michael A. Cardozo
Corporation Counsel of the City of New York
Attorneys for Fourth-Party Defendant and
Fifth-Party Plaintiff
Dormitory Authority of the State of New York
100 Church Street
New York, New York 10007
(212) 788-1185
Fax: (212) 788-8872

45

Mark Elliot Klein, Esq.
Ingram Yuzek Gainen Carroll &
Bertolotti, LLP
Attorneys for Third-Party Defendant
and Fourth-Party Plaintiff
Cauldwell-Wingate Company, LLC
250 Park Avenue
New York, New York 10177
(212) 907-9657
Fax: (212) 907-9681


Larry F. Gainen, Esq.
Ingram Yuzek Gainen Carroll &
Bertolotti, LLP
Attorneys for Third-Party Defendant
and Fourth-Party Plaintiff
Cauldwell Wingate Company, LLC
250 Park Avenue
New York, New York 10177
(212) 907-9600


Todd Krichmar, Esq.
NYC Law Department
Attorneys for Fourth-Party Defendant and
Fifth-Party Plaintiff
Dormitory Authority of the State of New York
100 Church Street
New York, New York 10007
(212) 676-0750
Fax: (212) 788-8871


Frank Peter Ribaudo, Esq.
Tunstead & Schechter
Attorneys for Fifth Party Defendants
Aspro Mechanical Contractors, Inc. and
Hugh O'Kane Electric Company, LLC
500 North Broadway
Jericho, New York 11753
(516) 822-4400
Fax: (516) 822-4462

Constantine Tryfon Tzifas, Esq.
Arthur J. Semetis, P.C.
Attorneys for Fifth Party Defendant
Bovis Lend Lease LMB, Inc.
21 East 40th Street, 14th Floor
New York, New York 10016
(212) 557-3000
Fax: (212) 557-5051

Steven I. Levin, Esq.
Levin and Glasser, P.C.
Attorneys for Fifth Party Defendant
Five Star Electric Corporation
420 Lexington Avenue
New York, New York 10170
(212) 867-3636
Fax: (212) 661-2446

Marc Shea Krieg, Esq.
Krieg Associates, P.C.
Attorneys for Fifth Party Defendant
Future Tech Consultants
of New York, Inc.
5 Heather Court
Dix Hills, New York 11746
(516) 499-8409
Fax: (631) 493-0763

Leonardo D'Alessandro, Esq.
Milber Makris Plousadis & Seiden, LLP
Attorneys for Fifth Party Defendant
Rafael Vinoly Architects P.C.
3 Barker Avenue, 6th Floor
White Plains, New York 10601
(914) 681-8700
Fax: (914) 681-8709