UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
WILLIAM A. GROSS CONSTRUCTION ASSOCIATES,
INC.,

07-CV-10639 (LAK)(AJP)

                                    *Plaintiff,*
        - against -

AMERICAN MANUFACTURERS MUTUAL              **ANSWER OF BOVIS**
INSURANCE COMPANY,                         **LEND LEASE LMB, INC.**
                                           **TO FIFTH-PARTY**
                                    *Defendant.*    **COMPLAINT WITH**
                                           **COUNTERCLAIMS**
-----------------------------------------------------------------------X    **AND CROSS-CLAIMS**
AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                                    *Third-Party Plaintiff,*

        - against -

CAULDWELL WINGATE COMPANY, LLC,

                                    *Third-Party Defendant.*
-----------------------------------------------------------------------X
CAULDWELL WINGATE COMPANY, LLC,

                                    *Fourth-Party Plaintiff,*

        - against -

DORMITORY AUTHORITY OF THE STATE OF
NEW YORK,

                                    *Fourth-Party Defendant.*
-----------------------------------------------------------------------X

*Captioned continued on next page*

-----------------------------------------------------------------------X

DORMITORY AUTHORITY OF THE STATE OF
NEW YORK,

*Fifth-Party Plaintiff,*

- *against* -

A. WILLIAMS TRUCKING & BACKHOE
TRENCHING, INC., ASPRO MECHANICAL
CONTRACTORS, INC., BEAUBOIS CANADA, INC.,
BOVIS LEND LEASE LMB, INC., CNA SURETY
CORPORATION D/B/A AMERICAN CASUALTY
COMPANY OF READING, PA, DIERKS HEATING
COMPANY, INC., ENCLOS CORPORATION, FIVE
STAR ELECTRIC CORPORATION, FUTURE TECH
CONSULTANTS OF NEW YORK, INC., HERITAGE
AIR SYSTEMS, INC., HUGH O'KANE ELECTRIC CO.,
LLC, MATERIALS TESTING LAB, INC., PYRAMID
FIRE PROTECTION, INC., RAFAEL VINOLY
ARCHITECTS P.C., SMI-OWEN STEEL COMPANY,
INC., STONEWALL CONTRACTING CORPORATION,
TRACTEL LTD. SWINGSTAGE DIVISION,

*Fifth-Party Defendants.*

-----------------------------------------------------------------------X

Fifth Party Defendant, Bovis Lend Lease LMB, Inc. (hereinafter "Bovis"), by its

attorneys, Arthur J. Semetis, P.C., answers the Fifth Party Complaint (the "Fifth Party

Complaint") of Fifth Party Plaintiff, Dormitory Authority of the State of New York ("DASNY"),

as follows:

<u>**NATURE OF THE ACTION**</u>

1.      Denies the truth of the allegations set forth in paragraph 1 of the Fifth Party

Complaint as they pertain to Bovis, and denies knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 1 of the Fifth Party Complaint as

they pertain to any other party.

2

2.      With respect to paragraph 2 of the Fifth Party Complaint, admits that Bovis entered into three separate written Contracts with DASNY identified as Contract No. DA72369, Contract No. DA72345 and Contract No. DA72384 (collectively the "Bovis Contracts") in connection with the Bronx Hall of Justice Project (the "Project"), respectfully refers this Court to the Bovis Contracts for their true terms and conditions at the trial of this action, denies the truth of the remaining allegations set forth in paragraph 2 of the Fifth Party Complaint as they relate to Bovis, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Fifth Party Complaint as they relate to any other party.

## JURISDICTION AND VENUE

3.      Denies the truth of the allegations set forth in paragraphs 3 and 4 of the Fifth Party Complaint, respectfully refers all questions of law to the Court, and respectfully refers this Court to Bovis' Motion to Dismiss the Fifth Party Complaint based upon, *inter alia*, lack of subject matter and supplemental jurisdiction, submitted in conjunction with this Answer pursuant to the Order of this Court.

## PARTIES

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 22 of the Fifth Party Complaint.

5.      Admits the truth of the allegations set forth in paragraph 9 of the Fifth Party Complaint.

## FACTUAL ALLEGATIONS

### The Genesis of the Project

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 23, 24, 25, 26, 27 and 28 of the Fifth Party Complaint.

### The Project Contracts and Problems Encountered During the Project

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Fifth Party Complaint.

### The Project Design

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 30, 31, 32, 33, 34 and 35 of the Fifth Party Complaint.

### Construction Management

9.    Admits the truth of the allegations set forth in paragraph 36 of the Fifth Party Complaint to the extent that Bovis entered into the Bovis Contracts in connection with the Project, respectfully refers this Court to the Bovis Contracts for their true terms and conditions at the trial of this action, and denies the truth of the remaining allegations set forth in paragraph 36 of the Fifth Party Complaint as they relate to Bovis.

10.    Denies the truth of the allegations set forth in paragraphs 37, 38, 39, 40 and 41 of the Fifth Party Complaint.

### Excavation and Foundation Work

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 42, 43, 44, 45 and 46 of the Fifth Party Complaint.

**Structural Steel Work**

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59 and 60 of the Fifth Party Complaint.

**Exterior Work**

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 61 and 62 of the Fifth Party Complaint.

**General Contract Work**

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 63, 64, 65 and 66 of the Fifth Party Complaint.

**Heating, Ventilation and Air Conditioning ("HVAC")**

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 67, 68, 69 and 70 of the Fifth Party Complaint.

**Sheet Metal Work**

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 71, 72, 73 and 74 of the Fifth Party Complaint.

**Plumbing**

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 75, 76 and 77 of the Fifth Party Complaint.

**Fire Protection**

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 78 and 79 of Fifth Party Complaint.

**Building Power and Fire Systems**

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 80, 81 and 82 of the Fifth Party Complaint.

**Low Voltage Electrical Work**

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 83 and 84 of the Fifth Party Complaint.

**Millwork**

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 85, 86 and 87 of the Fifth Party Complaint.

**Façade Maintenance**

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 88, 89, 90, 91, 92, 93 and 94 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE FIRST CLAIM FOR RELIEF: DEFENDANT WILLIAMS**

23.    In response to paragraph 95 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 94 of the Fifth Party Complaint herein.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 96, 97, 98, 99 and 100 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE SECOND CLAIM FOR RELIEF: DEFENDANT WILLIAMS**

25.    In response to paragraph 101 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 100 of the Fifth Party Complaint herein.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 102, 103, 104 and 105 of the Fifth Party Complaint.

## AS AND FOR A RESPONSE TO
## THE THIRD CLAIM FOR RELIEF: DEFENDANT WILLIAMS

27.    In response to paragraph 106 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 105 of the Fifth Party Complaint herein.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the Fifth Party Complaint.

## AS AND FOR A RESPONSE TO
## THE FOURTH CLAIM FOR RELIEF: DEFENDANT ASPRO

29.    In response to paragraph 108 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 107 of the Fifth Party Complaint herein.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 109, 110, 111, 112, 113 and 114 of the Fifth Party Complaint.

## AS AND FOR A RESPONSE TO
## THE FIFTH CLAIM FOR RELIEF: DEFENDANT ASPRO

31.    In response to paragraph 115 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 114 of the Fifth Party Complaint herein.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 116, 117, 118 and 119 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE SIXTH CLAIM FOR RELIEF: DEFENDANT ASPRO**

33.     In response to paragraph 120 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 119 of the Fifth Party Complaint herein.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE SEVENTH CLAIM FOR RELIEF: DEFENDANT BEAUBOIS**

35.     In response to paragraph 122 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 121 of the Fifth Party Complaint herein.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 123, 124, 125, 126, 127 and 128 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE EIGHTH CLAIM FOR RELIEF: DEFENDANT BEAUBOIS**

37.     In response to paragraph 129 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 128 of the Fifth Party Complaint herein.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 130, 131, 132 and 133 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE NINTH CLAIM FOR RELIEF: DEFENDANT BEAUBOIS**

39.    In response to paragraph 134 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 133 of the Fifth Party Complaint herein.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE TENTH CLAIM FOR RELIEF: DEFENDANT DIERKS**

41.    In response to paragraph 136 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 135 of the Fifth Party Complaint herein.

42.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 137, 138, 139, 140 and 141 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE ELEVENTH CLAIM FOR RELIEF: DEFENDANT DIERKS**

43.    In response to paragraph 142 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 141 of the Fifth Party Complaint herein.

44.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 143, 144, 145 and 146 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE TWELFTH CLAIM FOR RELIEF: DEFENDANT DIERKS**

45.    In response to paragraph 147 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 146 of the Fifth Party Complaint herein.

46.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 148 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE THIRTEENTH CLAIM FOR RELIEF: DEFENDANT ENCLOS**

47.    In response to paragraph 149 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 148 of the Fifth Party Complaint herein.

48.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 150, 151, 152, 153 and 154 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE FOURTEENTH CLAIM FOR RELIEF: DEFENDANT ENCLOS**

49.    In response to paragraph 155 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 154 of the Fifth Party Complaint herein.

50.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 156 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE FIFTEENTH CLAIM FOR RELIEF: DEFENDANT FIVE STAR**

51.     In response to paragraph 157 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 156 of the Fifth Party Complaint herein.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 158, 159, 160, 161 and 162 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE SIXTEENTH CLAIM FOR RELIEF: DEFENDANT FIVE STAR**

53.     In response to paragraph 163 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 162 of the Fifth Party Complaint herein.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 164, 165, 166 and 167 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE SEVENTEENTH CLAIM FOR RELIEF: DEFENDANT FIVE STAR**

55.     In response to paragraph 168 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 167 of the Fifth Party Complaint herein.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 169 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE EIGHTEENTH CLAIM FOR RELIEF: DEFENDANT HERITAGE**

57.    In response to paragraph 170 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 169 of the Fifth Party Complaint herein.

58.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 171, 172, 173, 174 and 175 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE NINTEENTH CLAIM FOR RELIEF: DEFENDANT HERITAGE**

59.    In response to paragraph 176 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 175 of the Fifth Party Complaint herein.

60.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 177, 178, 179 and 180 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE TWENTIETH CLAIM FOR RELIEF: DEFENDANT HERITAGE**

61.    In response to paragraph 181 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 180 of the Fifth Party Complaint herein.

62.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 182 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE TWENTY-FIRST CLAIM FOR RELIEF: DEFENDANT O'KANE**

63.     In response to paragraph 183 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 182 of the Fifth Party Complaint herein.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 184, 185, 186, 187 and 188 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE TWENTY-SECOND CLAIM FOR RELIEF: DEFENDANT O'KANE**

65.     In response to paragraph 189 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 188 of the Fifth Party Complaint herein.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 190, 191, 192 and 193 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE TWENTY-THIRD CLAIM FOR RELIEF: DEFENDANT O'KANE**

67.     In response to paragraph 194 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 193 of the Fifth Party Complaint herein.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 195 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE TWENTY-FOURTH CLAIM FOR RELIEF: DEFENDANT PYRAMID**

69.    In response to paragraph 196 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 195 of the Fifth Party Complaint herein.

70.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 197, 198, 199, 200 and 201 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE TWENTY-FIFTH CLAIM FOR RELIEF: DEFENDANT PYRAMID**

71.    In response to paragraph 202 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 201 of the Fifth Party Complaint herein.

72.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 203, 204, 205 and 206 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE TWENTY-SIXTH CLAIM FOR RELIEF: DEFENDANT PYRAMID**

73.    In response to paragraph 207 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 206 of the Fifth Party Complaint herein.

74.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 208 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE TWENTY-SEVENTH CLAIM FOR RELIEF: DEFENDANT SMI-OWEN**

75.    In response to paragraph 209 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 208 of the Fifth Party Complaint herein.

76.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 210, 211, 212, 213, 214 and 215 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE TWENTY-EIGHTH CLAIM FOR RELIEF: DEFENDANT SMI-OWEN**

77.    In response to paragraph 216 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 215 of the Fifth Party Complaint herein.

78.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 217, 218, 219 and 220 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE TWENTY-NINTH CLAIM FOR RELIEF: DEFENDANT SMI-OWEN**

79.    In response to paragraph 221 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 220 of the Fifth Party Complaint herein.

80.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 222 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE THIRTIETH CLAIM FOR RELIEF: DEFENDANT CNA**

81.     In response to paragraph 223 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 222 of the Fifth Party Complaint herein.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 224, 225, 225, 226, 227, 228 and 229 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE THIRTY-FIRST CLAIM FOR RELIEF: DEFENDANT CNA**

83.     In response to paragraph 230 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 229 of the Fifth Party Complaint herein.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 231, 232, 233 and 234 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE THIRTY-SECOND RELIEF: DEFENDANT CNA**

85.     In response to paragraph 235 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 234 of the Fifth Party Complaint herein.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 236 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE THIRTY-THIRD CLAIM FOR RELIEF: DEFENDANT STONEWALL**

87.    In response to paragraph 237 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 236 of the Fifth Party Complaint herein.

88.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 238, 239, 240, 241 and 242 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE THIRTY-FOURTH CLAIM FOR RELIEF: DEFENDANT STONEWALL**

89.    In response to paragraph 243 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 242 of the Fifth Party Complaint herein.

90.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 244, 245, 246 and 247 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE THIRTY-FIFTH CLAIM FOR RELIEF: DEFENDANT STONEWALL**

91.    In response to paragraph 248 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 247 of the Fifth Party Complaint herein.

92.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 249 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE THIRTY-SIXTH CLAIM FOR RELIEF: DEFENDANT TRACTEL**

93.     In response to paragraph 250 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 249 of the Fifth Party Complaint herein.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 251, 252, 253, 254 and 255 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE THIRTY-SEVENTH CLAIM FOR RELIEF: DEFENDANT TRACTEL**

95.     In response to paragraph 256 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 255 of the Fifth Party Complaint herein.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 257 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE THIRTY-EIGHTH CLAIM FOR RELIEF: DEFENDANT RVA**

97.     In response to paragraph 258 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 257 of the Fifth Party Complaint herein.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 259, 260, 261, 262 and 263 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE THIRTY-NINTH CLAIM FOR RELIEF: DEFENDANT RVA**

99.    In response to paragraph 264 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 263 of the Fifth Party Complaint herein.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 265, 266 and 267 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE FORTIETH CLAIM FOR RELIEF: DEFENDANT RVA**

101.    In response to paragraph 268 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 267 of the Fifth Party Complaint herein.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 269 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE FORTY-FIRST CLAIM FOR RELIEF: DEFENDANT BOVIS**

103.    In response to paragraph 270 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 269 of the Fifth Party Complaint herein.

104.    With respect to the allegations contained set forth in paragraph 271 of the Fifth Party Complaint, admits that Bovis entered into the Bovis Contracts with DASNY in connection with the Project, respectfully refers this Court to the Bovis Contracts for their true terms and conditions at the trial of this action, and the truth of all other allegations of fact are denied.

105.    Denies the truth of the allegations set forth in paragraphs 272, 273, 274, 275 and 276 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE FORTY-SECOND CLAIM FOR RELIEF: DEFENDANT BOVIS**

106.    In response to paragraph 277 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 276 of the Fifth Party Complaint herein.

107.    Denies the truth of the allegations set forth in paragraph 278 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE FORTY-THIRD CLAIM FOR RELIEF: DEFENDANT FUTURE TECH**

108.    In response to paragraph 279 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 278 of the Fifth Party Complaint herein.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 280, 281, 282 and 283 of the Fifth Party Complaint.

**AS AND FOR A RESPONSE TO**
**THE FORTY-FOURTH CLAIM FOR RELIEF: DEFENDANT FUTURE TECH**

110.    In response to paragraph 284 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 283 of the Fifth Party Complaint herein.

111.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 285 of the Fifth Party Complaint.

## AS AND FOR A RESPONSE TO
## THE FORTY-FIFTH CLAIM FOR RELIEF: DEFENDANT MTL

112.    In response to paragraph 286 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 285 of the Fifth Party Complaint herein.

113.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 287, 288 and 289 of the Fifth Party Complaint.

## AS AND FOR A RESPONSE TO
## THE FORTY-SIXTH CLAIM FOR RELIEF: DEFENDANT MTL

114.    In response to paragraph 290 of the Fifth Party Complaint, Bovis repeats, reiterates and re-alleges the responses to the allegations of paragraphs 1 through 289 of the Fifth Party Complaint herein.

115.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 291 of the Fifth Party Complaint.

## AS AND FOR ITS FIRST AFFIRMATIVE DEFENSE

116.    The Fifth Party Complaint fails to state a cause of action upon which relief may be granted.

## AS AND FOR ITS SECOND AFFIRMATIVE DEFENSE

117.    This Court lacks subject matter and/or supplemental jurisdiction over the claims asserted in the Fifth Party Complaint.

## AS AND FOR ITS THIRD AFFIRMATIVE DEFENSE

118.    Bovis complied with the terms and conditions of the Bovis Contracts for work at the Project.

### AS AND FOR ITS FOURTH AFFIRMATIVE DEFENSE

119.    DASNY failed to comply with the notice provisions of the Bovis Contracts for work at the Project.

### AS AND FOR ITS FIFTH AFFIRMATIVE DEFENSE

120.    DASNY failed to comply with the terms and conditions of the Bovis Contracts for work at the Project.

### AS AND FOR ITS SIXTH AFFIRMATIVE DEFENSE

121.    DASNY's claims are barred by the applicable statute of limitations.

### AS AND FOR ITS SEVENTH AFFIRMATIVE DEFENSE

122.    DASNY's claims are barred in whole or in part by the express limitation of actions and/or limitation of damages in the Bovis Contracts for work at the Project.

### AS AND FOR ITS EIGHTH AFFIRMATIVE DEFENSE

123.    DASNY's claims are barred in whole or in part by the doctrine of accord and satisfaction.

### AS AND FOR ITS NINTH AFFIRMATIVE DEFENSE

124.    Upon information and belief, DASNY is barred from recovery in this proceeding by the doctrine of waiver.

### AS AND FOR ITS TENTH AFFIRMATIVE DEFENSE

125.    Upon information and belief, DASNY is barred from recovery in this proceeding by the doctrine of laches.

### AS AND FOR ITS ELEVENTH AFFIRMATIVE DEFENSE

126.    Upon information and belief, DASNY is barred from recovery in this proceeding by the doctrine of unclean hands.

## AS AND FOR ITS TWELFTH AFFIRMATIVE DEFENSE

127.    Upon information and belief, DASNY failed to exercise reasonable care and diligence to mitigate its damages.

## AS AND FOR ITS THIRTEENTH AFFIRMATIVE DEFENSE

128.    Upon information and belief, there is no cognizable causation between the damage claimed by DASNY and any act or omission by Bovis.

## AS AND FOR ITS FOURTEENTHAFIRMATIVE DEFENSE

129.    Upon information and belief, the damages alleged by DASNY were caused by the culpable conduct of some third person(s) over whom Bovis neither had nor exercised control.

## AS AND FOR ITS FIFTEENTH AFFIRMATIVE DEFENSE

130.    DASNY's claim for common law or implied indemnification is barred due to the lack of privity, or duty owed, as between Bovis and such other party(ies) who has asserted claims against DASNY in the instant action.

## AS AND FOR ITS SIXTEENTH AFFIRMATIVE DEFENSE

131.    Since there is no judgment against DASNY, the Fifth Party Complaint is premature.

## AS AND FOR ITS SEVENTEENTH AFFIRMATIVE DEFENSE

132.    To the extent that such other party(ies) who has asserted claims against DASNY in the instant action have viable claims against DASNY, DASNY is not entitled to seek indemnification from Bovis for such claims on the basis of common law or implied indemnity since such claims are based, in whole or in part, upon the fault and/or negligence of DASNY and/or some third person(s) over whom Bovis neither had nor exercised control.

## AS AND FOR ITS EIGHTEENTH AFFIRMATIVE DEFENSE

133.    The liability of Bovis for non-economic loss shall not exceed the equitable share of Bovis determined in accordance with the relative culpability of each person/party causing or contributing to the total liability for non-economic loss.

## AS AND FOR ITS NINETEENTH AFFIRMATIVE DEFENSE

134.    Recovery, if any, on the Fifth Party Complaint shall be reduced by the amounts paid or reimbursed by collateral sources.

## AS AND FOR ITS TWENTIETH AFFIRMATIVE DEFENSE

135.    Any damages sustained by DASNY were caused solely and wholly by reason of the carelessness and negligence of DASNY, in that it did not take the usual, necessary and proper precautions and DASNY was otherwise negligent and careless under the circumstances.

## AS AND FOR ITS TWENTY-FIRST AFFIRMATIVE DEFENSE

136.    If any party recovers against Bovis, then Bovis will be entitled to an apportionment of responsibility for damages between and amongst the parties of this action and will be entitled to recover from each other party for its proportional share commensurate with any judgment.

## AS AND FOR ITS TWENTY-SECOND AFFIRMATIVE DEFENSE

137.    Bovis hereby gives notice that it intends to rely upon such other defenses as may become available during the course of discovery and thus reserves the right to amend its answer to assert such defenses.

## AS AND FOR ITS TWENTY-THIRD AFFIRMATIVE DEFENSE

138.    DASNY failed to mitigate any damages it may have suffered as a result of the actions it attributes to others as alleged in the Fifth Party Complaint.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

139.    All services provided by Bovis were in accordance with the applicable custom and standard in the industry at all relevant times.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST A. WILLIAMS TRUCKING & BACKHOE TRENCHING, INC., ASPRO MECHANICAL CONTRACTORS, INC., BEAUBOIS CANADA, INC., CNA SURETY CORPORATION D/B/A AMERICAN CASUALTY COMPANY OF READING, PA, DIERKS HEATING COMPANY, INC., ENCLOS CORPORATION, FIVE STAR ELECTRIC CORPORATION, FUTURE TECH CONSULTANTS OF NEW YORK, INC., HERITAGE AIR SYSTEMS, INC., HUGH O'KANE ELECTRIC CO., LLC, MATERIALS TESTING LAB, INC., PYRAMID FIRE PROTECTION, INC., RAFAEL VINOLY ARCHITECTS P.C., SMI-OWEN STEEL COMPANY, INC., STONEWALL CONTRACTING CORPORATION, TRACTEL LTD. SWINGSTAGE DIVISION, WILLIAM A. GROSS CONSTRUCTION ASSOCIATES, INC., CAULDWELL WINGATE COMPANY, LLC, and AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY**

140.    Bovis repeats, reiterates and re-alleges its responses to the allegations contained within paragraphs 1 through 291 of the Fifth Party Complaint as if fully set forth herein.

141.    If DASNY recovers against Bovis, then Bovis will be entitled to be indemnified and to recover the full amount of any judgment from A. William Trucking & Backhoe Trenching, Inc., Aspro Mechanical Contractors, Inc., Beaubois Canada, Inc., CNA Surety Corporation d/b/a American Casualty Company of Reading, PA, Dierks Heating Company, Inc., Enclos Corporation, Five Star Electric Corporation, Future Tech Consultants of New York, Inc., Heritage Air Systems, Inc., Hugh O'Kane Electric Co., LLC,  Materials Testing Lab, Inc., Pyramid Fire Protection, Inc., Rafael Vinoly Architects, P.C., Smi-Owen Steel Company, Inc., Stonewall Contracting Corporation, Tractel Ltd. Swingstage Division, William A. Gross Construction Associates, Inc., Cauldwell Wingate Company, LLC,  and American Manufacturers Mutual Insurance Company, jointly and severally, plus its costs and expenses incurred in the defense of the action, based on common law and/or contractual indemnity principles.

142.    Demand is hereby made for an Answer to this Cross-Claim.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST A. WILLIAMS TRUCKING & BACKHOE TRENCHING, INC., ASPRO MECHANICAL CONTRACTORS, INC., BEAUBOIS CANADA, INC., CNA SURETY CORPORATION D/B/A AMERICAN CASUALTY COMPANY OF READING, PA, DIERKS HEATING COMPANY, INC., ENCLOS CORPORATION, FIVE STAR ELECTRIC CORPORATION, FUTURE TECH CONSULTANTS OF NEW YORK, INC., HERITAGE AIR SYSTEMS, INC., HUGH O'KANE ELECTRIC  CO., LLC, MATERIALS TESTING LAB, INC., PYRAMID FIRE PROTECTION, INC., RAFAEL VINOLY ARCHITECTS P.C., SMI-OWEN STEEL COMPANY, INC., STONEWALL CONTRACTING CORPORATION, TRACTEL LTD. SWINGSTAGE DIVISION, WILLIAM A. GROSS CONSTRUCTION ASSOCIATES, INC., CAULDWELL WINGATE COMPANY, LLC, and <u>AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY</u>**

143.    Bovis repeats, reiterates and realleges its responses to the allegations contained within paragraphs 1 through 291 of the Fifth Party Complaint as if fully set forth herein.

144.    By reason of the foregoing, Bovis requests that this Court make a declaration of the rights of the parties under common law and/or contractual indemnity principles, that Bovis is entitled to a defense and indemnification from A. William Trucking & Backhoe Trenching, Inc., Aspro Mechanical Contractors, Inc., Beaubois Canada, Inc., CNA Surety Corporation d/b/a American Casualty Company of Reading, PA, Dierks Heating Company, Inc., Enclos Corporation, Five Star Electric Corporation, Future Tech Consultants of New York, Inc., Heritage Air Systems, Inc., Hugh O'Kane Electric Co., LLC,  Materials Testing Lab, Inc., Pyramid Fire Protection, Inc., Rafael Vinoly Architects, P.C., Smi-Owen Steel Company, Inc., Stonewall Contracting Corporation, Tractel Ltd. Swingstage Division, William A. Gross Construction Associates, Inc., Cauldwell Wingate Company, LLC,  and American Manufacturers Mutual Insurance Company, jointly and severally, against the claims of DASNY.

145.    Demand is hereby made for an Answer to this Cross-Claim.

26

## AS AND FOR A FIRST COUNTERCLAIM AGAINST
## <u>DORMITORY AUTHORITY OF THE STATE OF NEW YORK</u>
## (<u>BREACH OF CONTRACT</u>)

146.    Bovis Lend Lease LMB, Inc. ("Bovis") is a corporation duly organized under the laws of the State of New York with offices at 200 Park Avenue, New York, New York 10166.

147.    Upon information and belief, Dormitory Authority of the State of New York ("DASNY") is a public benefit corporation organized and existing under the New York State Public Authorities Law and maintains a place of business at 515 Broadway, Albany, New York 12207.

148.    In or about and between August 2000 and September 2000, Bovis entered into a written contract with DASNY identified as Contract No. DA 72345 to provide and supply labor, materials and other certain services for the Bronx Hall of Justice Project (the "Project").

149.    The labor, materials and services were furnished to DASNY to be used, and were used, in the performance of the work pursuant to the Contract No. DA 72345 at the Project, and that such performance and work was duly accepted by DASNY.

150.    The total aggregate price of Contract No. DA 72345, with approved change orders and extra work, was $20,240,758.19, of which $839,755.78 has not been paid, although payment thereof has been duly demanded.

151.    Bovis has performed all of the terms, conditions and work under Contract No. DA 72345.

152.    By reason of the foregoing, there is due and owing to Bovis the sum of $839,755.78, no part of which has been paid, although duly demanded.

153.    DASNY has failed to perform its obligations under Contract No. DA 72345, including, *inter alia*, its failure to pay Bovis the balance due pursuant to Contract No. DA 72345, which was and is fully due and owing.

154.    By reason of the foregoing, Bovis has been damaged in an amount to be proven at trial, but not less than $839,755.78, plus interest, costs, disbursements and attorney's fees.

## AS AND FOR A SECOND COUNTERCLAIM AGAINST
## DORMITORY AUTHORITY OF THE STATE OF NEW YORK
## (ACCOUNT STATED)

155.    Bovis repeats, reiterates and realleges the allegations contained within paragraphs 146 through 154 of the Counterclaim, as if fully set forth at length herein.

156.    In or about and between August 2000 and November 2006, DASNY and Bovis entered into business transactions and agreed to a resulting account balance.

157.    Bovis rendered a statement of this account balance to DASNY, to which DASNY did not object. Thirty (30) days have elapsed since Bovis presented this account balance to DASNY.

158.    DASNY has not paid any part of this account balance and there is now due and owing from DASNY, an account balance in the amount of not less than $839,755.78 to Bovis.

159.    By reason of the foregoing, an amount not less than the sum of $839,755.78, is justly due and owing to Bovis from DASNY, plus interest, costs, disbursement and attorney's fees.

**A THIRD COUNTERCLAIM AGAINST**
**<u>DORMITORY AUTHORITY OF THE STATE OF NEW YORK</u>**
**(<u>QUANTUM MERUIT</u>)**

160.    Bovis repeats, reiterates and realleges the allegations contained within paragraphs 146 through 159 of the Counterclaims, as if fully set forth at length herein.

161.    In or about and between August 2000 and November 2006, Bovis, at the special instance and request of DASNY, rendered certain work, labor, and services and furnished certain materials at the Project for the agreed price of  $20,240,758.19, of which $839,755.78 remains unpaid.

162.    DASNY agreed and promised to pay that sum, and that sum is due and owing for the value of work, labor, services and materials rendered by Bovis to DASNY.

163.    There remains a balance due and owing to Bovis in the sum of $839,755.78 no part of which has been paid to DASNY, although payment thereof has been duly demanded from DASNY.

164.    By reason of the foregoing, Bovis demands judgment in an amount not less than the sum of $839,755.78 from DASNY, plus interest, costs, disbursements and attorney's fees.

**A FOURTH COUNTERCLAIM AGAINST**
**<u>DORMITORY AUTHORITY OF THE STATE OF NEW YORK</u>**
**(<u>BREACH OF CONTRACT</u>)**

165.    Bovis repeats, reiterates and realleges the allegations contained within paragraphs 146 through 164 of the Counterclaims, as if fully set forth at length herein.

166.    In or about and between August 2000 and September 2000, Bovis entered into a written contract with DASNY identified as Contract No. DA 72384 to provide and supply labor, materials and other certain services for the Bronx Hall of Justice Project (the "Project").

29

167.    The labor, materials and services were furnished to DASNY, to be used, and were used, in the performance of the work pursuant to the Contract No. DA 72384 at the Project, and that such performance and work was duly accepted by DASNY.

168.    The total aggregate price of Contract No. DA 72384, with approved change orders and extra work, was $27,360,903.27, of which $192,436.69 has not been paid, although payment thereof has been duly demanded.

169.    Bovis has performed all of the terms, conditions and work under Contract No. DA 72384.

170.    By reason of the foregoing, there is due and owing to Bovis the sum of $192,436.69, no part of which has been paid, although duly demanded.

171.    DASNY has failed to perform its obligations under Contract No. DA 72384, including, *inter alia*, its failure to pay Bovis the balance due pursuant to Contract No. DA 72384, which was and is fully due and owing.

172.    By reason of the foregoing, Bovis has been damaged in an amount to be proven at trial, but not less than $192,436.69, plus interest, costs, disbursements and attorney's fees.

**A FIFTH COUNTERCLAIM AGAINST**
**DORMITORY AUTHORITY OF THE STATE OF NEW YORK**
**(ACCOUNT STATED)**

173.    Bovis repeats, reiterates and realleges the allegations contained within paragraphs 146 through 172 of the Counterclaims, as if fully set forth at length herein.

174.    In or about and between August 2000 and November 2006, DASNY and Bovis entered into business transactions and agreed to a resulting account balance.

175.    Bovis rendered a statement of this account balance to DASNY, to which DASNY did not object. Thirty (30) days have elapsed since Bovis presented this account balance to DASNY.

176.    DASNY has not paid any part of this account balance and there is now due and owing from DASNY an account balance in the amount of not less than $192,436.69 to Bovis.

177.    By reason of the foregoing, an amount not less than the sum of $192,436.69, is justly due and owing to Bovis from DASNY, plus interest, costs, disbursements and attorney's fees.

## A SIXTH COUNTERCLAIM AGAINST
## DORMITORY AUTHORITY OF THE STATE OF NEW YORK
## (QUANTUM MERIUT)

178.    Bovis repeats, reiterates and realleges the allegations contained within paragraphs 146 through 177 of the Counterclaims, as if fully set forth at length herein.

179.    In or about and between August 2000 and November 2006, Bovis, at the special instance and request of DASNY, rendered certain work, labor, and services and furnished certain materials at the Project for the agreed price of $27,360,903.27, of which $192,436.69 remains unpaid.

180.    DASNY agreed and promised to pay that sum, and that sum is due and owing for the value of work, labor, services and materials rendered by Bovis to DASNY.

181.    There remains a balance due and owing to Bovis in the sum of $192,436.69 no part of which has been paid to DASNY, although payment thereof has been duly demanded from DASNY.

182.    By reason of the foregoing, Bovis demands judgment in an amount not less than the sum of $192,436.69 from DASNY, plus interest, costs, disbursements and attorney's fees.

## JURY DEMAND

183.    Bovis hereby demands a jury trial as to all issues of this suit.

**WHEREFORE**, Bovis Lend Lease LMB, Inc. respectfully demands judgment as follows:

a)    Dismissing the Fifth-Party Complaint as against Bovis in its entirety;

b)    Granting the First Cross-Claim against A. William Trucking & Backhoe Trenching, Inc., Aspro Mechanical Contractors, Inc., Beaubois Canada, Inc., CNA Surety Corporation d/b/a American Casualty Company of Reading, PA, Dierks Heating Company, Inc., Enclos Corporation, Five Star Electric Corporation, Future Tech Consultants of New York, Inc., Heritage Air Systems, Inc., Hugh O'Kane Electric Co., LLC,  Materials Testing Lab, Inc., Pyramid Fire Protection, Inc., Rafael Vinoly Architects, P.C., Smi-Owen Steel Company, Inc., Stonewall Contracting Corporation, Tractel Ltd. Swingstage Division, William A. Gross Construction Associates, Inc., Cauldwell Wingate Company, LLC,  and American Manufacturers Mutual Insurance Company, jointly and severally;

c)    granting the Second Cross-Claim whereby this Court makes a declaration of the rights of the parties under common law and/or contractual indemnity principles, that Bovis is entitled to a defense and indemnification from A. William Trucking & Backhoe Trenching, Inc., Aspro Mechanical Contractors, Inc., Beaubois Canada, Inc., CNA Surety Corporation d/b/a

American Casualty Company of Reading, PA, Dierks Heating Company, Inc., Enclos Corporation, Five Star Electric Corporation, Future Tech Consultants of New York, Inc., Heritage Air Systems, Inc., Hugh O'Kane Electric Co., LLC, Materials Testing Lab, Inc., Pyramid Fire Protection, Inc., Rafael Vinoly Architects, P.C., Smi-Owen Steel Company, Inc., Stonewall Contracting Corporation, Tractel Ltd. Swingstage Division, William A Gross Construction Associates, Inc., Cauldwell Wingate Company, LLC, and American Manufacturers Mutual Insurance Company, jointly and severally, against the claims of DASNY;

d)       On the First Counterclaim against DASNY, an amount to be determined at trial, but believed to be in excess of $839,755.78;

e)       On the Second Counterclaim against DASNY, an amount to be determined at trial, but believed to be in excess of $839,755.78;

f)       On the Third Counterclaim against DASNY, an amount to be determined at trial, but believed to be in excess of $839,755.78;

g)       On the Fourth Counterclaim against DASNY, an amount to be determined at trial, but believed to be in excess of $192,436.69;

h)       On the Fifth Counterclaim against DASNY, an amount to be determined at trial, but believed to be in excess of $192,436.69;

i)       On the Sixth Counterclaim against DASNY, an amount to be determined at trial, but believed to be in excess of $192,436.69;

j)      Awarding interest, and costs and disbursements, including attorney's fees; and

k)      For such further and different relief this Court deems just and proper.

Dated:  New York, New York
        September 4, 2008

                                        **ARTHUR J. SEMETIS, P.C.**


                                        By:  __/S/_____
                                                Arthur J. Semetis (AS-8477)
                                        Attorneys for Fifth Party Defendant
                                        Bovis Lend Lease LMB, Inc.
                                        286 Madison Avenue, 14th Street
                                        New York, New York 10017
                                        (212) 557-5055