UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WILLIAM A. GROSS CONSTRUCTION
ASSOCIATES, INC.,

                      *Plaintiff,*

  -*against*-

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                      *Defendant.*
-----------------------------------------------------------------X
AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                      *Third-Party Plaintiff,*

  -*against*-

CAULDWELL-WINGATE COMPANY, LLC,

                      *Third-Party Defendant.*
-----------------------------------------------------------------X
CAULDWELL-WINGATE COMPANY, LLC,

                      *Fourth-Party Plaintiff,*

  -*against*-

DORMITORY AUTHORITY OF THE STATE OF
NEW YORK,

                      *Fourth-Party Defendant.*
-----------------------------------------------------------------X

**NOTICE OF MOTION**

07 CV 10639 (LAK) (AJP)

*Captioned continued on next page*

---------------------------------------------------------------X
DORMITORY AUTHORITY OF THE STATE OF
NEW YORK,

                             *Fifth-Party Plaintiff,*

   *- against -*

A. WILLIAMS TRUCKING & BACKHOE
TRENCHING, INC., ASPRO MECHANICAL
CONTRACTORS, INC., BEAUBOIS CANADA, INC.,
BOVIS LEND LEASE LMB, INC., CNA SURETY
CORPORATION D/B/A AMERICAN CASUALTY
COMPANY OF READING, PA, DIERKS HEATING
COMPANY, INC., ENCLOS CORPORATION, FIVE
STAR ELECTRIC CORPORATION, FUTURE TECH
CONSULTANTS OF NEW YORK, INC., HERITAGE
AIR SYSTEMS, INC., HUGH O'KANE ELECTRIC CO.,
LLC, MATERIALS TESTING LAB, INC., PYRAMID
FIRE PROTECTION, INC., RAFAEL VINOLY
ARCHITECTS P.C., SMI-OWEN STEEL COMPANY,
INC., STONEWALL CONTRACTING CORPORATION,
TRACTEL LTD. SWINGSTAGE DIVISION,

                             *Fifth-Party Defendants.*
---------------------------------------------------------------X

    ***PLEASE TAKE NOTICE***, that upon the annexed declaration of Arthur J. Semetis and the accompanying memorandum of law, the Fifth-Party Defendant, Bovis Lend Lease LMB, Inc., shall move this Court, at the United States Courthouse, Southern District of New York, 500 Pearl Street, New York, New York 10007 before the Honorable Andrew J. Peck, Magistrate Judge, at a date and time to be determined by the Court, for an order dismissing all of the above-captioned actions in accordance with Fed. R. Civ. P. 12(b)(7) since the joinder of Cauldwell Wingate as a necessary and indispensable party to the Main-Party Action divests this Court of subject matter jurisdiction. In the alternative, Fifth-Party Defendant, Bovis Lend Lease LMB, Inc., shall move this Court for an order declining the exercise of supplemental jurisdiction, as set forth at 28 U.S.C. § 1367(c), since the state law claims raised in the Fifth-Party Complaint

substantially predominate over the claims alleged in the Amended Complaint filed in the Main-Party Action.

Dated: New York, New York
       September 4, 2008

                              **ARTHUR J. SEMETIS, P.C.**
                              *Attorneys for Fifth-Party Defendant,*
                              *Bovis Lend Lease LMB, Inc.*
                              286 Madison Avenue, 14th Floor
                              New York, New York 10017
                              Telephone: (212) 557-5055

                              By:_____
                                  Arthur J. Semetis (AJS-8477)

ajsdoc:c\bovis-gross-cauldwell-dasny-nom

Semetis Declaration

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLIAM A. GROSS CONSTRUCTION
ASSOCIATES, INC.,

                  *Plaintiff,*

  -*against*-

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                  *Defendant.*
------------------------------------------------------------------X
AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                  *Third-Party Plaintiff,*

  -*against*-

CAULDWELL-WINGATE COMPANY, LLC,

                  *Third-Party Defendant.*
------------------------------------------------------------------X
CAULDWELL-WINGATE COMPANY, LLC,

                  *Fourth-Party Plaintiff,*

  -*against*-

DORMITORY AUTHORITY OF THE STATE OF
NEW YORK,

                  *Fourth-Party Defendant.*
------------------------------------------------------------------X

07 CV 10639 (LAK) (AJP)

**DECLARATION OF
ARTHUR J. SEMETIS**

*Captioned continued on next page*

---------------------------------------------------------------X
DORMITORY AUTHORITY OF THE STATE OF
NEW YORK,

      *Fifth-Party Plaintiff,*

 - against -

A. WILLIAMS TRUCKING & BACKHOE
TRENCHING, INC., ASPRO MECHANICAL
CONTRACTORS, INC., BEAUBOIS CANADA, INC.,
BOVIS LEND LEASE LMB, INC., CNA SURETY
CORPORATION D/B/A AMERICAN CASUALTY
COMPANY OF READING, PA, DIERKS HEATING
COMPANY, INC., ENCLOS CORPORATION, FIVE
STAR ELECTRIC CORPORATION, FUTURE TECH
CONSULTANTS OF NEW YORK, INC., HERITAGE
AIR SYSTEMS, INC., HUGH O'KANE ELECTRIC CO.,
LLC, MATERIALS TESTING LAB, INC., PYRAMID
FIRE PROTECTION, INC., RAFAEL VINOLY
ARCHITECTS P.C., SMI-OWEN STEEL COMPANY,
INC., STONEWALL CONTRACTING CORPORATION,
TRACTEL LTD. SWINGSTAGE DIVISION,

      *Fifth-Party Defendants.*
---------------------------------------------------------------X

  **ARTHUR J. SEMETIS**, an attorney duly admitted to practice law before this Court, hereby declares the following to be true and correct under penalties of perjury, pursuant to 28 U.S.C. § 1746:

  1. I am a member of the firm of Arthur J. Semetis, P.C., attorneys for Fifth-Party Defendant, Bovis Lend Lease LMB, Inc. ("Bovis"). I am familiar with the pleadings and proceedings in this matter. I make this declaration in support of Bovis' motion to dismiss all of the actions, or in the alternative, to dismiss the Fifth-Party Complaint herein.

  2. In the Fifth-Party Complaint, Fourth-Party Defendant and Fifth-Party Plaintiff, Dormitory Authority of the State of New York ("DASNY"), asserted claims against Bovis and sixteen (16) other entities alleging negligence, breach of contract and common law indemnity for

2

the claims asserted against DASNY in the Fourth-Party Action, discussed *infra*. For the reasons set forth herein, as well as in the accompanying memorandum of law, the Fifth-Party Action should be dismissed. (A copy of the Fifth-Party Complaint is annexed hereto as Exhibit 1.)[1]

3. Upon information and belief, this diversity action was commenced on or about November 28, 2007 by Plaintiff, William A. Gross Construction Associates, Inc. ("Gross"), a subcontractor domiciled in New York that performed site work during the construction of the Bronx County Hall of Justice (the "Project"), against American Manufacturers Mutual Insurance Company ("American Manufacturers"), an Illinois-based corporation which had issued a payment bond on behalf of Third-Party Plaintiff and Fourth-Party Defendant to Cauldwell Wingate Company, LLC ("Cauldwell Wingate").

4. Upon information and belief, Cauldwell Wingate was the contractor that engaged Gross to perform a small portion of the work under its general construction contract with DASNY on the Project. Gross filed an Amended Complaint on or about December 11, 2007. (A copy of the Amended Complaint is annexed hereto as Exhibit 2).

5. American Manufacturers filed an Answer on or about December 17, 2007 (a copy of American Manufacturers' Answer to the Amended Complaint is annexed hereto as Exhibit 3), and the following day, American Manufacturers filed a Third-Party Complaint against Cauldwell Wingate seeking indemnification. (A copy of American Manufacturers' Third-Party Complaint is annexed hereto as Exhibit 4). Cauldwell Wingate filed an Answer to the Third-Party Complaint on or about February 19, 2008. (A copy of Cauldwell Wingate's Answer to the Third-Party Complaint is annexed hereto as Exhibit 5).

---

[1] In accordance with the letter order of Magistrate Judge Andrew J. Peck dated September 3, 2008, the pleadings in this Action referred to herein may be viewed on-line as part of ECF, and are not attached hereto with this filing.

6. Thereafter, on or about March 14, 2008, Cauldwell Wingate filed its Fourth-Party Complaint against DASNY. (A copy of Caulwell Wingate's Fourth-Party Complaint is annexed hereto as Exhibit 6, and a copy of DASNY's Answer to the Fourth-Party Complaint and Counterclaim is annexed hereto as Exhibit 7).

7. In its Amended Complaint, Gross seeks additional compensation of $2,6199,478.09 from American Manufacturers, Cauldwell Wingate's surety, that is allegedly due under Gross' $3,820,000.00 subcontract with Cauldwell Wingate. (Amended Complaint ¶¶ 13, 18-20, 27).

8. It is manifestly clear that Gross has attempted to manufacture federal diversity jurisdiction (28 U.S.C. § 1331) by naming only a single diverse defendant, American Manufacturers, in connection with its claim on the Labor and Material Payment Bond ("Bond"), while simultaneously alleging in its Amended Complaint claims for extra work and delay damages that are wholly outside the scope of available relief under the Bond. (Amended Complaint, ¶¶ 14-17, pp. 4-8).

9. In order to accord Gross' complete relief for the allegations pled in its Amended Complaint, Cauldwell Wingate should be deemed to be both a necessary and indispensable party in accordance with FRCP Rule 19.

10. Although the addition of Cauldwell Wingate as a defendant in the Main-Party Action will divest this Court of diversity jurisdiction since both Gross and Cauldwell Wingate are residents of New York, and because no federal questions are presented, requiring dismissal of this action pursuant to FRCP 12(b)(7), all parties are fully able to litigate these state law claim in New York state courts. Thus, no showing of prejudice can be made.

11. Upon information and belief, the Fourth-Party Complaint involves the entire $52 million general construction contract between DASNY and Cauldwell Wingate. In connection with the general construction contract, Cauldwell Wingate agreed to provide, among other things, masonry, metal and hardware work, drywall and ceilings, tile and marble, architectural metal and glasswork, painting, and sidewalk and landscaping (Fourth-Party Complaint, ¶¶ 27-28). Cauldwell Wingate now claims damages of $25.4 million, not only for Gross' work on the Project, but also for its drywall and ceiling work subcontractor (Fourth-Party Complaint, ¶ 71-74), its architectural metal and glass work subcontractor (Fourth-Party Complaint, ¶¶ 75-89), its masonry subcontractor (Fourth-Party Complaint, ¶¶ 102-03), its tile and marble subcontractor (Fourth-Party Complaint, ¶¶ 104-05), its hollow metal and hardware work subcontractor (Fourth-Party Complaint, ¶¶ 106-111), and its painting subcontractor (Fourth-Party Complaint, ¶¶ 112-14). Additionally, Cauldwell Wingate seeks its own damages against DASNY (Fourth-Party Complaint, ¶¶ 47-70).

12. As both Cauldwell Wingate and DASNY have their principal offices in New York (Fourth-Party Complaint ¶¶ 5-6), and no federal questions are raised, jurisdiction with respect to the Fourth-Party Action is said to be premised on the supplemental jurisdiction provided by 28 U.S.C. § 1367(a).

13. In the same way, federal jurisdiction for the Fifth-Party Complaint is premised upon 28 U.S.C. § 1367(a) , " to the extent that the Court has supplemental jurisdiction over the claim in the Fourth-Party Action." (Fifth-Party Complaint, ¶ 3) (Footnote omitted).

5

14. In contrast to the much more circumscribed scope of Gross' Amended Complaint, the Fourth-Party Complaint asserts claims encompassing the entire breadth of Cauldwell Wingate's general construction contract with DASNY, including numerous subcontracts, none of which are related to Plaintiff's claims. DASNY, in turn, commenced the Fifth-Party Action against Bovis alleging negligence, breach of contract and indemnification.

15. Based upon the irrefutable conclusion that Cauldwell Wingate is both a necessary and indispensable defendant in the Main Action in accordance with FRCP Rule 19, dismissal of all of the captioned actions is warranted, pursuant to FRCP 12(b)(7), since this Court lacks subject matter jurisdiction over actions lacking diversity of citizenship.

16. Given the substantial predominance of the Fourth-Party and Fifth-Party state law claims over those set forth in Gross' Amended Complaint, and for the reasons set forth in Bovis' accompanying memorandum of law, it is respectfully submitted that the Court should exercise its discretion to dismiss the Fifth-Party Action pursuant to 28 U.S.C. § 1367(a).

17. In the alternative, the claims in the Fifth-Party Action shall be severed from the Main-Party, Third-Party, and Fourth-Party Actions in accordance with FRCP Rules 19 and 12(b)(7).

**WHEREFORE**, it is respectfully requested that all of the above-captioned actions be dismissed in accordance with Fed. R. Civ. P. 12(b)(7) since the joinder of Cauldwell Wingate as a necessary and indispensable party to the Main-Party Action divests this Court of subject matter jurisdiction. In the alternative, Bovis seeks dismissal of the Fifth-Party Complaint on the grounds that supplemental jurisdiction is not properly invoked to preserve jurisdiction in a matter where the substantial predominance of state law claims in the Fifth-Party Complaint exceed the claim

on the Bond alleged in the Main-Party Action, and for such other and further relief as the Court deems necessary and proper be granted.

Dated: New York, New York
      September 4, 2008

                                                        Arthur J. Semetis

mmcdoc:c\bovis-gross-cauldwell-dasny.declaration