UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
WILLIAM A. GROSS CONSTRUCTION ASSOCIATES, INC.,

                Plaintiff,            07-CV-10639(LAK)(AJP)

   - against –

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,                   **ANSWER AND JURY DEMAND**
                                                            **OF FIFTH-PARTY DEFENDANT**
                                                            **HERITAGE MECHANICAL**
                Defendant.            **SERVICES, INC. TO FIFTH-**
----------------------------------------x   **PARTY COMPLAINT**
AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                Third-Party Plaintiff,

   - against –

CAULDWELL WINGATE COMPANY, LLC,

                Third-Party Defendant.
----------------------------------------x
CAULDWELL WINGATE COMPANY, LLC,

                Fourth-Party Plaintiff,

   - against –

DORMITORY AUTHORITY OF THE STATE OF NEW YORK,

                Fourth-Party Defendant.
----------------------------------------x

Caption continued on the next page

```
---------------------------------------x
```
DORMITORY AUTHORITY OF THE STATE OF NEW YORK,

                Fifth-Party Plaintiff,

   - against-

A. WILLIAMS TRUCKING & BACKHOE TRENCHING, INC., ASPRO MECHANICAL CONTRACTORS, INC., BEAUBOIS CANADA, INC., BOVIS LEND LEASE LMB, INC., CNA SURETY CORPORATION D/B/A AMERICAN CASUALTY COMPANY OF READING, PA, DIERKS HEATING COMPANY, INC., ENCLOS CORPORATION, FIVE STAR ELECTRIC CORPORATION, FUTURE TECH CONSULTANTS OF NEW YORK, INC., HERITAGE AIR SYSTEMS, INC., HUGH O'KANE ELECTRIC CO., LLC, MATERIALS TESTING LAB, INC., PYRAMID FIRE PROTECTION, INC., RAFAEL VINOLY ARCHITECTS P.C., SMI-OWEN STEEL COMPANY, INC., STONEWALL CONTRACTING CORPORATION, TRACTEL LTD. SWINGSTAGE DIVISION,

                Fifth-Party Defendants.
```
---------------------------------------x
```

      Fifth-Party Defendant Heritage Mechanical Services, Inc., mistakenly sued under its former name of Heritage Air Systems Inc. ("Heritage"), by its attorneys, Murtagh, Cohen & Byrne, as and for its Answer to the Fifth-Party Complaint of the Dormitory Authority of the State of New York ("DASNY") herein, alleges as follows:

      1. Denies each and every allegation contained in paragraph 1 of the Fifth-Party Complaint, except admits that the dispute relates to numerous contracts entered into by DASNY for the construction of a new criminal court complex, the Bronx County Hall of Justice (the "Complex" or the "Project") located in Bronx County, New York, which Project, upon informa-

tion and belief, was financed and managed by DASNY, pursuant to a contract with the City of New York (the "City").

2. Denies each and every allegation contained in paragraph 2 of the Fifth-Party Complaint, except admits that Heritage is a contractor engaged by DASNY to perform construction work at the Project, and respectfully refers the Court to "Contract No. 11-Sheetmetal", DA #84112/1380909999/CR50 ("Contract No. 11") for the details thereof.

3. Denies each and every allegation contained in paragraphs 72, 73, 74, 172, 173, 174, 175, 178, 179, 180 and 182 of the Fifth-Party Complaint.

4. Admits each and every allegation contained in paragraphs 3, 4, 14 (except avers that "Heritage Air Systems Inc." is the former name of "Heritage Mechanical Services, Inc."), 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 71, 171, 177, 259, 260, 261, 262, 263, 265, 266, 267, 269, 271, 272, 273, 274, 275,276, and 278 of the Fifth-Party Complaint, and respectfully refers the Court to Contract No. 11 for its applicable terms and conditions.

5. Repeats and realleges each and every applicable response herein in answer to paragraphs 95, 101, 106, 108, 115, 120, 122, 129, 134, 136, 142, 147, 149, 155, 157, 163, 168, 170, 176, 181, 183, 189, 194, 196, 202, 207, 209, 216, 221, 223, 230, 235, 237, 243, 248, 250, 256, 258, 264, 268, 270, 277, 279, 284, 286, and 290 of the Fifth-Party Complaint.

6. Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 96, 97, 98, 99, 100, 102, 103, 104, 105, 107, 109, 110, 111, 112, 113, 114, 116, 117,

118, 119, 121, 123, 124, 125, 126, 127, 128, 130, 131, 132, 133, 135, 137, 138, 139, 140, 141, 143, 144, 145, 146, 148, 150, 151, 152, 153, 154, 156, 158, 159, 160, 161, 162, 164, 165, 166, 167, 169, 184, 185, 186, 187, 188, 190, 191, 192, 193, 195, 197, 198, 199, 200, 201, 203, 204, 205, 206, 208, 210, 211, 212, 213, 214, 215, 217, 218, 219, 220, 222, 224, 225, 226, 227, 228, 229, 231, 232, 233, 234, 236, 238, 239, 240, 241, 242, 244, 245, 246, 247, 249, 251, 252, 253, 254, 255, 257, 278, 280, 281, 282, 283, 285, 287, 288, 289, and 291.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7. The Fifth-Party Complaint fails to state a claim upon which relief can be granted against Heritage.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8. Heritage has duly performed its obligations under Contract No. 11, and DASNY's claims against Heritage are barred in whole or in party by the terms and conditions thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9. DASNY's claims against Heritage are barred in whole or in part by the applicable Statutes of Limitation.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10. DASNY's claims are barred by waiver, estoppel, and laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11. DASNY's claims against Heritage are barred in whole or in part by its failure to mitigate damages, if any.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12. DASNY's claims against Heritage are barred in whole or in part by the equitable doctrine of "unclean hands".

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13. This Court lacks jurisdiction over DASNY's claims against Heritage.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

14. Any damages that DASNY may have incurred with respect to the Project resulted from its own or its agents' actions or inactions or the actions or inactions of others over which Heritage had no control nor legal relationship by which liability could be attributed to Heritage.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15. DASNY's claims against Heritage are barred in whole or in part by accord and satisfaction.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16. DASNY's claims against Heritage are subject to set-offs, including but not limited to damages suffered by Heritage due to DASNY's breach of Contract No. 11.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

17. Heritage hereby reserves any other defenses or claims which may become apparent during the course of discovery, and the right to amend this pleading accordingly.

### AS AND FOR A FIRST COUNTERCLAIM AGAINST DASNY

#### Parties

18. At all times hereinafter mentioned, Fifth-Party Defendant Heritage Mechanical Systems, Inc., mistakenly sued under its former name of Heritage Air Systems Inc. ("Heritage"),

5

was and is a New York business corporation with a principal place of business at 305 Suburban Avenue, Deer Park, New York 11729.

19. Upon information and belief, Fifth-Party Complainant DASNY is a public benefit corporation organized and existing under the Public Authorities Law of the State of New York with an office at 515 Broadway, Albany, New York 12207-2916.

Jurisdiction and Venue

20. This Court has supplemental jurisdiction over the Fifth-Party action under 28 U.S.C. § 1367(a).

21. Venue is proper under 28 U.S.C. § 1391(b).

22. On or about November 5, 2001, Heritage entered into Contract No. 11 with DASNY under which Heritage agreed to perform certain specified sheetmetal work pursuant to specifications and drawings furnished by DASNY for an agreed base contract amount of $11,413,000.00.

23. Contract No. 11's original and anticipated completion date was May 31, 2005.

24. Upon information and belief, Contract No. 11 was in all respects regular and duly authorized, approved, executed, and funded by all parties necessary to render it a valid and binding obligation enforceable against DASNY.

25. Heritage duly performed all of its obligations under the terms and conditions of Contract No. 11.

26. By reason of approved and signed change orders reflecting $3,852,993 in additions to and deletions from the work required under Contract No.11, the base contract was adjusted by DASNY to the sum of $15, 265,993.

27. Payments have been made by DASNY to Heritage on account of Contract No. 11 in the amount of $14,996,422.81.

28. By reason of the foregoing, DASNY owes Heritage an agreed contract balance on Contract No. 11 of $269,570.19, no part of which has been paid although duly demanded.

## AS AND FOR A SECOND COUNTERCLAIM AGAINST DASNY

29. Heritage repeats and realleges each and every allegation in paragraphs "18" through "28" as though fully set forth at length.

30. In addition to its breach of contract described in the First Counterclaim above, DASNY has failed to process, approve and pay other pending change orders properly submitted by Heritage for extra work Heritage performed on the Project.

31. By reason of the foregoing failure to process, approve and pay other pending change orders properly submitted by Heritage for extra work Heritage performed on the Project, DASNY owes Heritage $311,695, no part of which has been paid although duly demanded.

## AS AND FOR A THIRD COUNTERCLAIM AGAINST DASNY

32. Heritage repeats and realleges each and every allegation in paragraphs "18" through "31" as though fully set forth at length.

33. DASNY had a fundamental affirmative and non-delegable duty to coordinate the work on the Project, both by law and under the terms of Contract No. 11.

34. As detailed in the "Construction Management" section and the Forty-First Claim for Relief of the Fifth-Party Complaint, paragraphs 36 through 41 and 270 through 278 thereof, the allegations of which are incorporated by reference herein, by reason of the acts and omissions of its agent, Fifth-Party Defendant Bovis Lend Lease LMB, Inc. ("Bovis"), and by reason of its

7

own acts and omissions, DASNY failed to discharge its non-delegable duty to coordinate the work on the Project.

35. None of the delays, impacts, and interferences experienced by Heritage as a result of DASNY's failure to coordinate the work were contemplated or anticipated by Heritage at the time it entered into Contract No. 11.

36. As a direct result of the foregoing, Heritage has sustained and incurred unanticipated additional labor, material, interest and other costs in an amount to be proven at trial, presently believed to exceed, in combination with the damages suffered under the Fourth Counterclaim, $1,600,000.

## AS AND FOR A FOURTH COUNTERCLAIM AGAINST DASNY

37. Heritage repeats and realleges each and every allegation in paragraphs "18" through "36" as though fully set forth at length.

38. As set forth in paragraph "22", above, DASNY furnished Heritage with specifications and drawings (the "Design Documents") for the performance of the sheetmetal work required under Contract No. 11.

39. By so furnishing the Design Documents to Heritage, DASNY expressly and/or impliedly warranted to Heritage, inter alia, that the Design Documents were complete and accurate, and adequate, fit and suitable for their intended purposes, and that they accurately depicted and reflected actual site conditions.

40. The warranties so made by DASNY pertained to material facts on which DASNY knew prospective bidders like Heritage would rely.

41. Heritage reasonably relied on the warranties made by DASNY, and the completeness, accuracy, and adequacy of the Design Documents, including their depiction of site conditions in preparing and submitting its bid for Contract No. 11.

42. As detailed in "The Project Design" section and Thirty-Eighth and Thirty-Ninth Claims for Relief of the Fifth-Party Complaint, Paragraphs 30 through 35 and 258 through 269 thereof, the allegations of which are incorporated by reference, by reason of the acts and omissions of its agent, Fifth-Party Defendant Rafael Vinoly Architects, P.C. ("RVA"), and by reason of its own acts and omissions, DASNY breached its warranties with respect to the Design Documents.

43. As a direct result of the foregoing breaches of warranty by DASNY, Heritage has been damaged in an amount to be proven at trial, presently believed to exceed, in combination with the damages suffered under the Third Counterclaim, $1,600,000.

## DEMAND FOR A JURY TRIAL

44. Heritage demands a trial by jury of all issues in this action so triable by law.

WHEREFORE, Heritage demands judgment in its favor:

(a) dismissing the Fifth-Party Complaint as to Heritage in all respects, with prejudice;

(b) granting judgment in favor of Heritage on its First Counterclaim against DASNY in the amount of $269,570.19, together with interest as allowed by law;

(c) granting judgment in favor of Heritage on its Second Counterclaim against DASNY in the amount of $311,695, together with interest as allowed by law;

(d) granting judgment in favor of Heritage on its Third Counterclaim against DASNY in an amount to be determined at trial, together with interest as allowed by law;

(e) granting judgment in favor of Heritage on its Fourth Counterclaim against DASNY in an amount to be determined at trial, together with interest as allowed by law;

(f) granting Heritage its costs of this action, together with such other and further relief as to this Court seems just and proper.

Dated: Rockville Centre, New York
September 4, 2008

MURTAGH, COHEN & BYRNE

By: _____
Edward T. Byrne (EB-8520)
Attorneys for Fifth-Party Defendant
Heritage Mechanical Services, Inc.
Office & P.O. Address
100 North Park Avenue
Rockville Centre, NY 11570
(516) 766-3200