Steven I. Levin (SL-0217)
Rosemary B. Boller (RB-6876)
LEVIN & GLASSER, P.C.
420 Lexington Avenue, Suite 805
New York, New York 10170
(212) 867-3636
Attorneys for Fifth-Party Defendant
Five Star Electric Corp.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
WILLIAM A. GROSS CONSTRUCTION
ASSOCIATES, INC.,                                                      07-CV-10639 (LAK)(AJP)

                                    Plaintiff,

            -against-

AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY,

                                    Defendant.                        **ANSWER, DEFENSES, COUNTER-
                                                                       CLAIMS AND CROSS-CLAIM OF
                                                                       FIFTH-PARTY DEFENDANT FIVE
                                                                       STAR ELECTRIC CORP.**

--------------------------------------------------------------x
and successive actions.                                                **JURY TRIAL DEMANDED**
--------------------------------------------------------------x

Defendant Five Star Electric Corp. ("Five Star"), by its attorneys, Levin & Glasser, P.C.,

answers the Fifth-Party Plaintiff's Fifth-Party Complaint as follows:

1.      Denies the allegations of paragraph 1 of the Fifth-Party Complaint insofar as they

purport to relate to Five Star, and denies knowledge or information sufficient to form a belief as

to the truth of the allegations of paragraph 1 of the Fifth-Party Complaint insofar as they relate to

persons or entities other than Five Star.

2.      Denies the allegations of paragraph 2 of the Fifth-Party Complaint insofar as they

purport to relate to Five Star, denies knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 2 of the Fifth-Party Complaint insofar as they relate to persons or entities other than Five Star, except admits that Five Star was engaged by Fifth-Party Plaintiff Dormitory Authority of the State of New York ("DASNY" or "Fifth-Party Plaintiff") to perform certain work and provide certain services in connection with the construction of a new criminal court complex, the Bronx County Hall of Justice (the "Complex" or the "Project") located in Bronx, New York.

<u>AS TO THE ALLEGATIONS REGARDING JURISDICTION AND VENUE</u>

3.      The allegations contained in paragraphs 3 and 4 of the Fifth-Party Complaint consist of legal argument and conclusions of law, to which Five Star need not respond.  To the extent that a response is required, Five Star denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3 and 4 of the Fifth-Party Complaint.

<u>AS TO THE ALLEGATIONS REGARDING THE PARTIES</u>

4.      The allegations contained in paragraphs 5 through 11 and 13 through 22 of the Fifth-Party Complaint consist of factual allegations relating to persons or entities other than Five Star, to which Five Star need not respond.  To the extent that a response is required, Five Star denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 5 through 11 and 13 through 22 of the Fifth-Party Complaint.

5.      Admits the allegations contained in paragraph 12 of the Fifth-Party Complaint.

<u>AS TO THE "FACTUAL ALLEGATIONS"</u>

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 23 through 82 of the Fifth-Party Complaint.

7.    Denies the allegations contained in paragraph 83 of the Fifth-Party Complaint, except admits that Five Star entered into a contract and certain change orders with DASNY in connection with work on the Project, and respectfully refers to such contract and change orders for their terms and conditions.

8.    Denies the allegations contained in paragraph 84 of the Fifth-Party Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 85 through 94 of the Fifth-Party Complaint.

## AS TO THE FIRST CLAIM FOR RELIEF

10.    In response to paragraph 95 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 94 herein as if fully set forth herein.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 96 through 100 of the Fifth-Party Complaint.

## AS TO THE SECOND CLAIM FOR RELIEF

12.    In response to paragraph 101 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 100 herein as if fully set forth herein.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 102 through 105 of the Fifth-Party Complaint.

## AS TO THE THIRD CLAIM FOR RELIEF

14.    In response to paragraph 106 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 105 herein as if fully set forth herein.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Fifth-Party Complaint.

## AS TO THE FOURTH CLAIM FOR RELIEF

16.    In response to paragraph 108 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 107 herein as if fully set forth herein.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 through 114 of the Fifth-Party Complaint.

## AS TO THE FIFTH CLAIM FOR RELIEF

18.    In response to paragraph 115 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 114 herein as if fully set forth herein.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 through 119 of the Fifth-Party Complaint.

## AS TO THE SIXTH CLAIM FOR RELIEF

20.    In response to paragraph 120 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 119 herein as if fully set forth herein.

4

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the Fifth-Party Complaint.

## AS TO THE SEVENTH CLAIM FOR RELIEF

22.     In response to paragraph 106 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 121 herein as if fully set forth herein.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 through 128 of the Fifth-Party Complaint.

## AS TO THE EIGHTH CLAIM FOR RELIEF

24.     In response to paragraph 129 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 128 herein as if fully set forth herein.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 through 133 of the Fifth-Party Complaint.

## AS TO THE NINTH CLAIM FOR RELIEF

26.     In response to paragraph 134 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 133 herein as if fully set forth herein.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the Fifth-Party Complaint.

<u>AS TO THE TENTH CLAIM FOR RELIEF</u>

28.    In response to paragraph 136 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 135 herein as if fully set forth herein.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 through 141 of the Fifth-Party Complaint.

<u>AS TO THE ELEVENTH CLAIM FOR RELIEF</u>

30.    In response to paragraph 142 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 141 herein as if fully set forth herein.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 through 146 of the Fifth-Party Complaint.

<u>AS TO THE TWELFTH CLAIM FOR RELIEF</u>

32.    In response to paragraph 147 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 146 herein as if fully set forth herein.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the Fifth-Party Complaint.

<u>AS TO THE THIRTEENTH CLAIM FOR RELIEF</u>

34.    In response to paragraph 149 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 148 herein as if fully set forth herein.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 through 154 of the Fifth-Party Complaint.

## AS TO THE FOURTEENTH CLAIM FOR RELIEF

36.     In response to paragraph 155 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 154 herein as if fully set forth herein.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 of the Fifth-Party Complaint.

## AS TO THE FIFTEENTH CLAIM FOR RELIEF

38.     In response to paragraph 157 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 156 herein as if fully set forth herein.

39.     Denies the allegations contained in paragraph 158 of the Fifth-Party Complaint, except admits that Five Star entered into a contract and certain change orders with DASNY in connection with work on the Project, and respectfully refers to such contract and change orders for their terms and conditions.

40.     Denies the allegations contained in paragraph 159 of the Fifth-Party Complaint.

41.     Denies the allegations contained in paragraph 160 of the Fifth-Party Complaint.

42.     Denies the allegations contained in paragraph 161 of the Fifth-Party Complaint.

43.     Denies the allegations contained in paragraph 162 of the Fifth-Party Complaint.

## AS TO THE SIXTEENTH CLAIM FOR RELIEF

44.     In response to paragraph 163 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 162 herein as if fully set forth herein.

45.     Denies the allegations contained in paragraph 164 of the Fifth-Party Complaint, except admits that paragraph 164 purports to quote a portion of the Contract, and respectfully refers to such Contract for all of its terms and conditions.

46.     Denies the allegations contained in paragraph 165 of the Fifth-Party Complaint.

47.     Denies the allegations contained in paragraph 166 of the Fifth-Party Complaint.

48.     Denies the allegations contained in paragraph 167 of the Fifth-Party Complaint.

## AS TO THE SEVENTEENTH CLAIM FOR RELIEF

49.     In response to paragraph 168 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 167 herein as if fully set forth herein.

50.     Denies the allegations contained in paragraph 169 of the Fifth-Party Complaint.

## AS TO THE EIGHTEENTH CLAIM FOR RELIEF

51.     In response to paragraph 170 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 169 herein as if fully set forth herein.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 171 through 175 of the Fifth-Party Complaint.

## AS TO THE NINTEENTH CLAIM FOR RELIEF

53.    In response to paragraph 176 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 175 herein as if fully set forth herein.

54.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 177 through 180 of the Fifth-Party Complaint.

## AS TO THE TWENTIETH CLAIM FOR RELIEF

55.    In response to paragraph 181 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 180 herein as if fully set forth herein.

56.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182 of the Fifth-Party Complaint.

## AS TO THE TWENTY-FIRST CLAIM FOR RELIEF

57.    In response to paragraph 183 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 182 herein as if fully set forth herein.

58.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 184 through 188 of the Fifth-Party Complaint.

## AS TO THE TWENTY-SECOND CLAIM FOR RELIEF

59.    In response to paragraph 189 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 188 herein as if fully set forth herein.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 190 through 193 of the Fifth-Party Complaint.

AS TO THE TWENTY-THIRD CLAIM FOR RELIEF

61.     In response to paragraph 194 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 193 herein as if fully set forth herein.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 195 of the Fifth-Party Complaint.

AS TO THE TWENTY-FOURTH CLAIM FOR RELIEF

63.     In response to paragraph 196 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 195 herein as if fully set forth herein.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 197 through 201 of the Fifth-Party Complaint.

AS TO THE TWENTY-FIFTH CLAIM FOR RELIEF

65.     In response to paragraph 202 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 201 herein as if fully set forth herein.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 203 through 206 of the Fifth-Party Complaint.

<u>AS TO THE TWENTY-SIXTH CLAIM FOR RELIEF</u>

67.    In response to paragraph 207 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 206 herein as if fully set forth herein.

68.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 208 of the Fifth-Party Complaint.

<u>AS TO THE TWENTY-SEVENTH CLAIM FOR RELIEF</u>

69.    In response to paragraph 209 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 208 herein as if fully set forth herein.

70.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 210 through 215 of the Fifth-Party Complaint.

<u>AS TO THE TWENTY-EIGHTH CLAIM FOR RELIEF</u>

71.    In response to paragraph 216 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 215 herein as if fully set forth herein.

72.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 217 through 220 of the Fifth-Party Complaint.

<u>AS TO THE TWENTY-NINTH CLAIM FOR RELIEF</u>

73.    In response to paragraph 221 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 220 herein as if fully set forth herein.

74.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 222 of the Fifth-Party Complaint.

## AS TO THE THIRTIETH CLAIM FOR RELIEF

75.    In response to paragraph 223 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 222 herein as if fully set forth herein.

76.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 224 through 229 of the Fifth-Party Complaint.

## AS TO THE THIRTY-FIRST CLAIM FOR RELIEF

77.    In response to paragraph 230 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 229 herein as if fully set forth herein.

78.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 231 through 234 of the Fifth-Party Complaint.

## AS TO THE THIRTY-SECOND CLAIM FOR RELIEF

79.    In response to paragraph 235 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 234 herein as if fully set forth herein.

80.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 236 of the Fifth-Party Complaint.

<u>AS TO THE THIRTY-THIRD CLAIM FOR RELIEF</u>

81.    In response to paragraph 237 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 236 herein as if fully set forth herein.

82.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 238 through 242 of the Fifth-Party Complaint.

<u>AS TO THE THIRTY-FOURTH CLAIM FOR RELIEF</u>

83.    In response to paragraph 243 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 242 herein as if fully set forth herein.

84.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 244 through 247 of the Fifth-Party Complaint.

<u>AS TO THE THIRTY-FIFTH CLAIM FOR RELIEF</u>

85.    In response to paragraph 248 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 247 herein as if fully set forth herein.

86.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 249 of the Fifth-Party Complaint.

<u>AS TO THE THIRTY-SIXTH CLAIM FOR RELIEF</u>

87.    In response to paragraph 250 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 249 herein as if fully set forth herein.

88.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 251 through 255 of the Fifth-Party Complaint.

### AS TO THE THIRTY-SEVENTH CLAIM FOR RELIEF

89.    In response to paragraph 256 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 255 herein as if fully set forth herein.

90.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 257 of the Fifth-Party Complaint.

### AS TO THE THIRTY-EIGHTH CLAIM FOR RELIEF

91.    In response to paragraph 258 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 257 herein as if fully set forth herein.

92.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 259 through 263 of the Fifth-Party Complaint.

### AS TO THE THIRTY-NINTH CLAIM FOR RELIEF

93.    In response to paragraph 264 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 263 herein as if fully set forth herein.

94.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 265 through 267 of the Fifth-Party Complaint.

## AS TO THE FORTIETH CLAIM FOR RELIEF

95.     In response to paragraph 268 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 267 herein as if fully set forth herein.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 269 of the Fifth-Party Complaint.

## AS TO THE FORTY-FIRST CLAIM FOR RELIEF

97.     In response to paragraph 270 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 269 herein as if fully set forth herein.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 271 through 276 of the Fifth-Party Complaint.

## AS TO THE FORTY-SECOND CLAIM FOR RELIEF

99.     In response to paragraph 277 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 276 herein as if fully set forth herein.

100.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 278 of the Fifth-Party Complaint.

## AS TO THE FORTY-THIRD CLAIM FOR RELIEF

101.     In response to paragraph 279 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 278 herein as if fully set forth herein.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 280 through 283 of the Fifth-Party Complaint.

## AS TO THE FORTY-FOURTH CLAIM FOR RELIEF

103.    In response to paragraph 284 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 283 herein as if fully set forth herein.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 285 of the Fifth-Party Complaint.

## AS TO THE FORTY-FIFTH CLAIM FOR RELIEF

105.    In response to paragraph 286 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 285 herein as if fully set forth herein.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 287 through 289 of the Fifth-Party Complaint.

## AS TO THE FORTY-SIXTH CLAIM FOR RELIEF

107.    In response to paragraph 290 of the Fifth-Party Complaint, Five Star repeats and realleges its answers to the allegations contained in paragraphs 1 through 289 herein as if fully set forth herein.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 291 of the Fifth-Party Complaint.

### AS AND FOR A FIRST DEFENSE

109.    Fifth-Party Plaintiff's claims against Five Star are barred for failure to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

110.    Fifth-Party Plaintiff's claims are barred in whole or in part by doctrines of waiver, estoppel or laches.

### AS AND FOR A THIRD DEFENSE

111.    This Court lacks jurisdiction over the claims asserted in the Fifth-Party Complaint.

### AS AND FOR A FOURTH DEFENSE

112.    Five Star has duly performed and completed all of the work required of it in accordance with its Contract with DASNY.

### AS AND FOR A FIFTH DEFENSE

113.    Fifth-Party Plaintiff's claims are barred, in whole or in part, due to its failure to mitigate its damages.

### AS AND FOR A SIXTH DEFENSE

114.    Fifth-Party Plaintiff did not properly, fully, and/or timely perform all of its contractual obligations in connection with the Project and is in default under the contract.

### AS AND FOR A SEVENTH DEFENSE

115.    Five Star Electric Corp. adopts any defense asserted by any other Fifth-Party Defendant not otherwise set forth herein, to the extent applicable.

## AS AND FOR A FIRST COUNTERCLAIM

1.      Fifth-Party Defendant Five Star Electric Corporation ("Five Star") is a New York corporation having its principal place of business at 101-32 101st Street, Ozone Park, New York 11416.

2.      Upon current information and belief, Fifth-Party Plaintiff Dormitory Authority of the State of New York ("DASNY"), is, and was at all relevant times, a public benefit corporation with the power to sue and be sued in its own name, having an office at 515 Broadway, Albany, New York 12207-2916.

3.      On or about March 14, 2003, DASNY and Five Star entered into a written contract, identified as Contract No. DA 94397/1380909999, to perform installation of security and telephone systems (the "Five Star Contract"), in which Five Star agreed to perform among other items certain low voltage electrical work and furnish and install certain specialized equipment, including Audio Visual, Telephone, Data, Fiber Optic and Security Cabling, in connection with the construction of the Bronx Criminal Courthouse Project, located in Bronx, New York (the "Project").

4.      The Contract was in the amount of $9,270,000.00.  The Contract's original and anticipated final completion date was July 31, 2005.

5.      The Contract was in all respects regular and was duly approved by all persons, officials and public bodies necessary to render same valid, binding and enforceable against DASNY, and the Contract was duly and fully funded.

6.      Five Star duly performed all of the terms and conditions of the Contract obligated to be performed by Five Star.

7.      The work required to be performed under the Contract was completed by Five Star and accepted by DASNY as being complete.

8.      By reason of additions to and deductions from the work required to be performed under the Contract, the Contract price was adjusted and fixed by DASNY at the sum of $11,294,012.

9.      Payments have been made by DASNY on account of said Contract in the sum of $10,298,092.62.

10.     By reason of the foregoing, there is due and owing to Five Star by DASNY the balance of the Contract monies in the sum of $995,919.38, no part of which has been paid although duly demanded.

## AS AND FOR A SECOND COUNTERCLAIM

11.     Five Star repeats and realleges each and every allegation set forth in paragraphs 1 through 10 of its First Counterclaim and hereby incorporates the same as part of this cause of action as if fully set forth at length herein.

12.     At the special request of DASNY, Five Star performed certain extra and additional work in addition to that set forth in and required by the Contract.

13.     Five Star performed and completed all of the extra and additional work requested by DASNY in connection with the Project.  The sum of $356,329.00 is the fair and reasonable value of the labor furnished and materials supplied by Five Star for performing the aforesaid extra and additional work.

19

14.     Five Star has requested DASNY to pay the sum of $356,329.00, for the extra and additional work performed by Five Star at DASNY's request, and DASNY has failed and refused to pay Five Star the sum requested, thereby breaching the Contract.

15.     By reason of the foregoing, there is due and owing to Five Star by DASNY the sum of $356,329.00, plus interest, no part of which has been paid by DASNY despite due demand by Five Star.

## AS AND FOR A THIRD COUNTERCLAIM

16.     Five Star repeats and realleges each and every allegation set forth in paragraphs 1 through 15 of its First and Second Counterclaims and hereby incorporates the same as part of this cause of action as if fully set forth at length herein.

17.     In addition to DASNY's breaches of contract set forth above, DASNY further breached the Contract by failing and refusing to make the Project site available, by failing and refusing to permit Five Star to continue with and timely proceed with its work, by failing to provide adequate and accurate plans and specifications, by failing to disclose conditions at the Project site of which it was aware prior to awarding the contract, by issuing numerous corrective redesigns and an excessive amount of change orders, by failing to properly coordinate and supervise the work of other trades, by failing to give appropriate extensions of time, by failing to make timely payments, by causing Five Star to accelerate its work and in a sequence that was not contemplated and otherwise committed fundamental breaches of the contract, caused unreasonable delay, acted in a deliberate, willful, and grossly negligent manner, and was guilty of misrepresentations and bad faith and as a result of all the foregoing disrupted, hampered, interfered with, impacted, delayed, retarded, and impeded Five Star's performance of the work

20

causing extra work and a minimum of sixteen (16) months delay to completion of Five Star's

work, none of which was contemplated or anticipated by Five Star at the time it entered into the

Contract.

18.     By reason of the foregoing, and other breaches of contract by DASNY, Five Star

has sustained damages that were not contemplated or anticipated by Five Star, resulting in

increased and additional costs and expenses totaling at least $3,145,199.25.

19.     DASNY has refused to pay Five Star the sum of $3,145,199.25 although duly

demanded to do so by Five Star.

20.     By reason of the foregoing breaches of contract by DASNY, Five Star has been

damaged by DASNY in the sum of $3,145,199.25, plus interest, no part of which has been paid

although duly demanded.

**AS AND FOR A CROSS-CLAIM AGAINST
A. WILLIAMS TRUCKING & BACKHOE TRENCHING, INC.,
ASPRO MECHANICAL CONTRACTORS, INC., BEAUBOIS
CANDADA, INC., BOVIS LEND LEASE LMB, INC., CNA SURETY
CORPORATION D/B/A/ AMERICAN CASUALTY COMPANY OF
READING, PA, ENCLOS CORPORATION, DIERKS HEATING
COMPANY, INC., FUTURE TECH CONSULTANTS OF NEW
YORK, INC., HERITAGE AIR SYSTEMS, INC., HUGH O'KANE
ELECTRIC CO., LLC, MATERIALS TESTING LAB, INC.,
PYRAMID FIRE PROTECTION, INC., RAFAEL VINOLY
ARCHITECTS P.C., SMI-OWEN STEEL COMPANY, INC.,
STONEWALL CONTRACTING CORPORATION, TRACTEL
LTD. SWINGSTAGE DIVISION, WILLIAM A. GROSS
CONSTRUCTION COMPANY, LLC, AMERICAN
MANUFACTURERS MUTUAL INSURANCE
COMPANY, AND CAULDWELL WINGATE COMPANY, LLC**

21.     Five Star repeats and realleges each and every allegation set forth in paragraphs 1 through 115 of its Answer and Defenses and in paragraphs 1 through 20 of its counterclaims, and hereby incorporates the same as part of this cause of action as if fully set forth at length herein.

22.     If DASNY recovers against Five Star, then Five Star will be entitled to be indemnified and to recover the full amount of any judgment from A. William Trucking & Backhoe Trenching, Inc., Aspro Mechanical Contractors, Inc., Beaubois Canada, Inc., CNA Surety Corporation d/b/a/ American Casualty Company of Reading, PA, Dierks Heating Company, Inc., Enclos Corporation, Future Tech Consultants of New York, Inc., Heritage Air Systems, Inc., Hugh O'Kane Electric Co., LLC, Materials Testing Lab, Inc., Pyramid Fire Protection, Inc., Rafael Vinoly Architects, P.C., Smi-Owen Steel Company, Inc., Stonewall Contracting Corporation, Tractel Ltd. Swingstage Division, William A. Gross Construction Associates, Inc., Cauldwell Wingate Company, LLC, Bovis Lend Lease LMB, Inc., and American Manufacturers Mutual Insurance Company, jointly and severally, plus its costs and expenses incurred in the defense of the action, based, *inter alia*, on common law and/or contractual indemnity principles.

## DEMAND FOR JURY TRIAL

23.     Five Star demands a trial by jury as to all issues above.

WHEREFORE, Five Star Electric Corp. hereby demands judgment as follows:

a.     dismissing the Fifth-Party Complaint in its entirety, with prejudice and with the costs, disbursements and expenses of this action, including attorneys' fees, allowed to Five Star;

b.     on its First Counterclaim, judgment against DASNY in the sum of $995,919.38, plus interest thereon;

22

      c.      on its Second Counterclaim, judgment against DASNY in the sum of $356,329.00 plus interest thereon;

      d.      on its Third Counterclaim, judgment against DASNY in the amount of $3,145,199.25, plus interest thereon;

      e.      on its Cross-Claim, judgment against A. William Trucking & Backhoe Trenching, Inc., Aspro Mechanical Contractors, Inc., Beaubois Canada, Inc., CNA Surety Corporation d/b/a/ American Casualty Company of Reading, PA, Dierks Heating Company, Inc., Enclos Corporation, Future Tech Consultants of New York, Inc., Heritage Air Systems, Inc., Hugh O'Kane Electric Co., LLC, Materials Testing Lab, Inc., Pyramid Fire Protection, Inc., Rafael Vinoly Architects, P.C., Smi-Owen Steel Company, Inc., Stonewall Contracting Corporation, Tractel Ltd. Swingstage Division, William A. Gross Construction Associates, Inc., Cauldwell Wingate Company, LLC, Bovis Lend Lease LMB, Inc., and American Manufacturers Mutual Insurance Company, jointly and severally, the for the amounts, if any, recovered by DASNY against Five Star plus Five Star's costs and expenses incurred in the defense of the action; and

      f.      an award of such other, further, and different relief as this Court may deem just and proper.

Dated:  New York, New York
      September 4, 2008

                        LEVIN & GLASSER, P.C.

                    By:   _____

                        Steven I. Levin (SIL- 0217)
                        Rosemary B. Boller (RB-6876)
                        420 Lexington Avenue, Suite 805
                        New York, New York 10170
                        (212) 867-3636
                        *Counsel for Five Star Electric Corp.*