UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

WILLIAM A. GROSS CONSTRUCTION,                    07-CV-10639 (LAK)(AJP)
INC.

                                   Plaintiff,

        -against-                                 Fifth Party Defendant
                                                  ADF South Carolina, Inc.
AMERICAN MANUFACTURERS MUTUAL                     Rule 26(a) Disclosure
INSURANCE COMPANY,

                                   Defendant.
-------------------------------------------------------------------x

        And successive actions
-------------------------------------------------------------------X


        Fifth Party Defendant, ADF South Carolina, Inc. ("ADF"), through counsel,

submits this Initial Disclosure to Fifth Party Plaintiff, the Dormitory Authority of the State of

New York ("DASNY"), pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

        I.      The name and, if known, the address and telephone number of each individual
                likely to have discoverable information that the disclosing party may use to
                support its claims or defenses, unless solely for impeachment, identifying the
                subjects of the information:

                A.      Persons Currently or Formerly Employed by DASNY including, but not
                        limited to:

                        James B. Hall
                        Ed Minahan
                        John DeMase
                        John Andrus
                        E. Bianchi
                        Paul LaJoy
                        Daniel Loparco
                        V. Osunfisan
                        H. Otero

                        ADF believes that all of these persons are or were employees of DASNY.
                        The address of DASNY is 515 Broadway, Albany, New York 12207-

2964.  The telephone number of DASNY is (518) 257-3000.  To the extent that the above referenced persons are no longer employed by DASNY, ADF believes that DASNY is likely to possess information regarding their last known address and other contact information.

ADF believes that these persons are likely to have discoverable information on one or more of the following subjects:

The agreements entered into by DASNY and ADF in connection with the Project; the agreements entered into by DASNY and the other entities involved with the Project; ADF's performance of work at the Project; the work performed by other contractors in connection with the Project; the conduct of DASNY in connection with the Project; the quality and completeness of contract documents; program changes; design revisions; the administration of the contract by DASNY and its consultants and representatives; DASNY's decision to replace Bovis with Hill in connection with the Project; analysis and studies regarding purported causes of delays on the Project; claims against DASNY for balance owed on the contract, delay, extra work, impacts and inefficiencies; and ADF's claims and defenses as set forth in ADF's responsive pleadings.

B.     Present or Former Employees of Bovis Lend Lease LMB, Inc. including, but not limited to:

James Abadie
Bob Benziger
Victor Cocucci
Brett Dahlia
Sean Gioffre
John Huvane
Mike Kelz
Ted Musho
Dennis Prude
Bernard Toscano
Michael Cain
Albert Ablorh
Joshua Kelly
Donald Beaston
Darryl Bridges
John McGillicuddy

ADF believes that all of these persons are or were employees of Bovis. The address of Bovis is 200 Park Avenue, New York, New York 10168. To the extent that the above referenced persons are no longer employed by Bovis, ADF believes that Bovis is likely to possess information regarding their last known address and other contact information.

2

ADF believes that these persons are likely to have discoverable information on one or more of the following subjects:

The agreements entered into by DASNY and ADF in connection with the Project; the agreements entered into by DASNY and Bovis and other entities involved with the Project; ADF's performance of work at the Project; Bovis' performance of work under its contract; the work performed by other contractors in connection with the Project; the conduct of DASNY in connection with the Project; the quality and completeness of contract documents; program changes; design revisions; the administration of the contract by DASNY and its consultants and representatives; the decision to terminate Bovis' involvement with the Project; claims against DASNY for balance owed on the contract, delay, extra work, impacts and inefficiencies; SMI's proposed substitutions of materials, particularly related to the monumental staircase and the impact of delays on the outdoor storage of fabricated materials; and ADF's claims and defenses as set forth in ADF's responsive pleadings.

C.    Persons Currently or Formerly Employed by Rafael Vinoly Architects PC including, but not limited to:

John Chu
Scott Hollas
Darin Norman

ADF believes that all of these persons are or were employees of RVA and/or the RVA/DMJM Joint Venture.  RVA is a defendant in this action and is represented by counsel.  To the extent that the above referenced persons are no longer employed by RVA, SMI believes that RVA is likely to possess information regarding their last known address and other contact information.

ADF believes that these persons are likely to have discoverable information on one or more of the following subjects:

The agreements entered into by DASNY and RVA and other entities involved with the Project; ADF's Performances of work at the Project; RVA's performance of work under its contract; the work performed by other contractors in connection with the Project; the conduct of DASNY in connection with the Project; the quality and completeness of contract documents; program changes; design revisions; the administration of the contract by DASNY and its consultants and representatives; the decision to terminate Bovis' involvement with the Project; claims by DASNY; claims against DASNY for balance owed on the contract, delay, extra work, impacts and inefficiencies; SMI's proposed substitutions of materials, particularly related to the monumental staircase and the impact of delays on the outdoor storage of fabricated materials; and ADF's claims and defenses as set forth in ADF's responsive pleadings.

D.   Persons Currently or Formerly Employed by Hill International, Inc. including, but not limited to:

Hosney Abdelgelil
Mike Bailey
James Grundhoffer
John Milano
Marc Zaretsky

ADF believes that all of these persons are or were employees of Hill. The address of Hill is One Penn Plaza, New York, New York 10119. The telephone number is (212) 244-3700. To the extent that the above referenced persons are no longer employed by Hill, ADF believes that Hill is likely to possess information regarding their last known address and other contact information.

ADF believes that these persons are likely to have discoverable information on one or more of the following topics:

The circumstances surrounding DASNY's decision to hire Hill to replace Bovis in connection with the Project; Hill's analysis of the Project status and problems upon Hill's commencement of work in connection with the Project; the work performed by other contractors in connection with the Project; the conduct of DASNY in connection with the Project; the quality and completeness of contract documents; program changes; design revisions; the administration of the contract by DASNY and its consultants and representatives; claims against DASNY for balance owed on the contract, delay, extra work, impacts and inefficiencies and ADF's claims and defenses as set forth in ADF's responsive pleadings.

E.   Persons Currently or Formerly Employed by A.J. McNulty & Company, Inc.

Bob Door
Gordon Lehman
Rob Weiss
Larry Weiss

ADF believes that all of these persons are or were employees of A.J. McNulty. The address of A.J. McNulty is 53-20 44th Street, Maspeth, N.Y. 11378. To the extent that the above referenced persons are no longer employed by A.J. McNulty, ADF believes that A.J. McNulty is likely to possess information regarding their last known address and other contact information.

4

ADF believes that these persons are likely to have discoverable information on one or more of the following topics:

The circumstances surrounding the hiring of A.J. McNulty in connection with the Project; A.J. McNulty's analysis of the Project status upon A.J. McNulty's commencement of work in connection with the Project; the quality and completeness of the work performed by ADF at the Project; the work performed by A.J. McNulty at the Project; the work performed by other contractors in connection with the Project; the conduct of DASNY in connection with the Project; the quality and completeness of contract documents; program changes; design revisions; the administration of the contract by DASNY and its consultants and representatives; claims against DASNY for balance owed on the contract, delay, extra work, impacts and inefficiencies and ADF's claims and defenses as set forth in ADF's responsive pleadings.

F.    Persons Currently or Formerly Employed by A. Williams Trucking & Backhoe Trenching, Inc. ("A. Williams").

Keith Williams
Dolly Williams

The address of A. Williams is 225 3rd Avenue, Brooklyn, N.Y. 11217, telephone 718-923-9600.

ADF believes that these persons are likely to have discoverable information on one or more of the following topics:

The agreements entered into by DASNY and A.Williams in connection with the Project; A.William's performance of the work under the contract; defects and deficiencies in the work of A.Williams at the Project; delays to the Project caused by A.Williams; the work performed by other contractors in connection with the Project; the conduct of DASNY in connection with the Project; the quality and completeness of contract documents; program changes; design revisions; the administration of the contract by DASNY and its consultants and representatives; analysis and studies regarding purported causes of delays on the Project; claims by DASNY; claims against DASNY for balance owed on the contract, delay, extra work, and impacts and inefficiencies.

G.    Persons Currently or Formerly Employed by CNA Surety Company ("CNA").

CNA is a defendant in this action, is represented by and can be contacted through counsel.

ADF believes that these persons are likely to have discoverable information on one or more of the following subjects:

Agreements by and between CAN, SMI and ADF in connection with the Project; the performance bond issued with respect to the Project; the circumstances surrounding the hiring of A.J. McNulty in connection with the Project; A.J. McNulty's analysis of the Project status upon A.J. McNulty's commencement of work in connection with the Project; ADF's performance of work at the Project; the work performed by A.J. McNulty at the Project; the work performed by other contractors in connection with the Project; the conduct of DASNY in connection with the Project; the quality and completeness of contract documents; program changes; design revisions; the administration of the contract by DASNY and its consultants and representatives; analysis and studies regarding purported causes of delays on the Project; claims by DASNY; claims against DASNY for balance owed on the contract, delay, extra work, impacts and inefficiencies; and ADF's claims and defenses as set forth in ADF's responsive pleadings.

H.    Persons Currently or Formerly Employed by ADF South Carolina Inc. ("ADF").

Randall A. Hrechko
Louis Potvin
Pierre Paschini

ADF is a defendant in this action, is represented by and can be contacted through undersigned counsel.

ADF believes that these persons are likely to have discoverable information on one or more of the following subjects:

Agreements by and between DASNY and ADF in connection with the Project; ADF's performance of work at the Project; SMI's performance of work at the Project; work performed by other contractors in connection with the Project; the conduct of DASNY in connection with the Project; the quality and completeness of contract documents; program changes; design revisions; the administration of the contract by DASNY and its consultants and representatives; claims by DASNY; claims against DASNY for balance owed on the contract, delay, extra work, impacts and inefficiencies; SMI's proposed substitutions of materials, particularly related to the monumental staircase and the impact of delays on the outdoor storage of fabricated materials; and ADF's claims and defenses as set forth in ADF's responsive pleadings..

I.    Persons Currently or Formerly Employed by SMI including, but not limited to:

Randall A. Hrechko
Kevin Wall

6

Lil Bridgeman
Sue Dease
Karl Scheinleber

SMI is a defendant in this action, is represented by and can be contacted through undersigned counsel.

ADF believes that these persons are likely to have discoverable information on one or more of the following subjects:

Formation and evolution of agreements and contracts between SMI and DASNY and amendments and modifications thereto including the release of SMI by DASNY from liabilities and obligations related to the Project; agreements by and between DASNY and ADF in connection with the Project; agreements by and between CNA and ADF in connection with the Project; agreements entered into by DASNY and the other entities involved with the Project; ADF's performance of the work under the contract; the work performed by other contractors in connection with the Project; the conduct of DASNY in connection with the Project; the quality and completeness of contract documents; program changes; design revisions; the administration of the contract by DASNY and its consultants and representatives; claims by DASNY; claims against DASNY for balance owed on the contract, delay, extra work, impacts and inefficiencies; SMI's proposed substitutions of materials, particularly related to the monumental staircase and the impact of delays on the outdoor storage of fabricated materials; and ADF's claims and defenses as set forth in ADF's responsive pleadings.

J.     Persons Currently or Formerly Employed by Hillside Iron Works including, but not limited to:

Len Greenhall

ADF believes that these persons are or were employees of Hillside Iron Works. The address of Hillside is 3 Schoolhouse Lane, Waterford, N.Y. 12188. The telephone number of Hillside is (518) 257-3000. To the extent that the above referenced persons are no longer employed by Hillside, ADF believes that Hillside is likely to possess information regarding their last known address and other contact information.

ADF believes that these persons are likely to have discoverable information on one or more of the following subjects:

ADF's performance of work at the Project; installation of the monumental staircase; the work performed by other contractors in connection with the Project; the conduct of DASNY in connection with the Project; the quality and completeness of contract documents; program changes; design revisions; the administration of the contract by DASNY and its consultants

and representatives; causes of delays on the Project; claims against DASNY for balance owed on the contract, delay, extra work, impacts and inefficiencies; and ADF's claims and defenses as set forth in ADF's responsive pleadings.

K.   Persons Currently or Formerly Employed by WSP Cantor Seinuk including, but not limited to:

Allen Thompson, P.E.

ADF believes that these persons are or were employees of Cantor Seinuk. The address of Cantor Seinuk is 228 E. 45th Street, New York, N.Y. 10017. The telephone number of Cantor Seinuk is (212) 687-9888. To the extent that the above referenced persons are no longer employed by Cantor Seinuk, ADF believes that Cantor Seinuk is likely to possess information regarding their last known address and other contact information.

ADF believes that these persons are likely to have discoverable information on one or more of the following subjects:

Structural design of the Project; ADF's performance of work at the Project; the work performed by other contractors in connection with the Project; the conduct of DASNY in connection with the Project; the quality and completeness of contract documents; program changes; design revisions; the administration of the contract by DASNY and its consultants and representatives; DASNY's decision to replace Bovis with Hill in connection with the Project; analysis and studies regarding purported causes of delays on the Project; claims of DASNY; claims against DASNY for balance owed on the contract, delay, extra work, impacts and inefficiencies; and ADF's claims and defenses as set forth in ADF's responsive pleadings.

L.   Persons Currently or Formerly Employed by Cauldwell-Wingate Co., LLC including, but not limited to:

Cliff Aikens
Paul DeSimone
John Eschenmiller
Alan Haines
Chris Hargrove
Susan L. Hayes
Steve Jureller
Abraham LaFleur
John Moore
Patrick O'Connell
Christopher Shaw

SMI believes that these persons are or were employees of Cauldwell-Wingate. The address of Cauldwell-Wingate is 380 Lexington Ave., New York, N.Y. 10168. The telephone number of Cauldwell-Wingate is (212) 983-7150. To the extent that the above referenced persons are no longer employed by Cantor Seinuk, SMI believes that Cantor Seinuk is likely to possess information regarding their last known address and other contact information.

SMI believes that these persons are likely to have discoverable information on one or more of the following subjects:

Cauldwell-Wingate's performance of work at the Project; knowledge of welding work performed at the Project including the canopy and monumental staircase; the work performed by other contractors in connection with the Project; the conduct of DASNY in connection with the Project; the quality and completeness of contract documents; program changes; design revisions; the administration of the contract by DASNY and its consultants and representatives; claims against DASNY for balance owed on the contract, delay, extra work, impacts and inefficiencies and delays on the Project.

M.   Persons Currently or Formerly Employed by UAD, a subcontractor to Cauldwell-Wingate Co. LLC.

The address of UAD is unknown.

SMI believes that these persons are likely to have discoverable information on one or more of the following subjects:

UAD's and Cauldwell-Wingate's performance of work at the Project; knowledge of welding work performed at the Project including the canopy and monumental staircase; the work performed by other contractors in connection with the Project; the conduct of DASNY in connection with the Project; the quality and completeness of contract documents; program changes; design revisions; the administration of the contract by DASNY and its consultants and representatives; claims against DASNY for balance owed on the contract, delay, extra work, impacts and inefficiencies and delays on the Project.

II.   A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

To support their defenses and/or claims in this action, ADF may use one or more of the following categories of documents. In listing these materials, ADF makes no representation that any one or more of these categories of documents is in the possession, custody, or control of ADF. Additionally, ADF includes any

document or category of documents identified or disclosed by another party in this litigation. ADF anticipates that it will rely on the following documents relating to the Project: contracts, subcontracts, takeover agreements, completion agreements, project documents, project drawings, plans and specifications, change orders, requests for information, punch lists, project and job minutes, daily reports, payment requisitions, financial information, progress schedules, payroll records, invoices, correspondence including emails.

To the extent that any of the documents described above are in the possession, custody or control of ADF, ADF will make such documents available for inspection and copying, subject to and consistent with the terms of protective orders entered by the Court in September 2008.

In addition, subject to and in accordance with the protective orders and the parties' agreement with respect to a protocol for the inspection of electronic data, ADF will make available certain documents in electronic form that ADF may use to support its claims or defenses.

III.     A computation of each category of damages claimed by the disclosing party, making available for inspection and copying pursuant to Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

None at this time.

IV.     For inspection and copying pursuant to Rule 34 any insurance agreement under which an insurance business may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

None applicable to the claims asserted against SMI.

Additionally, ADF includes any witnesses disclosed or identified by the other parties to this litigation. ADF reserves the right to supplement, amend, and/or modify this disclosure pursuant to FRCP 26(a)(1) as necessary or warranted to insure its accuracy and completeness.

10

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of December, 2008, a true copy of the foregoing Rule 26(a) Initial Disclosure was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon all counsel of record.

Respectfully submitted,

SIEGFRIED, RIVERA, LERNER,
DE LA TORRE & SOBEL, P.A.
**Attorneys for ADF SOUTH CAROLINA, INC.**
201 Alhambra Circle
Suite 1102
Coral Gables, Florida 33134-5108
305-442-3334
Fax: 305- 443-3292

By: /s/Stuart Sobel
Stuart H. Sobel, Esq. (*admitted pro hac vice*)
Email:  ssobel@siegfriedlaw.com
Florida Bar No.:  262382
H. Hugh McConnell, Esq.(*admitted pro hac vice*)
Email: tmcconnell@siegfriedlaw.com
Florida Bar No.: 216828