UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WILLIAM A. GROSS CONSTRUCTION               :
ASSOCIATES, INC.,
                                            :
                        Plaintiff,                                   07 Civ. 10639 (LAK) (AJP)
                                            :
            -against-                                                **OPINION AND ORDER**
                                            :

AMERICAN MANUFACTURERS MUTUAL               :
INSURANCE COMPANY,
                                            :
                        Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _3/5/09_

**ANDREW J. PECK, United States Magistrate Judge:**

        The background to this litigation is set forth in William A. Gross Constr. Assocs., Inc.

v. American Mfrs. Mut. Ins. Co., 07 Civ.10639, 2009 WL 427280 (S.D.N.Y. Feb. 23, 2009) (Peck,

M.J.), familiarity with which is assumed.

        Fourth-party defendant/fifth-party plaintiff Dormitory Authority of the State of New

York ("DASNY"), brought a supplemental action against, among others, fifth-party defendants SMI-

Owen Steel Co. ("SMI") and ADF South Carolina, Inc., contractors who "agreed to perform certain

structural steel work" for DASNY in connection with construction of the Bronx Criminal Court

Complex.  (Dkt. No. 171: DASNY Am. 5th Party Compl. ¶¶ 18, 22, 52, 58).  Fifth-party

defendants/sixth-party plaintiffs Rafael Vinoly Architects ("RVA") brought a supplemental action

against, among others, sixth-party defendant Leonard J. Strandberg & Associates ("Strandberg"), an

engineering firm "engaged by [RVA] to provide professional and other services in connection with"

the design and construction of the Bronx Criminal Court Complex. (Dkt. No. 301: RVA Am. 6th Party Compl. ¶¶ 1-2, 51-61.)

DASNY alleges that SMI (1) "failed to complete its work in a timely manner, despite time extension agreed to by DASNY," (2) "failed to adequately coordinate with other contractors," (3) "failed to provide sufficient manpower to erect the steel skeleton of the buildings, which delayed completion of that phase of the Project," and (4) "failed to perform in a workmanlike manner, as evidenced, inter alia, by its deficient job in welding the monumental staircase installed in the Courthouse." (DASNY Am. 5th Party Compl. ¶¶ 53-56.) On May 10, 2002, SMI "executed an assignment" of the DASNY-SMI contract to ADF, and "ADF agreed to comply with all terms and conditions" of the DASNY-SMI contract. (DASNY Am. 5th Party Compl. ¶ 58.) DASNY seeks "additional costs" and liquidated damages due to SMI's and ADF's contract breach, and "demands judgment in the same amount against [SMI and] ADF, together with the costs and disbursements . . . to the extent such damages were caused by" SMI's and ADF's "acts and omissions." (DASNY Am. 5th Party Compl. ¶¶ 221, 226, 228, 304, 309, 311.) DASNY asserts three causes of action against SMI (twenty-sixth through twenty-ninth) and three causes of action against ADF (forth-seventh through forty-ninth). (DASNY Am. 5th Party Compl. at pp. 36-39, 49-51.) On February 24, 2009, DASNY agreed, by stipulation, to withdraw all claims against SMI. (See Dkt. No. 405: 2/24/09 Stip. & Order.) Cross-claims by fifth party defendants against SMI, however, remain. (2/24/09 Stip. & Order at 8.)

Fifth-party defendant American Casualty Co. of Reading, PA brought cross-claims against, inter alia, SMI and ADF, seeking contribution and indemnification for any injuries and/or

damages SMI and ADF caused DASNY for which American Casualty is held liable. (Dkt. No. 333: American Casualty Am. Answer ¶¶ 363-67.)

RVA alleges that "Strandberg agreed to provide a portion of the services pursuant to which DASNY and/or other parties to this litigation seek to recover damages from RVA," and claims that "[i]f Fifth-Party Plaintiff DASNY or other parties to this litigation sustained damages as alleged, . . . such damages were caused, in whole or in part, by the failure of Strandberg to provide professional services in accordance with its contractual obligations, including providing services in accordance with generally accepted professional standards." (RVA Am. 6th Party Compl. ¶¶ 54-55.) In the event DASNY recovers against RVA, RVA seeks damages from "Strandberg for its breach," "contractual indemnification and indemnification implied in law" for Strandberg's "careless, reckless or negligent acts," and "contribution and indemnification on the basis of apportionment of responsibility for the alleged occurrence." (RVA Am. 6th Party Compl. ¶¶ 57, 59, 61.)

Presently before the Court are three motions to dismiss. The first motion is SMI/ADF's motion to dismiss DASNY's fifth-party complaint indemnification claims against them, i.e., the twenty-ninth and forty-ninth causes of action. (Dkt. No. 321: SMI/ADF Notice of Motion re DASNY.) As noted above, DASNY has already dismissed the twenty-ninth cause of action against SMI, mooting that part of the current SMI/ADF motion. ADF argues for dismissal of DASNY's indemnification claim on the ground that the DASNY-SMI/ADF contract "upon which DASNY's claims for indemnity are based, establish that DASNY is immune from liability to one contractor for damages caused by another contractor and, therefore, that there is no basis for a claim for indemnification by DASNY." (Dkt. No. 323: SMI/ADF Br. re DASNY at 3.)

H:\OPIN\NGWA

SMI/ADF's second motion is a motion to dismiss the cross-claims against them asserted in American Casualty's Amended Answer to DASNY's fifth-party complaint. (Dkt. No. 375: SMI/ADF Notice of Motion re Am. Cas.)  In its opposition brief, American Casualty states that it was "not opposing [ADF's] motion for judgment on the pleadings dismissing American's Cross-Claims." (Dkt. No. 389: American Casualty Opp. Br. at 2 n.1.)  ADF's motion for judgment on the pleadings as to ADF, therefore, is granted; American Casualty's cross-claim as to ADF is dismissed. SMI argues that "American Casualty is precluded from bringing its [cross-]claims against SMI, because the bonds furnished by American Casualty for the Bronx Criminal Courthouse project were issued on behalf of ADF[] after DASNY had already released SMI from any liability.  That release of SMI was incorporated into the bonds."  (Dkt. No. 376: SMI/ADF Br. re Am. Cas. at 1.)

The third motion is Strandberg's motion (Dkt. No. 339: Strandberg Notice of Motion) to dismiss RVA's sixth-party complaint on the grounds that:  (1) "no breach of contract claim can be maintained against Strandberg" because "Strandberg and RVA did not reach any agreement until in or around September 2004 for [design] services related to" the Bronx Criminal Court Complex, and the "construction work related to the design services . . . has not yet been sent to bid, let alone performed." (Dkt. No. 346: Strandberg Br. at 3-4; Dkt. No. 347: Feuerth Aff. Ex. A: Larson Aff. ¶ 3; see also id. ¶¶ 2-3, 7, 9), and (2) "no negligence claim can be maintained against Strandberg" because "Strandberg performed no services on the Project prior to September 2004" and because RVA does not allege that Strandberg violated any duties owed to RVA independent of the alleged contract breach (Strandberg Br. at 5, 7-8).

5

None of these motions would result in the complete dismissal of the movant. SMI/ADF do not seek to dismiss DASNY's contractual (non-indemnity based) claims against ADF (see DASNY Am. 5th Party Compl., Claims 47-48), and do not seek dismissal of any of the indemnification/contribution cross-claims asserted against them by the other fifth-party defendants, such as Bovis Lend Lease LMB, Inc. (See Dkt. No. 216: Bovis Answer to DASNY Am. Compl. ¶¶ 163-68; see also Dkt. No. 414: ADF Reply Br. at 8: "ADF agrees that its motion is not addressed to cross-claims filed by Bovis against ADF.")[1]  In addition, Strandberg does not seek dismissal of any of the contractual or indemnification/contribution cross-claims asserted against it by other sixth-party defendants, such as Yisrael A. Seinuk, P.C. ("YAS").  (See Dkt. No. 329: YAS Answer to RVA Am. 6th Party Compl. at pp. 28-31.)[2]

Accordingly, even if SMI, ADF and Strandberg succeeded on the merits of their motions to dismiss, ADF still will need to defend against DASNY's contractual causes of action, and ADF, SMI and Strandberg still will need to defend against the other fifth-party and sixth-party defendants' cross-claims.  The issues in this case remain who, as among DASNY and the various

---

[1]    Other fifth-party defendants, in addition to Bovis, have asserted cross-claims against SMI/ADF.  (See, e.g., Dkt. No. 267: Aspro Mechanical Contracting, Inc. Am. Answer to Am. 5th Party Compl. ¶¶ 168-69; Dkt. No. 207: Heritage Mechanical Services, Inc. Answer to Am. 5th Party Compl. ¶¶ 43-49.)

[2]    Other sixth-party defendants, in addition to YAS, have asserted cross-claims against Strandberg.  (See, e.g., Dkt. No. 322: Signe Nielsen Landscape Architects Answer to RVA Am. 6th Party Compl. ¶¶ 90-96; Dkt. No. 325: Mueser Rutledge Consulting Engineers Answer to RVA Am. 6th Party Compl. ¶¶ 90-96; Dkt. No. 361: Robert Schwartz & Associates Answer to RVA Am. 6th Party Compl. p. 29; Dkt. No. 386: Flack & Kurtz, Inc. Answer to RVA Am. 6th Party Compl.¶¶ 156-60; Dkt. No. 388: VDA LLC Answer to RVA Am. 6th Party Compl. ¶¶ 156-60.)

H:\OPIN\NGWA

contractors and sub-contractors, is liable for any defects or delay in construction of the Bronx Criminal Court Complex. Because DASNY'S indemnification claim against ADF, American Casualty's cross-claims against SMI, and RVA's claims against Strandberg do not expand the scope of discovery, it makes sense to let these claims proceed at this stage and revisit them after discovery via a summary judgment motion. See Kermanshah v. Kermanshah, 580 F. Supp. 2d 247, 268 (S.D.N.Y. 2008) (Peck, M.J.) (denying defendants' motion to dismiss plaintiff's fraud claim because it would not expand the scope of discovery where a surviving breach of contract claim substantially tracked the fraud claim); Brown v. DeFrank, 06 Civ. 2355, 2006 WL 3313821 at *28 (S.D.N.Y. Nov. 15, 2006) (Peck, M.J.) (denying defendant's motion to dismiss claims where decision on the motion would not affect scope of discovery); New Eng. Cent. R.R. v. Springfield Terminal Ry. Co., 415 F. Supp. 2d 20, 27 n.5 (D. Mass. 2006) ("It is significant that denial of this partial motion to dismiss Plaintiff's state law claims will not increase the discovery burden because Plaintiff's federal claims rely on the same set of underlying facts."); Doe v. Goord, 04 Civ. 0570, 2004 2829876 at *7 n.13 (S.D.N.Y. Dec. 10, 2004) (Peck, M.J.); Am. Rock Salt Co. v. Norfolk S. Corp., 180 F. Supp. 2d 420, 426 (W.D.N.Y. 2001) (denying defendants' motion to dismiss a second cause of action that was "based upon the same set of facts" as a surviving breach of contract claim where "permitting [the second] claim to go forward should not appreciably expand the scope of discovery needed in this case" and thus would not "prejudice . . . defendants"); Metallia U.S.A. LLC, v. Stulpinas, 98 Civ. 3497, 1998 WL 1039103 at *2 n.3 (S.D.N.Y. Dec. 16, 1998) (Peck, M.J.) (citing cases); LaSalle Nat'l Bank v. Duff & Phelps Credit Rating Co., 951 F. Supp. 1071, 1095 (S.D.N.Y. 1996) (Knapp, D.J. & Peck, M.J.).

## CONCLUSION

Fifth party defendants SMI/ADF's motion to dismiss DASNY's indemnification claims (Dkt. No. 321) is DENIED without prejudice as to ADF and moot as to SMI due to DASNY's prior dismissal of all of its claims against SMI. SMI/ADF's motion to dismiss American Casualty's cross-claims (Dkt. No. 375) is granted on consent as to ADF and DENIED without prejudice as to SMI. Strandberg's motion to dismiss RVA's sixth-party complaint (Dkt. No. 339) is DENIED without prejudice. After the completion of discovery, SMI, ADF and Strandberg can renew their motions as summary judgment motions.

SO ORDERED.

## FILING OF OBJECTIONS TO THIS OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Opinion and Order to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan, 500 Pearl Street, Room 1310, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Kaplan (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d

H:\OPIN\NGWA

8

Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).


Dated:          New York, New York
                March 5, 2009


                                          Andrew J. Peck
                                          United States Magistrate Judge


Copies by ECF to:     All Counsel
                      Judge Lewis A. Kaplan


H:\OPIN\NGWA