UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
WILLIAM A. GROSS CONSTRUCTION ASSOCIATES, INC.,

                       Plaintiff,

                       -against-                                             07 Civ. 10639 (LAK)

AMERICAN MANUFACTURERS MUTUAL INSURANCE CO.,

                       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        DASNY and Bovis Lend Lease LMG, Inc. ("Bovis"), object to the report and recommendation of Magistrate Judge Andrew J. Peck, which recommended that I deny their motions to dismiss for lack of subject matter jurisdiction.

        The only point meriting brief discussion is DASNY's contention that the action should be dismissed under 28 U.S.C. § 1359 or, at least, deferred pending further discovery, because there is some evidence that the plaintiff, in consultation with the defendant and/or Cauldwell, sued only defendant because it wanted to invoke diversity jurisdiction that would not have existed had it sued Cauldwell as well. It now relies for this proposition on a case it never cited to Judge Peck, *Gilbert v. Wills,* 834 F.2d 935 (11th Cir. 1987).

        Judge Peck was well aware of the evidence upon which DASNY relies, albeit not the *Gilbert* case. He read Section 1359 as divesting federal courts of jurisdiction only where a party has used an assignment to manufacture diversity jurisdiction. R&R 15 n.12. But he rested his recommendation on the proposition that "DASNY presents no evidence of 28 U.S.C. § 1359-style collusion, and any argument that Gross selectively asserted claims against American, and not Cauldwell, in order to invoke diversity jurisdiction, turns on whether or not Cauldwell is a Rule 19 indispensable party."

        DASNY notes that Section 1359 applies to certain collusive arrangements to invoke jurisdiction "by assignment or otherwise" and contends that an agreement by plaintiff to abstain from joining Cauldwell, assuming it were proven, would fall within the statute even in the absence of an assignment. But it ignores the rest of the statute.

        Section 1359 provides:

                "A district court shall not have jurisdiction of a civil action in which any party,

by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

Even if one were to assume that the statute reaches beyond formal assignments, the statute, read as a whole, requires that any device at issue have resulted in a party having been "made or joined to invoke the jurisdiction of such court." DASNY, however, argues not that any party was "made or joined" as a result of the alleged collusion, but that plaintiff abstained from joining Cauldwell. Thus, the situation in this case does not fall within the literal terms of the statute, even giving DASNY the benefit of the doubt as to its scope.

Nor does *Gilbert* get DASNY where it wishes to go. That was a wrongful death case in which the cause of action was vested by statute jointly in the surviving spouse and children. The surviving spouse, a Florida citizen, sued the Georgia defendant, but did not join the surviving children, all of whom were Georgia citizens who could not have been joined without destroying diversity. The children elected not to intervene, as they were entitled to do under the Georgia wrongful death statute. The statutory consequence of their failure to intervene was a waiver of their right to share in any recovery. "The district court found, however, and the plaintiff does not dispute, that the surviving members of the . . . family - [the surviving spouse] and his children - ha[d] a private agreement that they w[ould] share any recovery notwithstanding [the spouse]'s apparent right under the statute to assert a waiver of the children's interest by virtue of their non-intervention in the case." 834 F.2d at 936. It was on that basis that the Eleventh Circuit held that the action properly had been dismissed under Section 1359. In other words, it viewed the private sharing agreement as involving in substance an assignment by the father of part of any recovery he might secure in order to forestall the intervention of the children that would have destroyed diversity.

Whether *Gilbert* was correct in concluding that an agreement that a party would abstain from intervening, and thus destroy diversity, falls within the statute is debatable. But even if it was correct, the case would have no bearing here. DASNY has not even alleged, let alone proven, that in this case there was anything comparable to the sharing agreement or quasi-assignment among the *Gilbert* spouse and the children.

I have considered all of the other objections and found all to lack merit.

Accordingly, the objections to the report and recommendation are overruled. The motions of DASNY and Bovis to dismiss the complaint [docket items 34, 118] are denied in all respects.

SO ORDERED.

Dated:       March 18, 2009

_____
Lewis A. Kaplan
United States District Judge